**FILED**
**OCT 17 2007**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT J. HICKEY                     )
5601 LAMBETH ROAD                    )
BETHESDA, MARYLAND 20814             )
202-659-0536                         )
              Plaintiff

Case: 1:07-cv-01866
Assigned To : Bates, John D.
Assign. Date : 10/17/2007
Description: Contract

      v.

CHARLENE SCOTT                       )
324 SHEPHERD STREET                  )
WASHINGTON, DC 20011                 )
202-291-0518                         )
             Defendant         )

**VERIFIED COMPLAINT**

**JURISDICTION**

1. Jurisdiction is founded on diversity of citizenship under 28 USC 1332.

2. Plaintiff is a citizen of Maryland, residing at 5601 Lambeth Road, Bethesda, Maryland 20814 and doing business as Law Offices of Robert J. Hickey, 1050 17th Street NW, Suite 700, Washington, DC 20036 and Defendant is a citizen of the District of Columbia, residing at 324 Shepherd Street, Washington, DC 20011.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum of seventy five thousand dollars.

**COUNT I--BREACH OF CONTRACT**

4. On November 14, 1997, Plaintiff and Defendant entered into an Agreement (Attachment A) under which Plaintiff was to provide legal services to Defendant in regard to her sexual harassment dispute with the United States Department of Energy.

5. Under paragraph 3 of the Agreement, Defendant was to pay Plaintiff $225 per hour for time worked.

1

6. Under paragraph 6, Plaintiff rendered to Defendant a short summary statement containing only the hours worked and fees spent along with a summary of disbursements spent during the month.

7. Under paragraph 7, Defendant was required to pay a late interest charge of 8% for payments of the invoice charges made after 15 days from the date of the invoice was sent to Defendant.

8. Under paragraph 9, any dispute by Defendant regarding the amount of the invoice statement or procedures for the handling of the case had to be made in writing by Defendant "within 30 days of rendering the statement or the existence of a litigation problems or be waived." The 30-day period for written protest and waiver was in the Agreement during the entire period and was never revised or cancelled by Plaintiff.

9. Under paragraph 8, if Plaintiff had to enforce the Agreement in Court, Defendant consented to pay Plaintiff all legal costs including attorney fees.

10. During the period November 14, 1997 to September 30, 2005, Plaintiff billed Defendant $186,295.86 for fees and disbursements in providing legal services to her. During that time Defendant paid Plaintiff only $16,200 and no interest for late payments.

11. Defendant during this period never disputed any bill within the 30-day period in writing and thereby waived any and all objections to any invoice.

12. On March 20, 2005 Defendant terminated the representation of her by Plaintiff without cause and without payment of the outstanding fees, disbursements and interest charges

13. As a result of Defendant's breach of the Agreement, Plaintiff is owed $170,095.86 for service rendered and unpaid contractual interest which continues to accrue.

14. **WHEREFORE,** Plaintiff requests the following relief:

    A. A judgment against the Defendant in the sum of $170,095.56 for unpaid fees and

disbursements plus contractual interest at 8% from November 14, 1997 until date of payment in full of all legal fees disbursements and outstanding interest, pursuant to paragraph 9 of the Agreement.

B. An award of all legal costs, including all legal fees involved in enforcement of Plaintiff's contract against Defendant.

C. Such other relief to which Plaintiff may be entitled.

## COUNT II—CONSTRUCTIVE TRUST

15. This paragraph incorporates paragraphs 1-14, supra.

16. As part of his seeking relief on behalf of Defendant, Plaintiff had filed a Complaint with the EEOC under Title VII of the Civil Rights Act, 42 USC 2000 et seq., against the United States Department of Energy.

17. On September 30, 2005, the EEOC Administrative Judge assigned to the Complaint found that Defendant had been discriminated against and ordered in part that the Department of Energy pay Defendant for her attorney fees and costs incurred in the case by her attorney, Plaintiff, as permitted by the EEOC regulations after Plaintiff submitted his Petition for Fees.

18. As a result thereof, Plaintiff on October 6, 2005, filed his Petition for Fees. The Petition reflected only services by Plaintiff. Defendant performed no services herself included in the Petition.

