Charlene Scott
324 Shepherd Street, NW
Washington, D.C. 20011

Robert J. Hickey
5601 Lambeth Road
Bethesda, Maryland 20814
(202) 659-0526

V.

Charlene Scott
324 Shepherd Street, NW
(202) 291-0518

**RECEIVED**
NOV 6
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Case: 1:07-cv-01866
Assigned To: Bates, John D.
Assign Date: 10/17/2007
Description: Contract

## ANSWER TO COMPLAINT SERVED BY SUMMONS IN A CIVIL CASE

I, Charlene Scott, not represented by counsel at the present time in the above captioned matter, do respond to the Summons delivered to my home on Saturday, October 27, 2007 in order to comply with the 20 day answer period specified in the Summons.

I would like to proceed with a Jury trial in order to fully highlight how my former attorney, Mr. Robert Hickey, presented a contract for signature after I called Burch and Cronauer to represent me in a Title VII sexual discrimination case against the Department of Energy in November 1997. I visited Mr. Hickey at the Burch and Cronauer office on several occasions until the first quarter of 1998. Mr. Hickey left Burch and Cronauer to the best of my knowledge towards the latter part of the first quarter of 1998. I did not visit or see Mr. Hickey in his new location until October 2002, when I dropped off some information to his assistant. I was aware that Mr. Hickey had moved; however, Mr. Hickey did not give me the opportunity to decide if I wanted him to take my case with him. Further, Mr. Hickey did not seek a new contract.

The contract with Burch and Cronauer included a cover letter which reflected the Law Offices of Burch and Cronauer, the firm I thought would represent me.

The contract itself was objectionable, since Mr. Hickey listed only a date and number of hours worked. I voiced objections to this practice in December 1998, and repeated objections after receiving Mr. Hickey's descriptive charges some two weeks after he submitted the same to the EEOC on October 5, 2005. There was no way to know exactly what Mr. Hickey was working on until October 2005, and receiving his final billing statement. I disputed some of the charges on his statement.

Not withstanding that, Mr. Hickey should be reasonably paid for the reasonable work that

he performed. That is the finding of the EEOC which also found that I was entitled to reasonable attorney fees to be paid by the Department of Energy. The amount prior to September 2005 was entered as $139,338.27. Of that amount, I had already paid Mr. Hickey $16,200. Therefore, the amount owed Mr. Hickey is $123,138.27. I am willing to forward that amount. All during this process, I informed Mr. Hickey that I expected reimbursement for attorney fees.

Mr. Hickey brings up issues such as me retaining another attorney after a successful decision in September 2005. I retained another attorney in March 2006, some six months after a favorable decision, after Mr. Hickey refused to do any further on my case in November 2005. After the Decision, no remedies for me with regard to "back pay, interest or other benefits" were clear. Discussion and negotiation would be a significant factor in resolution and finalization of the case. At this point, Mr. Hickey wanted me to sign another contract stating that he would bill me for the date and number of hours worked only without a description of the work performed. I was opposed to this even with the case at hand hanging in the balance. He also wanted this type of contract to apply to any Appeal which might be necessary. This was objectionable. Yet, Mr. Hickey would not conclude the case before him without such a contract. Everything started to unravel. I sought other legal representation. By his action, Mr. Hickey terminated his legal representation of me.

There are other unethical issues and shortcomings of Mr. Hickey's representation that caused my case to suffer. Proceeding in a formal manner will assist me to establish a honest record.

Since I am not an attorney, please accept my apologies for the lack of form in this statement, and will retain an attorney as expeditiously as possible.

