UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT J. HICKEY )<br>5601 LAMBETH ROAD )<br>BETHESDA, MARYLAND 20814 )<br>202-659-0536 )<br>　　　　　　　　Plaintiff ) <br>　　　　　　　　　　　　　　)<br>　　　　　v.　　　　　　　　)<br>CHARLENE SCOTT )<br>324 SHEPHERD STREET NW )<br>WASHINGTON, DC 20011 )<br>202-291-0518 )<br>　　　　　　　　Defendant ) | Case: 1:07-cv-01866 (JDB) |

**PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, TO STRIKE DEFENDANT'S "ANSWER" IN WHOLE OR IN PART**

Pursuant to Rules 12(c) and (f) of the Federal Rules of Civil Procedure, Plaintiff, Robert J. Hickey, hereby moves the Court for Judgment on the Pleadings. In the alternative, Plaintiff moves that Defendant's alleged "Answer" be stricken in whole or part as containing an insufficient defense and/or immaterial and irrelevant matter. In support of this Motion, Plaintiff attaches his supporting Points and Authorities.

Respectfully submitted,

/S/_____
Robert J. Hickey, Bar No. 42341
Law Office of Robert J. Hickey
1050 17th Street NW, Suite 700
Washington, DC 20036
202.659-0536 (office)
202.659.0537 (fax)
Attorney for Plaintiff, Pro Se

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT J. HICKEY ) | |
| 5601 LAMBETH ROAD ) | |
| BETHESDA, MARYLAND 20814 ) | |
| 202-659-0536 ) | |
|            **Plaintiff** ) | |
| ) | Case: 1:07-cv-01866 (JDB) |
|            **v.** ) | |
| CHARLENE SCOTT ) | |
| 324 SHEPHERD STREET NW ) | |
| WASHINGTON, DC 20011 ) | |
| 202-291-0518 ) | |
|            **Defendant** ) | |

**POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADING OR, IN THE ALTERNATIVE, TO STRIKE DEFENDANT'S "ANSWER" IN WHOLE OR IN PART**

Plaintiff sets forth the following argument in support of this Motion.

### I.  RELEVANT STATUTES

1. Rule 7(a) provides for an Answer.

2. Rule 8(b) provides that "**a party** state in short and plain terms **the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. Denials shall fairly meet the substance of the averments denied.**"

3. Rule 8(d) **"Averments in a pleading to which a responsive pleading is required… are admitted when not denied in a responsive pleading."**

4. Rule 10(b). "All averment of ….defenses shall be made in numbered paragraphs, the contents in each of which shall be limited as far as practical to a statement of a single set of circumstances…."

5. Rule 12(a)(1). "A defendant shall serve an answer within 20 days after being served with the summons and complaint upon that defendant."

6. Rule 12(c).  "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings…"

7. Rule12 (f). "…if no responsive pleading is permitted by these Rules, upon Motion made by a party within 20 days after the service of the pleading upon the party…, the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial impertinent or scandalous matter."

## II. STATEMENT OF RELEVANT FACTS

On October 17, 2007, Plaintiff filed a Verified Complaint. The Verified Complaint consisted of two Counts: Count I for Breach of Contract consisted of 10 paragraphs and included as Attachment A a legal services contract between Plaintiff and Defendant Charlene Scott effective November 19, 1997 and a Count II for a Constructive Trust consisting of 11 paragraphs. The Summons and Verified Complain were served on Timothy Beck, grandson of Defendant Charlene Scott, at Defendant's residence, 324 Shepherd Street NW, Washington DC 20011 on October 27, 2007.[1] On November 6, 2007, Defendant filed with the Court a document entitled "Answer of Complaint Served By Summons on Civil Case.[2] The so-called "Answer" contains no numbered paragraphs and does not purport to admit or deny the paragraphs of either Counts I and II of the Verified Complaint. The "Answer" admits that Plaintiff should be paid and even attached the identical legal services contract.[3] which was Attachment A to the Plaintiff's Verified Complaint. Despite this, Defendant asserts that there were alleged ethical issues involving Plaintiff which does not relate to any

---

[1] The "Answer" was filed by Defendant Scott and not by her attorney. In her first paragraph, Defendant claimed she was not "represented by counsel at the present time." However on September 17, 2007, Defendant Scott had informed Plaintiff by e-mail that "Mr. Swinson is still my attorney." In addition, throughout her legal proceeding, her sister, an employment attorney has assisted her.
[2] Proof of Service was filed on October 30, 2007.
[3] Defendant had also included a second attachment which was an EEOC Administrative Law Judge's Decision dated August 23, 2006. Not attached or otherwise mentioned in the "Answer" is that EEOC had already rejected Defendant's position in its Decision dated April 24, 2007 rendered in Appeal No. 0720070018. Specifically on page 5 of that Decision, the EEOC stated, "Upon review of this matter, we determine that the dispute between Complainant and her former attorney is a private contractual matter not within our purview."

