UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT J. HICKEY )
5601 LAMBETH ROAD )
BETHESDA, MARYLAND 20814 )
202-659-0536 )
                  Plaintiff )
) Case: 1:07-cv-01866 (JDB)
              v. )
CHARLENE SCOTT )
324 SHEPHERD STREET NW )
WASHINGTON, DC 20011 )
202-291-0518 )
                  Defendant )

**AFFIDAVIT OF ROBERT J. HICKEY**

1. I, Robert J. Hickey, am the Plaintiff in the above-entitled action and swear as follows:

2. On October 17, 2007, I had prepared a Verified Complaint along with a Summons to be served on Defendant, Charlene Scott.

3. On October 27, 2007 the Summons and Complaint were served on Defendant Scott. Attachment A. Proof of Service was filed on October 30, 2007.

4. On November 6, 2007, Defendant filed with the Court a document entitle "Answer to Complaint Served by Summons in Civil Case."

5. The alleged Answer contains no numbered paragraphs and does not admit or deny the paragraphs of both Counts I (Breach of Contract) and Court II (Constructive Trust) in the Verified Complaint. The allegations in the alleged Answer are irrelevant and immaterial to the Verified Complaint and do not otherwise constitute a response to the Verified Complaint.

6. Defendant gives no explanation or excuse for her failure to respond in a manner required by Rules 8(b), 10(b) and 12(a)(1).

7. The undersigned further certifies that Defendant is not a member of the Armed Services as required under the Soldiers and Sailors Relief Act, 50 USC 520.

8. The statements made above and in the Request are true and correct.

*Robert J. Hickey*

Robert J. Hickey

Subscribed and sworn before me on this 16th day of November 2007.

Notary Public

KENNETH V. CUMMINS
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires October 14, 2009

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT J. HICKEY )<br>5601 LAMBETH ROAD )<br>BETHESDA, MARYLAND 20814 )<br>202-659-0536 )<br>                  **Plaintiff** )<br>                           )<br>           v.               )<br>CHARLENE SCOTT )<br>324 SHEPHERD STREET NW )<br>WASHINGTON, DC 20011 )<br>202-291-0518 )<br>                  **Defendant** ) | Case: 1:07-cv-01866 (JDB) |

**REQUEST FOR ENTRY OF DEFAULT**
**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

Plaintiff, Robert J. Hickey, hereby requests the Clerk to enter the default of Defendant

Charlene Scott for failure to plead or **otherwise defend** in a timely manner against the

Verified Complaint filed by Plaintiff as provided in Rule 55(a) of the Federal Rule of Civil

Procedure.  In support of the Request, Plaintiff attaches his Affidavit and supporting Points

and Authorities.

Respectfully submitted,

/S/_____
Robert J. Hickey, Bar No. 42341
Law Office of Robert J. Hickey
1050 17th Street NW, Suite 700
Washington, DC 20036
202.659-0536 (office)
202.659.0537 (fax)
Attorney for Plaintiff, Pro Se

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT J. HICKEY**<br>5601 LAMBETH ROAD<br>BETHESDA, MARYLAND 20814<br>202-659-0536<br>　　　　　　　　**Plaintiff**<br><br>　　　　　　　　v.<br><br>**CHARLENE SCOTT**<br>324 SHEPHERD STREET NW<br>WASHINGTON, DC 20011<br>202-291-0518<br>　　　　　　　　**Defendant** | Case: 1:07-cv-01866 (JDB) |

**POINTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT**

Plaintiff sets forth the following argument in support of the Request for Entry of Default:

### I. APPLICABLE STATUTES

1. Rule 7(a) provides for an Answer.

2. Rule 8(b) provides that "**a party** state in short and plain terms **the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies…. Denials shall fairly meet the substance of the averments denied.**"

3. Rule 8(d). **"Averments in a pleading to which a responsive pleading is required…. are admitted when not denied in a responsive pleading."**

4. Rule 10(b). All averment of ….defenses shall be made in numbered paragraphs, the contents in each of which shall be limited as far as practical to a statement of a single set of circumstances….."

5. Rule 12(a)(1). "A defendant shall serve an answer within 20 days after being served with the summons and complaint upon that defendant."

6. Rule 55(a). "When a party against whom a judgment for affirmative relief is sought has failed to plead or **otherwise defend** as provided by these Rules, the Clerk or the Court shall enter this party's default…."

## II.  STATEMENT OF RELEVANT FACTS

On October 17, 2007, Plaintiff filed a Verified Complaint.  The Verified Complaint consisted of two Counts:  Count I for Breach of Contract consisted of 10 paragraphs and included as Attachment A a legal services contract between Plaintiff and Defendant Charlene Scott effective November 19, 1997 and a Count II for a Constructive Trust consisting of 11 paragraphs.  The Summons and Verified Complain were served on Timothy Beck, grandson of Defendant Charlene Scott, at Defendant's residence, 324 Shepherd Street NW, Washington DC 20011 on October 27, 2007. [1]  On November 6, 2007, Defendant filed with the Court a document entitled "Answer of Complaint Served By Summons on Civil Case.[2]  The so-called "Answer" contains no numbered paragraphs and does not purport to admit or deny the paragraphs of either Counts I and II of the Verified Complaint.  The "Answer" admits that Plaintiff should be paid and even attached the identical legal services contract[3] which was Attachment A to the Plaintiff's Verified Complaint.  Despite this, Defendant asserts that there were alleged ethical issues involving Plaintiff which does not involve any paragraph in the Verified Complaint.  Defendant does not mention that all of these alleged issues were presented by

