UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT J. HICKEY ) | |
| 5601 LAMBETH ROAD ) | |
| BETHESDA, MARYLAND 20814 ) | |
| 202-659-0536 ) | |
|         Plaintiff ) | |
| ) | Case: 1:07-cv-01866 (JDB) |
|     v. ) | |
| CHARLENE SCOTT ) | |
| 324 SHEPHERD STREET NW ) | |
| WASHINGTON, DC 20011 ) | |
| 202-291-0518 ) | |
|         Defendant ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, TO STRIKE DEFENDANT'S "ANSWER" IN WHOLE OR IN PART**

Plaintiff, Robert J. Hickey, hereby replies to Defendant Charlene Scott's[1] Opposition as follows.

**1. Plaintiff's Motion Should Be Treated As Conceded Since Defendant Failed to Address Her Arguments In Her Opposition**.  Under LCR 7(b) an **"within 11 days of the date of service…an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion.  If such a memorandum is not filed, within the prescribed time, the Court may treat the Motion as conceded."**  In her Opposition, Defendant states that the court should deny Plaintiff's Motion "as being without merit." The only reason given for this is her allegations to allow the Plaintiff's Motion "would curtail the process of justice [and that]" it is important for the this process be allowed to continue."  Defendant has failed to respond to the factual allegations set forth in Plaintiff's

---

[1] Defendant Scott claims that she is "presently" appearing <u>pro se.</u> However, on September 17, 2007, Defendant informed Plaintiff that "Mr. Swinson is still my attorney." Subsequently, Defendjant never informed Plaintiff that Mr. Swinson was no longer her attorney.  Not does she state in present Amendment when she had terminated Mr. Swinson's services.  Until Defendant explains this situation, Defendant should not be treated as <u>pro se</u>.

Motion. In these circumstances, the Defendant has conceded the Motion's factual allegations. Tanter v. DOI, 432 F Supp 2d 58 (DDC 2006). In addition, Defendant has failed to cite any legal authority for the proposed denial based on her unsupported assertion regarding alleged curtailment of process of justice. Hoffman v. United States, 266 F Supp 2d 27 (DDC 2003). As there are no material facts disputed, Plaintiff is entitled to Judgment on the Pleadings as a matter of law. Schuler v. Pricewaterhouse Cooper, 457 F Supp 2d 1 (DDC 2006).

**2. If The Court Does Not Grant Plaintiff's Motion For Judgment On the Pleadings, Plaintiff Is Entitled To His Alternative Motion of Striking Defendant's Answer.**
Defendant does not address Plaintiff's Alternative Motion to Strike. By failing to address this Alternative Motion in her Opposition, Defendant has conceded the merits of Plaintiff's Alternative Motion. Transworld Products v. Container Corp. 908 F Supp 1 (DDC 2005); Tanner and Hoffman, supra

**3. Defendant's Opposition Should Be Rejected For Untimely Service.** Under LCR 5.4 (d), a party who is without an electronic password "must serve and be served" in a manner consistent with FRCP Rule 5(b) which requires that service by Defendant be made at Plaintiff's attorney address: 1050 17th Street, NW, Suite 700, Washington, D.C. 20036. This is the address indicated on the Verified Complaint filing and on other pleadings sent to Defendant. In addition, Defendant had received correspondence from, and has sent correspondence to, this office and has also visited this office. Despite this, Defendant's Certificate showed that Opposition was sent to an erroneous address, 733 15th Street, NW, Suite 700, Washington, DC 20005. On December 7, 2007, Plaintiff received a "Correction to the Certification" to her Opposition dated December 6, 2007. Defendant had been served the Judgment for Pleadings on November 20, 2007 by first class mail, postage prepaid.

LCvR 7(b) requires that an Opposition "within 11 days of the date of service." Based on the above, Defendant's Opposition was untimely served and she should be considered as having waived her Opposition. <u>Fox v. American Airlines,</u> 389 F3d 1291, 363 App DC 459 (DC Cir 2004); <u>U.S. v. Certain Real Property</u>, 812 F Supp 25 9D ME 1991).

## CONCLUSION

For all the aforegoing reasons and those set forth in his original Motion, Plaintiff's Motion for Judgment on the Pleadings should be granted. Alternatively his Motion to Strike should be granted.

Respectfully submitted,

/S/_____

Robert J. Hickey, Bar No. 42341
Law Office of Robert J. Hickey
1050 17th Street NW, Suite 700
Washington, DC 20036
202.659-0536 (office)
202.659.0537 (fax)
Attorney for Plaintiff, Pro Se

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of December 2007, Plaintiff's Reply was filed via the ECF system and by first class mail postage prepaid to Defendant Charlene Scott, 324 Shepherd Street NW, Washington, DC 20011.

/S/_____

Robert J. Hickey
1050 17th Street NW, Suite 700
Washington, DC 20036