19. By its Decision dated August 23, 2006, the EEOC Administrative Judge ordered the Department of Energy to pay Defendant $139,338.27. This was affirmed by the EEOC on Appeal on April 24, 2007. However, because Plaintiff was no longer representing Defendant and no Appeal had been filed by Defendant, he was not allowed participate in the Appeal by the Department of Energy.

20. On or about June 20, 2007, the Department of Energy made the payment to Defendant of the full $139,338.27. Plaintiff was not informed of this at the time by the Defendant but later learned of this on or about July 14, 2007 from Isaiah Smith of the Department of Energy. Defendant confirmed the receipt of this money on July 17, 2007 who stated she had placed the money in an escrow account but gave no further details of the account.

21. In her letter of July 17, 2007, Defendant stated that she would release only $123,138.27 to Plaintiff and only in full consideration of the legal services he provided. Defendant repeated this in her letter to Plaintiff dated July 27, 2007, August 27, 2007 and September 10, 2007.

22. As stated in Count I, Plaintiff is entitled to $170,045.86 plus contractual interest. The $139,338,27 held in escrow for work done by Plaintiff is less than the amount owed Plaintiff and should be used to reduce the amount Defendant owes Plaintiff.

23. Despite repeated requests by Plaintiff, Defendant has refused and failed to convey the $139,338.27 from the escrow account to Plaintiff.

24. Defendant has obtained property which does not belong to her and cannot be allowed to withhold the property from Plaintiff to which he is beneficially entitled. To allow this to continue would constitute an unjust enrichment to the Defendant.

25. The money in Defendant's escrow account should be considered as being held in a constructive trust to which Defendant is the Constructive Trustee and Plaintiff the Trustee Beneficiary.

26. **WHEREFORE**, Plaintiff requests the Court to Order the following relief:

    A. Declare that Plaintiff is entitled to a beneficial interest in all money held by Defendant in escrow including all interest earned thereon.

    B. Declare that Defendant holds legal title to the escrow property in Trust for use by and benefit of Plaintiff.

C. Direct that Defendant convey full and legal Title to the escrow property to Plaintiff.

D. Order that Defendant make an accounting of monies held in escrow.

E. Order that Defendant pay to Plaintiff all money and interest received on the escrow account.

F. Direct that Defendant pay Plaintiff all legal costs, including attorney fees, in regard to the establishment and enforcement of the constructive trust.

G. Order that Plaintiff be given any and all such further relief to which he is entitled.

Respectfully submitted,

/S/ *Robert J. Hickey*

Robert J. Hickey, Bar No. 42341
Law Office of Robert J. Hickey
Pro Se Plaintiff
1050 17th Street NW, Suite 700
Washington, DC 20036
202.659-0536 (office)
202.659.0537 (fax)

# VERIFICATION

I, Robert J. Hickey, hereby verify under penalty of perjury that the allegations in the above Verified Complaint are true and correct. Executed this day of October __16__, 2007.

/S/ *Robert J. Hickey*

Robert J. Hickey

Subscribed and sworn before me on this __16th__ day of __Oct.__, 2007

*[Notary seal]*

*[Signature]*

Notary Public

KENNETH V. CUMMINS
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires October 14, 2009

**AGREEMENT**

THIS AGREEMENT is entered into the 14th day of November, 1997 between ROBERT JOHN HICKEY, Washington, D.C., hereinafter "MR. HICKEY" and MS. CHARLENE E. SCOTT, 324 Shepherd St., N.W., Washington, DC 20011, hereinafter "MS. SCOTT."

1. MR. HICKEY agrees to represent MS. SCOTT in all matters arising out of her dispute with the Department of Energy. Representation begins on November 19, 1997.

2. It is understood that either MR. HICKEY or MS. SCOTT may at anytime withdraw from the representation upon reasonable notice to the other.

3. It is understood that the principal attorney in this matter is MR. HICKEY who will charge two hundred twenty-five dollars ($225.) per hour. Any other affiliated attorneys or paralegals used by MR. HICKEY will charge their normal customary rate(s) for time worked on matters relating to this AGREEMENT.