Yours truly,

*Charlene E. Scott*

Charlene Scott

CC:
United States District Court
For the District of Columbia
Nancy Mayer-Whittington
Clerk
w/attachments

Mr. Robert Hickey
Law Office of Robert J. Hickey
w/o attachments

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE
1801 L Street, N.W., Suite 100
Washington, D.C. 20507

| | | |
|---|---|---|
| Charlene Scott,<br>　　Complainant,<br><br>　　　v.<br><br>Samuel W. Bodman, Secretary,<br>U.S. Department of Energy,<br>　　Agency. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | EEOC No.    100-2003-07922X<br><br><br><br>Agency No.    98(069)HR<br><br>August 23, 2006 |

### ORDER COMPUTING RECOVERABLE ATTORNEY'S FEES AND COSTS, ORDERING PROVISION OF RELIEF & ENTERING JUDGMENT

### I. RECOVERABLE ATTORNEY'S FEES AND COSTS

In accordance with the requirements of the attached Decision of September 30, 2005, on October 5, 2005, Charlene Scott (Complainant), submitted a verified statement of fees and costs pursuant to 29 C.F.R. § 1614.501(e)(2) (2006) requesting a sum of $186,295.86 for attorney's fees and costs incurred during the processing of this complaint. On November 22, 2005, the Department of Energy (Agency) timely filed its response to Complainant's submission.[1]

By federal regulation, an agency shall award attorney's fees and costs to "prevailing parties" who are represented by an attorney. 29 C.F.R. § 1614.501(e). It is clear that Complainant is a

---

[1] Despite explicit language in the Decision proscribing any additional submissions, the parties proceeded to file the following unsolicited, unauthorized submissions: (1) the Agency's January 24, 2006, letter requesting the issuance of interlocutory appeal rights; (2) Complainant's January 26, 2006, opposition thereto; (3) the Agency's July 26, 2006, Motion for Final Judgment & Order; and (4) Complainant's July 11, 2006, Opposition to the Agency's July 26, 2006, submission. In accordance with the instructions set forth in my Decision, these unauthorized submissions will not be entertained.

"prevailing party" as I have concluded that the Agency subjected her to unlawful sexual harassment and retaliation and ordered it to remedy this violation by providing Complainant with various forms of relief, including compensatory damages and back pay. *See* Decision at 28-29; *Farrar v. Hobby*, 506 U.S. 103 (1992). For that reason, and because Complainant has been represented throughout these proceedings by an attorney, namely Robert Hickey, I find that she is eligible for an award of fees and costs.[2]

## A. Attorney's Fees

The attorney's fee award is computed by determining what is known as the "lodestar" figure, which is the product of the number of hours the attorney reasonably expended on the case, multiplied by a reasonable hourly rate. *Blum v. Stenson*, 465 U.S. 886 (1984); *Hensley v. Eckerhart*, 461 U.S. 424 (1983). The attorney requesting the fee award has the burden of proving, by specific evidence, his/her entitlement to the requested award. *Copeland v. Marshall*, 641 F.2d 880, 892 (D.C. Cir. 1980).

### 1. Hourly Rate

With regard to the hourly rate, it is well-settled that a reasonable hourly rate is to be determined by the "prevailing market rates in the relevant community." *Blum*, 465 U.S. at 895. Here the Agency has not disputed the hourly fee of $225 that Complainant's legal representative has claimed. Based on

---

[2] In *Farrar v. Hobby*, the Supreme Court held that a plaintiff "prevails" when actual relief on the merits of his claim "materially alters the legal relationship between the parties" by modifying the defendant's behavior in a way that directly benefits the complainant. *Farrar*, 506 U.S. at 111. The Court also held that the magnitude of the relief was not dispositive in determining whether the complainant had prevailed, explaining that the degree of overall success was applicable to determining the reasonableness of the award of attorney's fees. *Id.*

2

my review of Complainant's representative's fee petition, and the absence of any opposition on this point, I find this hourly fee rate to be reasonable.

### 2. Time Expended

Turning to the requested hours, the Agency has argued that Complainant's claim for payment of 809 hours of work by her attorney is unreasonable insofar as it includes 77.3 hours for work that was excessive and repetitive, 102.2 hours for client communication that was excessive and inadequately documented, and 6.0 hours of time for administrative, secretarial, and clerical work that had already been accounted for in the attorney's hourly fee. In summary, the Agency has argued for a 185.5-hour reduction from the 809 hours Complainant's representative has claimed. The Agency has also advanced an alternative argument for the application of an "across-the-board" reduction to the request for fees and expenses to reach an award totaling approximately $143,000. *See* Agency's November 22, 2005, Submission at 7-8.