paragraph in the Verified Complaint. Defendant does not mention that all of these alleged issues were presented by Defendant in her ethics Complaint filed with the District of Columbia Bar which were all rejected [4] by the Office of Bar Counsel on July 31, 2007. [5]

### III. ARGUMENT

**A. JUDGMENT ON THE PLEADINGS**

Defendant filed an alleged "Answer" which does not conform to the Federal Rules requirements. The pleading does not affirm or deny any allegations set forth in any of the paragraphs of Counts I and II of Plaintiff's Verified Complaint. Under Rule 8(d), the failure to admit or deny averments in a pleading when a responsive pleading is required results in Plaintiff's averments being admitted. In these circumstances, Plaintiff is entitled to judgment as a matter of law. <u>Shuler v. Price Waterhouse</u>, 457 F. Supp 2d 1 (DDC 2006). Here, Defendant's rambling discussion on ethics and an EEOC proceeding (both of which were rejected by the appropriate bodies) cannot be viewed as giving plaintiff any notice of what Defendant 's position is on Counts I and II of the Verified Complaint. <u>Weade v. Trailways</u>, 325 F2d 1000, 117 App DC 73 (1963). Here, Judgment on the Pleadings is proper as every fact assembled to complete final action is presented by the unrebutted Verified Complaint and there is no averment which would necessitate a trial. <u>Hines v. Ward Baking</u>, 155 F2d 257 (7th Cir 1/946)

**B. MATTERS TO BE STRICKEN**

---

[4] In so doing, the Bar Counsel on page 3 of its Decision, rejected the Defendant's position that Plaintiff had damaged Defendant's case and stated, "in fact, to the contrary, the evidence reveals that you prevailed in your EEOC case winning both compensatory and punitive damages…" The Bar Counsel went on to state, "absent an agreement or statutory provision to the contrary, Mr. Hickey is not bound to accept attorney fees awarded by EEOC as full payment for her services."

[5] Defendant on page 2 mentions that she paid plaintiff $16,200. However, this was included in paragraph 10 of Plaintiff's Verified Complaint and was taken into consideration in calculating that Defendant owed $170,095.86 for the legal services rendered in paragraph 13.

If the Court decides to deny Plaintiff's Motion for Judgment on the Pleadings, Plaintiff would request that Defendant's alleged "Answer" be stricken in whole or in part. As stated in Plaintiff's recitation of relevant facts, Part II supra, Defendant's alleged "Answer" clearly does not constitute a sufficient defense to Count I and II since nothing in the Answer addresses the paragraphs of both Counts. U.S. v. Walerko Tool, 784 F. Supp 1385 (S.D. Ind 1992). Further, by conceding that Plaintiff is entitled to be paid and attaching a copy of her legal services contract, Defendant is implicitly agreeing that Plaintiff is entitled to be paid in accord with that contract. Here, where Defendant's response based on her argument to D.C. Bar Counsel and the EEOC (which previously were rejected) can only confuse issues and do not constitute a valid defense, it must be stricken. Sun Ins. Co. v. Diversified Engineering, 240 F. Supp 606, (D. Mont 1965). Such unrelated arguments are unworthy of consideration and deserve to be stricken. EEOC v. Ford Motor Co., 529 F. Supp 643 (D. Colo 1986).

Not only do Defendant's assertions constitute an insufficient defense, they are also immaterial and irrelevant, which by themselves would warrant their being stricken. Defendant's position is that (1) Defendant's conduct in representing her had damaged her case and that (2) Plaintiff, while entitled to legal fees, could be awarded only what EEOC had determined under its own statutes.[6] As for the first, the D.C. Bar Counsel, specifically rejected this, finding that Plaintiff has been successful in getting her damages. As for the second, the EEOC specifically rejected Defendant's position that it was determining the rights of the parties under their contract. Neither Defendant's claims before the D.C. Bar Counsel or before the EEOC are the subject of Plaintiff's Verified Complaint and thus are

---

[6] Originally, the Administrative Judge had reduced the fees claimed in Plaintiff's Petition for Fees. Subsequently, Defendant changed attorneys. Both Defendant and her new attorney had agreed that plaintiff could challenge the award as part of her own appeal. Defendant later dropped her appeal and the EEOC held that Plaintiff could not pursue a separate appeal since he no longer represented Defendant. However, the EEOC stated it was not determining a contractual claim between the parties.

not relevant to the issues at hand.  <u>Partnership v. Mass. Housing Finance Agency</u>, 456 F. Supp 2d 46 (DDC 2006), <u>Kent v. AVCO Corp</u>., 815 F. Supp 67 (D. Conn 1992).  Since Defendant's arguments have no possible relationship to the controversy contained in the Verified Complaint, they must be stricken.  <u>Augustus v. Board,</u> 306 F2d 862 (5th Cir 1962).