---

[1] The alleged "Answer" was filed by Defendant Scott and not by her attorney.  In her first paragraph, Defendant claimed she is not "represented by counsel at the present time."  However on September 17, 2007, Defendant Scott had informed Plaintiff by e-mail that "Mr. Swinson is still my attorney." In addition, throughout her legal proceedings, Defendant's sister, an employment attorney, has assisted her.
[2] Proof of Service was filed on October 30, 2007.
[3] Defendant had also included a second attachment which was an EEOC Administrative Law Decision dated August 23, 2006.  Not attached or otherwise mentioned in the "Answer" is that EEOC had already rejected Defendant's position in its Decision dated April 24, 2007 in a Appeal No. 0720070018.  Specifically on page 5 of that Decision, the EEOC stated, "Upon review of this matter, we determine that the dispute between Complainant and her former attorney is a private contractual matter not within our purview."

3

Defendant in her ethics Complaint filed with the District of Columbia Bar which were all rejected [4] by the Office of Bar Counsel on July 31, 2007. [5]

### III. ARGUMENT

Pursuant to Rule 55(a), a defendant is required "to plead **or otherwise defend**" against Plaintiff's Verified Complaint or face default. While Defendant Scott filed a document entitled an "Answer", that document does not defend against the claims asserted by Plaintiff. Defendant does not specifically admit or deny any of the paragraphs in Plaintiff's Count I (breach of Contract) of Count II (Constructive Trust) as required by Rule 8 (b). In these circumstances, Rule 8(d) treats Plaintiff averments as being admitted. Defendant's pleading does not conform to Rule 10(b) for separate paragraphs or Rule 8(e) for simplicity, conciseness and directness. What is alleged has no bearing on any part of Plaintiff's Verified Complaint. Instead, its assertions are allegations over alleged ethical concerns of Plaintiff which had been rejected already by the D.C. Office of Bar Counsel. The assertions in Defendant's pleading clearing demonstrated that she has not defended against or answered Plaintiff's allegations. U.S. v. 23000 on U.S. Currency 356 F3d 157 (1st Cir 2004). Since Defendant has failed to deny the allegations in the Verified Complaint, these allegations must be deemed admitted. Campbell v. Campbell, 70 F2d 809, 83 App DC 237 (1948). The alleged fact that Defendant is Pro Se does not excuse her failure to file a timely answer. U.S. v. Ware, 172 FRB 458

---

[4] In so doing, the Bar Counsel on page 3 of its Decision, rejected the Defendant's position that Plaintiff had damaged Defendant's case and stated, "in fact, to the contrary the evidence reveals that you prevail in your EEOC case winning both compensatory and punitive damages…" The Bar Counsel went on to state, "absent an agreement or statutory provision to the contrary, Mr. Hickey is not bound to accept attorney fees awarded by EEOC as full payment for her services."

[5] Defendant on page 2 mentions that she paid plaintiff $16,200. However, this was included in paragraph 10 of Plaintiff's Verified Complaint and was taken into consideration in calculating that Defendant owed $170,095.86 for the legal services rendered in paragraph 13.

(D. Kans 1997).  A pro se party must meet minimum standards of pleadings which was not done in this case.  <u>Darbeau v. Library of Congress</u>, 453 F.Supp 2d 168 (DDC 2006).[6]

**CONCLUSION.**  Since Defendant has failed to otherwise defend against the averments in Plaintiff's Verified Complaint, default must be declared against Defendant.

        Respectfully submitted,

/S/_____
Robert J. Hickey, Bar No. 42341
Law Office of Robert J. Hickey
1050 17th Street NW, Suite 700
Washington, DC 20036
202.659-0536 (office)
202.659.0537 (fax)
Attorney for Plaintiff, Pro Se

---

[6] On this date, Plaintiff has also filed his Motion for Judgment on the Pleading, or in the Alternative, to Strike Defendant's Answer in Whole or in Part.

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of November 2007, Plaintiff's Request for Entry of Default was filed via the ECF system and by first class mail postage prepaid to Defendant Charlene Scott, 324 Shepherd Street NW, Washington, DC 20011.

/S/_____
Robert J. Hickey
1050 17th Street NW, Suite 700
Washington, DC 20036

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT J. HICKEY | ) | |
| 5601 LAMBETH ROAD | ) | |
| BETHESDA, MARYLAND 20814 | ) | |
| 202-659-0536 | ) | |
|      **Plaintiff** | ) | |
| | ) | Case: 1:07-cv-01866 (JDB) |
|      v. | ) | |
| CHARLENE SCOTT | ) | |
| 324 SHEPHERD STREET NW | ) | |
| WASHINGTON, DC 20011 | ) | |
| 202-291-0518 | ) | |
|      **Defendant** | ) | |

**ORDER ENTERING DEFAULT AGAINST DEFENDANT**

It appearing that Defendant Charlene Scott has failed to defend though duly served with Summons and Complaint against the allegations contained in the Verified Complaint filed by Plaintiff Robert J. Hickey, and an affidavit has been filed, it is hereby declared that Defendant is in default pursuant to Rule 55(a) of the Federal Rules of Civil Procedures.

                _____
                Clerk of the Court
                United States District Court of
                The District of Columbia

CC: Robert J. Hickey
    Law Offices of Robert J. Hickey
    1050 17th Street NW, Suite 700
    Washington, DC 20036