4. It is understood that MR. HICKEY may retain outside non-affiliated attorney(s) upon consultation and agreement with MS. SCOTT as he sees fit to pursue these matters and that MS. SCOTT will pay such attorney(s) as agreed to between MS. SCOTT and the attorney(s).

5. MS. SCOTT agrees to pay MR. HICKEY all legal fees and disbursements related to pursuing these matters. It is understood that MS. SCOTT will pay to MR. HICKEY upon signing the Agreement a retainer of $750 as partial payment for work to be done in November 1997. Where the November retainer or other monthly payment does not meet the fees and disbursements for that month, MS. SCOTT will make up the difference within 15 days of the date of the statement from MR. HICKEY showing that the difference (reconciliation amount) exists and the amount. Any portion of the retainer over fees, disbursements, and interest, will be paid to MS. SCOTT at the end of the representation. MR. HICKEY will have unilateral authority to request MS. SCOTT to pay expenses directly or to advance payment before an expense is incurred.

6. MR. HICKEY will render a short summary statement of fees and disbursements for each month containing only the hours and fees spent on these matters along with a summary of disbursements spent during that month along with a reconciliation amount, covered in paragraph 5 (reconciliation amount), where applicable. Any change in this description must be mutually agreed to in writing in advance of any work performed.

7. Payment of the monthly charges made after the 15th day from the date of the invoice will be subject to an interest charge of eight percent (8%) or a daily charge of .0002191 until paid in full with interest.

07 1866

FILED
OCT 17 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ATTACHMENT

8. If a monetary recovery is obtained for MS. SCOTT and there are outstanding amounts (fees, disbursements, or interest) due, then MS. SCOTT consents to a lien being placed on the recovery to cover the amounts due MR. HICKEY. Nothing herein shall constitute a waiver by either party to seek attorney fees in excess of the amount in paragraph 5 from the Department of Energy and those acting with it, under any statute or common law permitting such fees. If attorney's fees are awarded by a Court or in settlement in an amount less than billed by MR. HICKEY, MS. SCOTT will pay MR. HICKEY the difference.

9. Any dispute by MS. SCOTT regarding the amount of the monthly statement or procedure for handling the case must be made in writing within 30 days of rendering the statement or the existence of a litigation problem or be waived. If MR. HICKEY and MS. SCOTT are unable to reconcile their differences, then the matter can be submitted to arbitration under procedures provided by the District of Columbia Bar or similar association. Where full payment is not made, MR. HICKEY retains the right to seek any and all legal and equitable remedies available to him. If MR. HICKEY must enforce the AGREEMENT in court, MS. SCOTT consents to pay all legal costs, including attorney's fees, if recovery is granted in whole or in part. MS. SCOTT is free to contact any bar association or attorney for counseling and information prior to signing this Agreement.

_Charlene E. Scott_　　　　　　　　　　　　11/24/97
CHARLENE E. SCOTT　　　　　　　　　　　　Date

_Robert J. Hickey_　　　　　　　　　　　　11-19-97
ROBERT JOHN HICKEY　　　　　　　　　　　Date

CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Robert J. Hickey, Esq.<br>5601 Lambeth Road<br>Bethesda, MD 20841 | Charlene Scott<br>324 Shepard Street NW<br>Washington, DC 20001 |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Montgomery<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  District of Columbia<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Pro Se (Above)<br>1050 17th Street NW, Suite 700<br>Washington, DC 20036<br>202.659.0536 | ATTORNEYS (IF KNOWN)<br>Case: 1:07-cv-01866<br>Assigned To : Bates, John D.<br>Assign. Date : 10/17/2007<br>Description: Contract |

II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
⊙ 4 Diversity (Indicate Citizenship of Parties in item III)

III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ⊙ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ⊙ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**
Any nature of suit from any category may be selected for this category of case assignment.
*(If Antitrust, then A governs)*

⊠ **E. General Civil (Other)** OR ⊠ **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ☒ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☒ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

(●) 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Breach of Contract (Attorney Fees, Constructive Trust)  28 USC 1332

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ $170,045.86   Check YES only if demanded in complaint  JURY DEMAND: YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  10-16-07   SIGNATURE OF ATTORNEY OF RECORD  *Robert J. Harlan*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.