As a general proposition, attorney's fees are compensable for any properly documented work performed by the attorney on the client's behalf, so long as the work is reasonable. Documentary evidence of the number of hours expended may consist of contemporaneous billing records or a reasonably accurate reconstruction of such records. *See* EEOC EEO Management Directive 110 (MD-110) (Nov. 9, 1999) at 11-8 to 11-9. Although there is no set definition for what is "reasonable," compensation is not permitted for "excessive, redundant, or otherwise unnecessary expenditures of time." *Hensley*, 461 U.S. at 434; *see also* MD-110 at 11-5. The fee applicant bears the burden to identify the particular matters on which s/he spent his/her time and to demonstrate that s/he expended a reasonable number of hours on such matters. *Cole v. U.S. Postal Service*, EEOC

Request No. 05910450 (Aug. 5, 1991). When reviewing fee petitions which contain many excessive, redundant, unnecessary or inadequately documented expenditures of time, in lieu of engaging in a line-by-line analysis of each charge claimed, the Commission will calculate the number of hours compensable by applying an across-the-board reduction to the number of hours requested. *E.g. Bernard v. Dep't of Veterans Affairs*, EEOC Appeal No. 01966861 (July 17, 1998); *Abbate v. Dep't of Navy*, EEOC Appeal No. 01971418 (Mar. 24, 2000); *Finch v. U.S. Postal Service*, EEOC Request No. 05880051 (Jul. 15, 1988); *see also Copeland*, 641 F.2d at 903.

After reviewing the fee petition before me, I find that the documentation Complainant has submitted fails to demonstrate that 809 hours of legal work was reasonable and necessary to the prosecution of her EEO complaint. While it is not necessary for me to critique each individual charge appearing in the more than 100 pages that comprise the fee petition, I make the following "general observations" concerning the reasonableness of the hours claimed. *See e.g., Bernard*, EEOC Appeal No. 01966861; *Abbate*, EEOC Appeal No. 01971418 (asserting "general observations" to support across-the-board reduction of hours rather than a detailed line-by-line analysis of the charges submitted). As an initial matter, it must be noted that I am mindful of the unusually long period of time that this case has been in the administrative process, the contentious nature of the litigation, the EEOC, Office of Federal Operations appellate litigation that preceded the Agency's investigation of the complaint, and the relative complexity of the legal and factual issues presented. Even after accounting for the circumstances unique to this case, I find that as an individual EEO complaint involving few legal claims, which was litigated exclusively in the administrative process, without taking or defending any depositions, this matter should have required substantially less than 809 hours of legal representation.

4

My examination of the fee petition itself discloses a significant portion of hours which appear to have been excessive or inadequately documented. For example, the fee petition reflects that Complainant's counsel expended extensive time (more than 102 hours) in conferences and telephone conversations with Complainant, and reviewing Complainant's written correspondence, but the petition fails to adequately describe the subject matter of these communications or otherwise establish that the amount of time they consumed was reasonable. *See Constant v. Dep't of Energy*, EEOC Appeal No. 01924621 (Apr. 5, 1993); *McCann v. Dep't of Air Force*, EEOC Appeal No. 01980715 (Jan. 13, 2000)(requiring fee petition to describe the nature and subject matter of consultations between attorney and client sufficiently to allow for a determination as to whether the time was reasonably expended). Likewise, the fee petition's general designation of 6.0 hours for "administrative" work is too general to permit an assessment as to whether this time was expended performing compensable work as opposed to clerical functions more properly absorbed by "the general overhead costs of practicing law." *Cf. Mora-Beals v. Broadcasting Bd. of Governors*, EEOC Appeal No. 01A14897 (Apr. 9, 2002); *Robinson v. Dep't of Defense*, EEOC Appeal No. 01831137 (Jul. 13, 1987). In addition, Complainant's attorney expended unnecessary time (more than 12 hours) preparing a number of unwarranted, repetitive, and unsuccessful motions with the presiding EEOC administrative judge(s), which include the following submissions: (1) Complainant's February 26, 2004, Motion to Correct Prehearing Order of February 25, 2004; (2) Complainant's January 10, 2005, Motion for Reconsideration of Prehearing Order of November 10, 2004; and (3) Complainant's February 4, 2005, Request for Clarification of Prehearing Order of January 26, 2005. Finally, while I cannot agree with the Agency's arbitrary allotment of only 6.0 hours for Complainant's attorney to research and draft