In addition, certain positions of Defendant's "Answer" which reflect on Plaintiff's character (which have already been rejected by D.C. Bar Counsel) detract from the dignity of the court and should by themselves be stricken.  <u>Skadegaard v. Farwell</u>, 578 F. Supp 1209 (D.N.J. 1984); <u>Judicial Watch v. Department of Commerce</u>, 224 FRD 262 (DDC 2004).

## **CONCLUSION**

For all the foregoing reasons, this Court should grant Plaintiff's Motion for Judgment on the Pleadings.  In the alternative, this Court should strike Defendant's Answer.[7]

                              Respectfully submitted,

                              /S/_____
                              Robert J. Hickey, Bar No. 42341
                              Law Office of Robert J. Hickey
                              1050 17th Street NW, Suite 700
                              Washington, DC 20036
                              202.659-0536 (office)
                              202.659.0537 (fax)
                              Attorney for Plaintiff, Pro Se

---

[7] This day, Plaintiff has also filed with the Court a Request for Entry of Judgment.

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November 2007, Plaintiff's Motion for Judgment on the Pleading or, in the Alternative, to Strike Defendant's "Answer" in Whole or in Part. was filed via the ECF system and by first class mail postage prepaid to Defendant Charlene Scott, 324 Shepherd Street NW, Washington, DC 20011.

/S/_____
Robert J. Hickey
1050 17th Street NW, Suite 700
Washington, DC 20036

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT J. HICKEY<br>5601 LAMBETH ROAD<br>BETHESDA, MARYLAND 20814<br>202-659-0536<br><br>      Plaintiff<br><br>    v.<br><br>CHARLENE SCOTT<br>324 SHEPHERD STREET NW<br>WASHINGTON, DC 20011<br>202-291-0518<br><br>      Defendant | )<br>)<br>)<br>)<br>)<br>) Case: 1:07-cv-01866 (JDB)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### AFFIDAVIT

I, Robert J. Hickey, hereby swear under penalty of perjury that all factual assertions set forth in the aforegoing Motion and Points and Authorities are true and correct. Executed this ____ day of November 2007.

                    _____
                    Robert J. Hickey

Subscribed and sworn before me on this 16th day of November 2007.

                    _____
                    Notary Public

                    KENNETH V. CUMMINS
                    NOTARY PUBLIC DISTRICT OF COLUMBIA
                    My Commission Expires October 14, 2009

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT J. HICKEY )<br>5601 LAMBETH ROAD )<br>BETHESDA, MARYLAND 20814 )<br>202-659-0536 )<br>          **Plaintiff** )<br>)<br>        **v.** )<br>CHARLENE SCOTT )<br>324 SHEPHERD STREET NW )<br>WASHINGTON, DC 20011 )<br>202-291-0518 )<br>          **Defendant** ) | **Case: 1:07-cv-01866 (JDB)** |

**ORDER**

Upon consideration of Plaintiff's Motion for Judgment on the Pleadings and his accompanying Points and Authorities, and any Opposition thereto, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Judgment on the Pleadings is **GRANTED.**

2. The Clerk shall enter Judgment in favor of Plaintiff on Count I in the amount of $170,095.56 plus attorneys fees and costs involved in the enforcement of his contract against Defendant and pre judgment and post judgment contractual interest at 8% from November 19, 1997 until payment in full of all fees, disbursements, costs and outstanding interest.

3. Under Count II, a Constructive Trust exists under which Plaintiff is entitled to a beneficial interest on all monies ($138,338,27) awarded by the EEOC on Plaintiff's Petition for Fees held by Defendant in escrow account including all interest earned thereon.

4. Defendant holds legal title to the escrow property in the Constructive Trust for use by and benefit of Plaintiff.

5. Defendant shall take immediate action to transfer to Plaintiff all money and interest in the escrow account, but no later than 14 days from the date of this Order.

6. Defendant is directed to pay Plaintiff all legal costs including attorney fees in regard to the establishment and enforcement of the Constructive Trust.

7. Defendant shall pay to Plaintiff interest on monies held in the escrow account if this is not already being done.

8. Defendant shall make an accounting of all money and interest held in the escrow account.

9. Any monies awarded to Plaintiff under Count II shall be used to reduce what Defendant owes to Plaintiff under Count I.

**SO ORDERED**

_____
Judge
United States District Court of
the District of Columbia

Copies to be sent to:

Robert J. Hickey
Law Offices of Robert J. Hickey
1050 17th Street NW, Suite 700
Washington, DC 20036

Charlene Scott
324 Shepherd Street NW
Washington, DC 20011