a 41-page Motion for Summary Judgment,[3] the overall amount of time expended researching various legal issues and administrative procedures (more than 75 hours) appears to have been excessive. *See* Agency's Submission, Attachment 2.

After weighing the foregoing circumstances, in conjunction with the Agency's position and the applicable legal principles, I find a 25% reduction in the number of compensable hours to be appropriate. In reaching this figure, I considered that in spite of the aforementioned deficiencies, the fee petition before me is considerably less vague than that presented in the case of *Abbate v. Department of Navy*, EEOC Appeal No. 01971418, which the Commission subjected to a significantly larger across-the-board reduction of 40%. Moreover, as mentioned previously, the Agency has opposed payment for only 185.5 hours of the total 809 hours counsel has sought, which amounts to approximately 23% (rounded off from 22.93%) of the overall hours requested, and the Agency has declined to contest the remaining 623.5 hours of the total time requested. A 25% reduction from the 809 hours in fees Complainant has requested[4] results in 606.75 compensable hours for legal

---

[3] Although the Motion substantially exceeded the limitation of 15 pages for submissions to the Administrative Judge, producing a motion for summary judgment of acceptable quality would likely have required more than 6.0 hours of preparation time even if it were the appropriate length.

[4] I note that Complainant's fee petition includes more than 80 hours of work, which the Agency has not explicitly contested, that was performed prior to the April 2, 1998, filing of the captioned formal EEO complaint of discrimination. Pursuant to 29 C.F.R. § 1614.501(e)(1)(iv), however, fees and costs, which had accrued prior to the filing of the formal complaint, would not normally be compensable unless the Agency declined to implement my decision in this matter, and the EEOC affirmed my decision on appeal. 29 C.F.R. § 1614.501(e)(1)(iv). Here, because the Agency has failed to object to paying the fees which accrued prior to filing of the formal complaint, I find that it has waived this objection. I have therefore declined to exclude fees and costs incurred during this period from the overall totals subjected to the reductions designated in this Order.

representation to date. Based on my approval of the hourly rate of $225 and this total of 606.75 compensable hours, the lodestar figure computes to $136,518.75 in recoverable attorney's fees.

B. Costs

In addition to the aforementioned attorney's fees, Complainant has requested reimbursement of $4,270.86 in expenses, of which the Agency has contested the following charges: (1) $914.34 in overtime costs for the work of an assistant to the attorney; and (2) $537 in costs for taxi fares, parking expenses, express mail fees, and courier services.

After careful consideration, I find Complainant's request for recovery of $914.34 in overtime payments made to her attorney's "assistant" unavailing. Although prevailing parties may recover costs incurred in the course of litigating their successful EEO complaints, the party seeking reimbursement bears the burden of demonstrating that the costs were caused by the litigation, as well as reasonable and necessary. *Bernard*, EEOC Appeal No. 01966861. I cannot conclude that Complainant has sustained this burden with respect to her claim for overtime expenses of her attorney's assistant, as there is no evidence to suggest that these overtime costs were necessary for the litigation of the captioned matter. Furthermore, like clerical costs, *see supra*, overtime costs are within the range of expenses normally associated with any enterprise, including law firms, and as such they are included "in the general overhead costs of practicing law, to be absorbed in the attorney's hourly rate itself."[5] *Cf.*

---

[5] Although prevailing parties may recover hourly fees for the work of "law clerks, paralegals, or law students under the supervision of members of the Bar," see 29 C.F.R. §1614.501(e)(iii), Complainant did not produce any documentation indicating that the referenced "assistant" served in such a capacity. In order to demonstrate that an attorney's legal assistant constitutes such legal staff within the meaning of EEOC regulations, the fee petition must include evidence that the legal assistant "performed duties generally recognized by the legal community as duties performed by a paralegal [or law clerk]." *Finch v. U.S. Postal Service*, EEOC Appeal No. 01872869 (Sept. 29, 1987), *aff'd by*,

*Mora-Beals*, EEOC Appeal No. 01A14897; *Robinson*, EEOC Appeal No. 01831137.

Likewise, Complainant's demand for $537 in courier, express mail and transportation costs is not recoverable, because these expenses stand undocumented and unsubstantiated. Although prevailing parties may recover reasonable costs incurred in the course of litigating their successful EEO complaints, adequate documentation of the nature and amount of each expense is required in order to support reimbursement. *Canady v. Dep't. of the Army*, EEOC Request No. 05890226 (Dec. 27, 1989); *Constant*, EEOC Appeal No. 01924621. Here, Complainant has declined to produce copies of receipts, invoices, or billing statements for the claimed courier, express mail, parking, and taxi expenses, and there is no apparent reason why such documentation would not be readily available. I therefore find the absence of such documentation fatal to Complainant's request for recovery of these costs.

After accounting for the above deductions, I find that Complainant is entitled to reimbursement of a total of $2,819.52 in costs.

## C. Conclusion

Based on the foregoing analysis, I conclude that the Agency is required to pay to Complainant attorney's fees and costs totaling $139,338.27, consisting of attorney's fees in the amount of $136,518.75 and costs of $2,819.52.

---

EEOC Request No. 05880051 (finding legal assistant functioned as a paralegal based on legal assistant's affidavit, contemporaneous time records describing tasks performed by legal assistant during litigation of complaint, and other documentation establishing reasonable hourly rate for legal assistant's work). The absence of such evidence from this fee petition precludes me from deeming any of the work Complainant's attorney's "assistant" performed to be recoverable.

8

## II. ORDER TO PROVIDE RELIEF

The Agency is **ORDERED** to make the foregoing payment for attorney's fees and costs within 30 days of the earlier of (1) the date it issues its final order; or (2) the date by which its final order must be issued. The Agency is hereby reminded that it has been **ORDERED** to also provide the other elements of relief set forth at Pages 28-29 of the attached Decision (*e.g.*, payment of $45,855 in compensatory damages; provision of written assurance of freedom from discrimination/harassment/ reprisal; commencement of 60-day posting of Notice; payment of undisputed portion of back pay) within this same time limit. The Agency is further reminded that it has been **ORDERED** (*see* Page 29 of the attached Decision) to set forth in its final order, its determination of the appropriate amount of back pay due Complainant. If the Agency files an appeal and defers making the payments to Complainant I have ordered, it may be liable for interest accruing while the appeal is pending. 29 C.F.R. § 1614.505(a)(3).

## III. ENTRY OF JUDGMENT

Accordingly, for the reasons set forth in the attached Decision, judgment is hereby **ENTERED** in favor of Complainant with respect to her claims of harassment and reprisal.

*The parties are directed to the attached "Notice to the Parties" for instructions regarding further processing of this matter. In addition to providing a copy of the hearing transcript for Complainant's current attorney, Leon Swinson, this office is also enclosing for the Agency's EEO Office, the report of investigation/complaint file and a copy of the hearing record (documents generated during the hearing process), including the original hearing transcript. For*

*timeliness purposes, it shall be presumed that the parties received the foregoing Order and Decision within five (5) calendar days of the date they were served via first class mail.*

These proceedings have terminated, and the Administrative Judge will not entertain, consider, or respond to any further submissions or inquiries from the parties regarding this matter.

It is so ORDERED.

*Kathryn Brown* 8/23/06

Kathryn Brown
Administrative Judge

Attachment
Copies to:

Charlene Scott
324 Shepard Street, N.W.
Washington, D.C. 20011

Robert J. Hickey, Esq.
1050 17th Street, N.W.
Suite 700
Washington, D.C. 20036

Leon Swinson, Esq.
1050 17th Street, N.W.
Suite 1000
Washington, D.C. 20036

Isiah Smith, Esq. and Jocelyn Richards, Esq.
Office of General Counsel
U.S. Department of Energy
By fax only (w/o enclosures) to: 202-586-8685

(Including Hearing Record and Report of Investigation)
Poli A. Marmolejos, Director
Office of Civil Rights and Diversity
U.S. Department of Energy
1000 Independence Avenue, S.W., Rm. 5B-168
Washington, D.C. 20585
Advance copy by fax (w/o enclosures) to: 202-586-0888

# NOTICE TO THE PARTIES

### *TO THE AGENCY:*

Within forty (40) days of receiving this decision and the hearing record, you are required to issue a final order notifying the complainant whether or not you will fully implement this decision. You should also send a copy of your final order to the Administrative Judge.

Your final order must contain a notice of the complainant's right to appeal to the Office of Federal Operations, the right to file a civil action in a federal district court, the name of the proper defendant in any such lawsuit, the right to request the appointment of counsel and waiver of court costs or fees, and the applicable time limits for such appeal or lawsuit. A copy of EEOC Form 573 (Notice of Appeal/Petition) must be attached to your final order.

If your final order does not fully implement this decision, you must simultaneously file an appeal with the Office of Federal Operations in accordance with 29 C.F.R. 1614.403, and append a copy of your appeal to your final order. *See* EEOC Management Directive 110, November 9, 1999, Appendix O. You must also comply with the Interim Relief regulation set forth at 29 C.F.R. § 1614.505.

### *TO THE COMPLAINANT:*

You may file an appeal with the Commission's Office of Federal Operations when you receive a final order from the agency informing you whether the agency will or will not fully implement this decision. 29 C.F.R. § 1614.110(a). From the time you receive the agency's final order, you will have thirty (30) days to file an appeal. If the agency fails to issue a final order, you have the right to file your own appeal any time after the conclusion of the agency's (40) day period for issuing a final order. *See* EEO MD-110, 9-3. In either case, please attach a copy of this decision with your appeal.

Do not send your appeal to the Administrative Judge. Your appeal must be filed with the Office of Federal Operations at the address set forth below, and you must send a copy of your appeal to the agency at the same time that you file it with the Office of Federal Operations. In or attached to your appeal to the Office of Federal Operations, you must certify the date and method by which you sent a copy of your appeal to the agency.

## *WHERE TO FILE AN APPEAL:*

All appeals to the Commission must be filed by mail, hand delivery or facsimile.

### BY MAIL:

Director, Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 19848
Washington, D.C. 20036

### BY PERSONAL DELIVERY:

Director, Office of Federal Operations
Equal Employment Opportunity Commission
1801 L Street, NW
Washington, D.C. 20507

### BY FACSIMILE:

Number: (202) 663-7022

*Facsimile transmissions of more than ten (10) pages will not be accepted.*

## COMPLIANCE WITH AN AGENCY FINAL ACTION

Pursuant to 29 C.F.R. § 1614.504, an agency's final action that has not been the subject of an appeal to the Commission or a civil action is binding on the agency. If the complainant believes that the agency has failed to comply with the terms of this decision, the complainant shall notify the agency's EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. The agency shall resolve the matter and respond to the complainant in writing. If the agency has not responded to the complainant, in writing, or if the complainant is not satisfied with the agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the agency has complied with the terms of its final action. The complainant may file such an appeal 35 days after serving the agency with the allegations of non-compliance, but must file an appeal within 30 days of receiving the agency's determination. A copy of the appeal must be served on the agency, and the agency may submit a response to the Commission within 30 days of receiving the notice of appeal.

LAW OFFICES

## BURCH & CRONAUER, P.C.

1200 19TH STREET, N.W.
SUITE 401
WASHINGTON, D.C. 20036-2408

(202) 293-7150
FAX: (202) 338-6950
www.burchlaw.com

November 19, 1997

Ms. Charlene E. Scott
324 Shepherd St., N.W.
Washington, DC  20011

Dear Ms. Scott:

    Pursuant to your conversation with my secretary and the requirements of D.C. law, I am enclosing two copies of the retainer agreement.  Please sign both originals and return one to me with your check for $750 towards November services.

                                Sincerely,

                                Robert J. Hickey

Encls.

**AGREEMENT**

THIS AGREEMENT is entered into the 14th day of November, 1997 between ROBERT JOHN HICKEY, Washington, D.C., hereinafter "MR. HICKEY" and MS. CHARLENE E. SCOTT, 324 Shepherd St., N.W., Washington, DC 20011, hereinafter "MS. SCOTT."

1. MR. HICKEY agrees to represent MS. SCOTT in all matters arising out of her dispute with the Department of Energy. Representation begins on November 19, 1997.

2. It is understood that either MR. HICKEY or MS. SCOTT may at anytime withdraw from the representation upon reasonable notice to the other.

3. It is understood that the principal attorney in this matter is MR. HICKEY who will charge two hundred twenty-five dollars ($225.) per hour. Any other affiliated attorneys or paralegals used by MR. HICKEY will charge their normal customary rate(s) for time worked on matters relating to this AGREEMENT.

4. It is understood that MR. HICKEY may retain outside non-affiliated attorney(s) upon consultation and agreement with MS. SCOTT as he sees fit to pursue these matters and that MS. SCOTT will pay such attorney(s) as agreed to between MS. SCOTT and the attorney(s).

5. MS. SCOTT agrees to pay MR. HICKEY all legal fees and disbursements related to pursuing these matters. It is understood that MS. SCOTT will pay to MR. HICKEY upon signing the Agreement a retainer of $750 as partial payment for work to be done in November 1997. Where the November retainer or other monthly payment does not meet the fees and disbursements for that month, MS. SCOTT will make up the difference within 15 days of the date of the statement from MR. HICKEY showing that the difference (reconciliation amount) exists and the amount. Any portion of the retainer over fees, disbursements, and interest, will be paid to MS. SCOTT at the end of the representation. MR. HICKEY will have unilateral authority to request MS. SCOTT to pay expenses directly or to advance payment before an expense is incurred.

6. MR. HICKEY will render a short summary statement of fees and disbursements for each month containing only the hours and fees spent on these matters along with a summary of disbursements spent during that month along with a reconciliation amount, covered in paragraph 5 (reconciliation amount), where applicable. Any change in this description must be mutually agreed to in writing in advance of any work performed.

7. Payment of the monthly charges made after the 15th day from the date of the invoice will be subject to an interest charge of eight percent (8%) or a daily charge of .0002191 until paid in full with interest.

8. If a monetary recovery is obtained for MS. SCOTT and there are outstanding amounts (fees, disbursements, or interest) due, then MS. SCOTT consents to a lien being placed on the recovery to cover the amounts due MR. HICKEY. Nothing herein shall constitute a waiver by either party to seek attorney fees in excess of the amount in paragraph 5 from the Department of Energy and those acting with it, under any statute or common law permitting such fees. If attorney's fees are awarded by a Court or in settlement in an amount less than billed by MR. HICKEY, MS. SCOTT will pay MR. HICKEY the difference.

9. Any dispute by MS. SCOTT regarding the amount of the monthly statement or procedure for handling the case must be made in writing within 30 days of rendering the statement or the existence of a litigation problem or be waived. If MR. HICKEY and MS. SCOTT are unable to reconcile their differences, then the matter can be submitted to arbitration under procedures provided by the District of Columbia Bar or similar association. Where full payment is not made, MR. HICKEY retains the right to seek any and all legal and equitable remedies available to him. If MR. HICKEY must enforce the AGREEMENT in court, MS. SCOTT consents to pay all legal costs, including attorney's fees, if recovery is granted in whole or in part. MS. SCOTT is free to contact any bar association or attorney for counseling and information prior to signing this Agreement.

_____          _____
CHARLENE E. SCOTT                  Date

_/s/ Robert J. Hickey_____          _11-19-97_____
ROBERT JOHN HICKEY                 Date