# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT J. HICKEY** ) | |
| **5601 LAMBETH ROAD** ) | |
| **BETHESDA, MARYLAND 20814** ) | |
| **202-659-0536** ) | |
| **Plaintiff** ) | |
| ) | **Case: 1:07-cv-01866 (JDB)** |
| **v.** ) | |
| **CHARLENE SCOTT** ) | |
| **324 SHEPHERD STREET NW** ) | |
| **WASHINGTON, DC 20011** ) | |
| **202-291-0518** ) | |
| **Defendant** ) | |

### PLAINTIFF'S MOTION TO DISMISS AMENDED ANSWER TO COMPLAINT, DEFENSES AND COUNTERCLAIM AND, IN THE ALTERNATIVE, MOTION TO STRIKE

On apparently November 30, 2007, Defendant Charlene Scott[1] prepared the above-entitled

proposed Amendment which was sent to Plaintiff at the wrong address. On December 6,

2007, she prepared a Correction to the Certification Statement noting that her prior Pleading

had been sent to the wrong address[2] and sending her amended pleading to Plaintiff's correct

---

[1] Defendant Scott claims that she is "presently" appearing pro se. However, on September 17, 2007, Defendant informed Plaintiff "Mr. Swinson is still my attorney." Subsequently, Defendant never informed Plaintiff that Mr. Swinson was no longer her attorney. Not does she state in present proposed Amendment when she had terminated Mr. Swinson's services. On December 21, 2007, Plaintiff received an unauthorized "Defendant's Response" dated December 20, 2007 in which Defendant again fails to state what the status of Mr. Swinson is. At the time of his communications of September 17, 2007, Defendant was fully aware that Plaintiff intended to commence litigation against her to recover the money owed to him by Defendant. Also Defendant should clearly state whether Mr. Swinson, her sister who is an attorney, and/or any other attorney is advising her in this matter. Until Defendant explains this situation, Defendant should not be treated as pro se.

[2] Since Defendant is without an electronic password, she must, under LCR 5.4(d) serve and be served in a manner consistent with FRCP Rule 5(b) which requires that Plaintiff be served at his attorney's address: 1050 17th Street, NW, Suite 700, Washington, DC 20036. Defendant is fully aware of the address from the Verified Complaint and other pleadings sent to Defendant. She is also aware from correspondence from and sent to this address and from her visit to his office and to his replacement who was located in the same building. No explanation is given by Defendant for using the wrong address.

address which was received by Plaintiff on December 7, 2007. Plaintiff responds to this corrected pleading as follows.

## POINTS AND AUTHORITIES IN SUPPORT OF MOTION

**I.  MOTION TO DISMISS**

**A.  GENERALLY**

**1.  Defendant Failed To File A Motion Or Application For Leave To File Her Amendment.**

Defendant is required to file a Motion for Leave to File her proposed Amended pleading including her new Counterclaim. In as much as this was not filed, the Court should dismiss her proposed Amendment in its entirety. LCvR 7(i) and 15.1 Strauss v. Norwegian Caribbean Lines, 613 F Supp 5 (DDC 1984); Adair v. Johnson, 216 FRD 183 (DDC 2003); Hewlett-Packard v. Arch Associates Corp, 172 FRD 151 (E.D. Pa 1997); U.S. v. Thompson, 395 F Supp 2d 941 (E.D. Cal 2005)

**2.  Defendant Failed To Confer With Plaintiff Before Filing Her Amendment**.

LCvR 7(m) imposes on the parties the duty to confer on non-dispositive Motions. Under this Rule, a party is required to discuss any anticipated Motion with the opposing counsel in a good faith effort to determine whether there will be any opposition to the relief sought. The party is then required to include in the Motion a statement that the required discussion occurred. The failure to confer subjects the party to attorney fees and costs being awarded against it. The duty is applicable to pro se litigants such as the Defendant. In the present case, as noted above, Defendant did not file the required Motion (which would have been non-dispositive.) Further, Defendant did not confer with Plaintiff prior to filing her proposed Amendment. Nor does she explain why this was not done. Since Defendant is clearly in violation of Rule LCvR 7(m), her proposed amendment must be dismissed.

**3. Defendant Fails To Comply With Federal Rules**.

Arguing, arguendo, that Defendant is truly pro se, she is still required to follow the Federal Rules.  As set forth more fully below, everything about Defendant's proposed Amendment violates the Federal Rules.  Young v. Office, 217 FRD 61 (DDC 2003).  Defendant, for example, fails to comply with Rule 8's requirement for a short and plain statement of her any alleged Counterclaim; her proposed Answer and Defenses are argumentative and contrary to prior admissions and is otherwise unintelligent, confused and ambiguous.  The pleading fails to give Plaintiff fair notice of her Answer, Defenses and Counterclaim contrary to the requirements of the Federal Rules.  Because of prior pleadings filed by Plaintiff, Defendant has been made aware that her pleadings do not comport with the Rules requirements, yet she continues to fail to conform to the Rules.

**B. ANSWER**

**1. Untimely**

Under Rule 12(a), a Defendant shall serve her Answer "within 20 days after being served with the summons and complaint" plus 3 days for service by mail.  The Verified Complaint was filed by Plaintiff on October 17, 2007.  Defendant's proposed Answer was received December 7, 2007.  Under the Rules, her Answer was due on November 10, 2007.  Defendant neither sought or received an extension to file late.  Accordingly, her Answer must be dismissed as untimely.

**2. No Short and Plain Statement**

Rule 8(b) requires a Defendant to state in "short and plain terms" her defenses to each claim.  Rule 8(e)(1) requires each averment in a pleading to be simple, concise and direct.  Defendant's proposed Answer does not comply with these requirements.  Instead of simply affirming or denying the allegations in the Verified Complaint, Defendant engages in arguments which is not permitted and which she makes in a rambling, vague manner so that

it is impossible for Plaintiff to defend against these assertions.  Since these defects affect her

entire proposed Answer, it should be dismissed in its entirety.  Kimberly-Clark v. Kleenze

Chemical, 194 F. Supp 876 (ND Ga 1961)

**3.  Not Responsive to Matters Raised in The Verified Complaint**

Defendant is not permitted to integrate into her proposed Answer irrelevant and immaterial

matters.  Her proposed Answer to be permitted must relate only to matters in the Verified

Complaint.  For example, Defendant includes in paragraph 7 a reference to an EEOC

proceeding after the EEOC specifically stated it was not deciding matters involving the

contract between the parties.  Another example is in her paragraph 12 where Defendant

discussed Plaintiff's alleged refusal to work for Defendant in 2005-2006 even though this

period is not covered in Plaintiff's Verified Complaint, Count I.  Paragraph 18 covers

alleged work done by Defendant although this was not included in Plaintiff's Fee Petition.

In some paragraphs, for example paragraph 10, Defendant claims she is denying the

averment but her added comments appear to be the opposite.  Given that Defendant's

proposed Answer bears little relationship to the Verified Complaint and is ambiguous or

inconsistent, it should be dismissed.  Sherells v. Beison, 2005 WL 1711132 (D Mich 2005)

**4.  Dishonest Sham Assertions and Retraction of Admissions**

Defendant's proposed Answer is patently dishonest.  Plaintiff's Verified Complaint is a

mere repeat of the terms of his legal services agreement with Defendant.  That this is so can

be seen from the agreement itself which was attached to the Verified Complaint.  As part of

Defendant's original Answer, she attached the identical contract with Plaintiff.  This in

essence was the admission of the paragraphs in the Verified Complaint based on this

agreement.  Defendant's proposed Answer is an attempt to retract this admission which

cannot be permitted.  Artista Records v. Flea World, 356 F. Supp 2d 411 (D Mo 2005).

Given Defendant's knowledge of her contract, she may not act with impunity to deny these

4

allegations.  In such circumstances, the Court should treat Defendant's denials as conceding Plaintiff's averments of the contract's contents

### 5.  Failure to Support Proposed Answer with An Affidavit or Verification

Here Plaintiff filed a Verified Complaint.  It is not sufficient for Defendant to make wild and false allegations in her proposed Answer unsupported by any affidavit or verification. Without such an affidavit, Defendant's proposed Answer should be dismissed particularly since she filed no motions seeking leave to amend.

### C.  DEFENSES

### 1.  Does Not Separate Defenses under Rule 8(b)

Under Rule 8(b) the party must state in short and plain terms her defenses to each claim asserted.  All defenses must be kept separate. Steinhardt Novelty Co. v. Arkay Infant Wear 10 FRD 321 (ED NY 1950).  In her present proposed Amendment, Defendant on pages 5 and 6 lists 4 numbered paragraphs.  However, on page 5, she also includes three additional unnumbered paragraphs, following numbered paragraph 3 so that it cannot be determined whether they are meant to be separate defenses, part of other defenses, or merely self-serving additional comments.  Even the numbered paragraphs include multiple unrelated items.  For example, paragraph 1 included a claim that there was no written contract (even though she had submitted one with her original Answer) and her complaint to the Bar Association (omitting that her complaint was rejected by Bar Counsel).

### 2.  No Short and Plain Statement

Similar to the problems with Defendant's proposed Answer, her proposed Defenses fail to meet the requirements of Rule 8 (b) and 8(e).  Besides being irrelevant, the proposed Defenses are unintelligible for which they should be dismissed.

### 3.  Irrelevant and Immaterial

None of the Defendant's Defenses relate to the allegations in Plaintiff's Verified Complaint. They relate to Defendant's Complaint to the D.C. Bar Association (Defense No. 1), to a decision by an EEOC Administrative Judge (Defense No. 2), to Plaintiff's personal injury case in which Defendant was not a party (Defense No. 3) and to Plaintiff's alleged refusal to do future work for Defendant (Defense No. 4). There are also three unnumbered paragraphs which do not comport with the requirements of Rule 8 (b). Inasmuch as none of the Defenses relate to Plaintiff's Verified Complaint (as well as being argumentative), they should be dismissed.

## D.  COUNTERCLAIM

### 1.  No Explanation Given For Omission From Original Answer

Defendant's original Answer contained no Counterclaim. There is no explanation given by Defendant as to why it was omitted. As can be seen, all of the allegations in the Counterclaim were known to Defendant at the time of her original Answer. In fact, most of the allegations were previously presented by Defendant to Bar Counsel for the District of Columbia Bar Association and were rejected. In the absence of an explanation, the proposed Counterclaim should be rejected for not being included with her original Answer. Further, she did not ask the Court for leave to file her Counterclaim.

### 2.  Not Allowed Where Amendment Would Be Insufficient and Futile

Amendments are subject to dismissal where they would not assert a valid claim and would otherwise be futile. James Madison LT v. Ludwig, 82 F3d 1085, 317 App DC 2186 (1996) As set forth more fully below, it is clear that Defendant's proposed Counterclaim does not present a valid claim and must be dismissed.

### 3.  Standard—Bell Atlantic

The standard for legal sufficiency is the same as for a motion to dismiss. In Bell Atlantic v. Twombly, 127 S Ct. 1955 (2007), the Supreme Court dismissed a complaint because it did

not allege sufficient facts to win at trial.  The factual allegations must be enough to cause a right to be raised above a speculative level.  See also <u>EEOC v. Concentra</u> 496 F3d 773 (7th Cir 2007) <u>Hogue v. Palisades Collections,</u> 494 F Supp 2d 1043 (SD Iowa 2007)

**4.  Applies to <u>Pro Se</u> Litigant**

As noted earlier, it is not clear the basis of Defendant's claim that she is "presently" appearing <u>pro se</u>.   Here Defendant informed Plaintiff just prior to his filing of his Verified Complaint that she was represented by an attorney.  Defendant at that time was aware that Plaintiff was contemplating litigation against her. She never informed Plaintiff subsequently that her attorney had been terminated or had withdrawn.  So her alleged status as a <u>pro se</u> Defendant is suspect.  However, even if she were a true <u>pro se</u> litigant, the rules governing the sufficiency of a claim would be equally applicable to her.

**5.  Grounds for Dismissal**

**a. Lack of Separate Counterclaim**

Rule 10(b) requires that each claim founded upon a separate transaction or occurrence be stated in a separate count.  Separation into separate claims is necessary to facilitate a claim presentation of the matters set forth so that Plaintiff would have a clear notion of the claims against him. Because the language in the Counterclaim is confusing, it is unclear whether Defendant is asserting one or more claims and what they might be in violation of Rule 10(b).

**b. Futile**

**(1) No Claim on its Face Shown**

Although the Counterclaim contains numerous alleged comments about Plaintiff, it does not, on its face, set forth any specific claim against Plaintiff. <u>Williams v. Holiday Inn,</u> 295 F.Supp 2d 27 (DDC 2003).  Accordingly, the claim must be dismissed.  <u>Freeman v. Fairman,</u> 916 F Supp 786 (ND Ill 1996).

**[a] The Counterclaim Violated Rule 8(a).**

Rule 8(a) requires a Counterclaim to be set forth in a short and plain statement of the claims showing its pleader is entitled to relief. This requirement is not met in Defendant's Counterclaim. The Counterclaim consists of 28 single spaced paragraphs which singularly and collectively are lengthy, verbose, rambling, confused, ambiguous and vague. Banks v. Gonzales, 496 F Supp 2d 146 (DDC 2007) Because of this, Plaintiff does not know what Defendant is claiming. Flood v. Margois, 60 FRD 474 (D Wisc 1973). The most that can be said is that the Counterclaim is a repeat of the Complaint which Defendant made to the Bar Counsel of the District of Columbia which had been rejected.[3] Because of this vagueness and confusion, the Counterclaim should be dismissed. Further the Counterclaim contains no claim for relief as required by Rule 8(a).

**[b] Allegations are Frivolous**

Certain of the statements in the Counterclaim are frivolous and would have to be dismissed on that basis alone. Centex Const v. Acstar Inc., 468 F Supp 2d 697 (ED Va 2006). For example, after Defendant complains about Plaintiff representation of her, she still wanted him to represent her on appeal.

**(2) Not meritorious**

To avoid dismissal, the claim must be meritorious. Kudjodi v. Wells Fargo Bank, 181 F Supp 2d 261 (DDC 2001) Gabourcl v. Bouchard Transport, 901 F Supp 142 (SD NY 1995). Because her Counterclaim does not set forth the essentials of any claim, it must be dismissed. Belzian v. Hershorn, 434 F3d 579, 369 App DC 16 (2006); Weyrich v. New Republic, 235 F3d, 617 344 App DC 245 (2001). There is no cognizable legal theory

---

[3] In addition, Defendant's various allegations as to how Plaintiff damaged her case, were rejected by D.C. Bar Counsel, stating, "the evidence reveals that you prevailed in your EEOC case winning both compensatory and punitive damages…"

indicated in the Counterclaim.  Mousel v. Knutson Mortgage Co., 863 F Supp 658 (D Minn

1997).   If Defendant is relying upon some novel legal theory, she has obligations to set it

forth so that both this Court and Plaintiff are aware of what is being pled.  Kugel v. U.S.,

947 F2d 1504, 292 App DC 135 (1991).   Finally, the Counterclaim fails to set forth a claim

for relief as required by Rule 8(a).  Hogue v. Palisades Collections, supra.   In the absence

of a prayer for relief, it is even questionable whether the allegations even constitute a valid

Counterclaim.  Riverside-Memorial Mausoleon v. UMET Trust , 581 F2d 62 (3rd Cir 1979)

**c.  Not Brought In Good Faith—Harassment**

The instant Amendment was filed by Defendant in bad faith to harass Plaintiff.  Brown v.

DC Unemployment Compensation Board, 411 F.Supp 1001 (DDC 1975)

Count 1 of Plaintiff's Verified Complaint has attached to it a copy of his agreement of

November 14, 1997 with Defendant for legal services.  Defendant in her first Answer also

attached this same agreement.  Despite this, Defendant attempt to mislead the Court as to

her obligations under the November 14, 1997 agreement.  She starts with the first paragraph

of her Counterclaim (CC No. 1, also CC No. 6) in which she asserts she entered into an

agreement with the firm of Burch and Cronauer, not Plaintiff, whereas the actual agreement

says it is "between Robert J. Hickey …and Ms. Charlene Scott."  There is no mention in the

entire agreement of Burch and Cronauer.  Also, in her first Answer, Defendant had not

specifically denied any of the Plaintiff's allegations, in her proposed Answer she denies the

paragraphs in Count I even though they are based on the parties' agreement.  Again, while

making various vituperative remarks about Plaintiff, Defendant stated in her first Answer,

"Mr. Hickey should be reasonably paid for the reasonable work that he performed."


Plaintiff began his representation of Defendant on November 14, 1997 in a case involving

sexual harassment at the U.S. Department of Energy.  For the next several years, the DOE

vehemently denied that it was the Defendant's employer and that EEOC had any jurisdiction. DOE raised this issue in every pleading over the next eight years and was still raising this in 2006 at the time Defendant changed attorneys. Despite this, Plaintiff was successful in establishing that Defendant was an employee and not an independent contractor at DOE and that she was entitled to damages for flagrant sexual misconduct. Also DOE continued to argue that it was not responsible for any misconduct that occurred at Defendant's home which the EEOC rejected.

In addition to the sexual harassment, DOE also retaliated against Defendant by effectively terminating its relationship with her. As a result, soon after her relationship began with Plaintiff at the end of 1997, Defendant found herself unemployed. Later she found employment which did not pay her what she had been receiving at DOE. The practical effect was that Defendant could not pay her bills, including those for Plaintiff. As a result, Plaintiff accepted from Defendant what she claimed she could pay, which often was nothing or an occasional payment of a couple of hundred dollars. This was done with the understanding that Defendant would increase her payments when her financial situation improved. In preparing Defendant's case for the EEOC hearing, Plaintiff discovered that, in fact, Defendant had been earning more than what she had received at DOE and was expecting further pay increases.

After success before the EEOC in September 2005, Plaintiff contacted Defendant about increasing her payments to him under their 1997 agreement. However, he was shocked to learn that Defendant had no intention of honoring the terms of their agreement but would leave him to what the EEOC determined under its regulations was owed to her to be paid by the DOE. Because the EEOC regulations differed from the parties' contract, this would provide substantially less to Plaintiff. Furthermore, Defendant wanted Plaintiff to work in the future on the same basis which could result in no payment depending on the success of

her appeal if undertaken.  Although Plaintiff offered several alternatives as a compromise to settle this, Defendant would not budge.  Instead, she decided to change attorneys and not pay Plaintiff.

Plaintiff sought to appeal the EEOC calculations as not being consistent with cases interpreting its regulations.  Both Defendant and her then attorney informed him they had no difficulty with him doing this as part of their appeal.  However, Defendant decided not to appeal and only inform him of this after the time for appeal had run.  The EEOC later held that Plaintiff could not to appeal on his own.  In so doing, the EEOC made clear that it was not ruling on Plaintiff's contract with Defendant.  When Plaintiff sought payment under his contract, Defendant filed an ethics complaint with the Bar Association, raising essentially the same issues in her proposed Counterclaim.  The D.C. Bar Counsel rejected this.

Thus, Defendant has for 10 years has avoided paying Plaintiff what is owed him under their contract.  First, by not paying him what she was capable of paying him.  Secondly, by unilaterally attempting to change their arrangement retroactively to remove any obligation on her part to pay him.   Third, by not cooperating in Plaintiff's appeals as to what was owed in the EEOC case which would have reduced what she owed under her  contract. Fourth, she filed a frivolous complaint with the Bar Association which was rejected. Fifth, she had implausibly and incredibly alleged various litigation misconduct during 1997 to 2005 but inconsistently also complained that Plaintiff would not represent her in 2005. Sixth, Defendant has withheld all $139,338.27 paid by DOE as awarded by EEOC even though she is claiming that she owed $16,200 of that amount.  (Proposed Answer, page 4, paragraph 24).  (The irony is that she is seeking this money under the contract at the same time denying Plaintiff what is owed under the same contract).  Seventh, Defendant reused to

state whether Mr. Swinson, her sister, an attorney, and/or some other attorney, is assisting

or advising her in this litigation.   The entire course of contract by her reflects bad faith and

harassment of Plaintiff.  Defendant's current proposed amendment reflects her conducting

this litigation in bad faith and should result in its dismissal in its entirety.  Gabourel v.

Browdard Transport Inc. 901 F. Supp 142 (SD NY 1995);  Kudjodi v. Wells-Fargo, 181 F

Supp 2d 1 (DDC 2001)

**II.  MOTION TO STRIKE**

**A.  ANSWER**

**1.  Irrelevant and Immaterial**

To be relevant and material, the matters raised in Defendant's proposed Answer must relate

to matters raised in Plaintiff's Verified Complaint.  The Verified Complaint consisted of

only two Counts—one for breach of a legal services contract and the other for a

constructive trust for money held by Defendant received from the Department of Energy for

payment of Plaintiff's legal fees as determined by the EEOC under its regulations.  A

review of Defendant's proposed Answer shows a number of items raised by Defendant not

having a relationship to these two Counts.

Thus, as to Count I, Defendant in paragraph 7 refers to Plaintiff not submitting her interest

charge under her contract with Plaintiff to the Department of Energy, even though EEOC

stated it was not deciding matters under the parties' legal services contract.  Defendant's

assertion in paragraph 12 that Plaintiff allegedly refused to do future work in 2006 on

Defendant's case has nothing to do with the period for which Plaintiff sought payment

which ended in April 2005.  As to her proposed paragraph 8, her response does not state

that Defendant made any specific written objections to any billing statement from Plaintiff

writing during the 30-day contractual period as set forth in Plaintiff's paragraph 8.  As to

her paragraph 10, although Defendant says "Deny", she admits that Plaintiff's bill was for

$186,295.46.  She also states that she paid Plaintiff $16,200 but ignores paragraph 11 of the Verified Complaint in which Defendant is given credit for that amount by Plaintiff who is seeking only $170,095.86.

As to Count II, paragraph 18 of the Verified Complaint seeks only fees for Plaintiff's work is included in his Petition for Fees.  That Defendant might have done work on her own case is irrelevant since her services were not included in the Petition and is not so alleged by Defendant in her proposed Answer.  As to paragraph 19, Defendant included (false) allegations relating to retention of her records and relating to Plaintiff's alleged refusal to do future legal services for Defendant which is not the subject of the Verified Complaint.  In Defendant's proposed paragraph 4, she refers to a cover letter as part of Plaintiff's legal services agreement with her.  However, the agreement itself (which was also part of Defendant's original Answer) does not refer to this cover transmittal letter as part of the agreement.  In as much as the above assertions lack any relationship to the Verified Complaint, they must be stricken.  Sherills v. Beison, supra.

## 2. Argumentative

Under Rule 8(b), "a party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the argument upon which the adverse party relies."  Defendant Scott ignores the requirement of affirming and denying and goes beyond this to make arguments which are not short and plain.  Thus, Defendant avoids affirming or denying in regard to the following paragraphs in Plaintiff's Verified Complaint's 18, 20, 24 for which Defendant could have answered.

More importantly, Defendant does not confine herself to affirm or deny but engages in additional arguments as to almost all paragraphs.   See Defendant's paragraphs 4-12; 17-25.  Defendant affirmances and denials must fairly meet the substance of Plaintiff's averments in this Verified Complaint so that it is clear what defenses Plaintiff is being called upon to

respond.  It is appropriate to strike these surplus arguments.  <u>Temperato v. Rainbolt</u>, 22

FRD 57 (ND Ill 1958); <u>Metropolitan Life Ins v. Przbil</u> 2002 WL 31641591 (ND Ill 2002).

Because Defendant's proposed Answer consists mostly of arguments, it should be stricken

in its entirety.

## B.  RULE 8 (b) DEFENSES

As stated above, Defendant has included in her proposed Answer, a section labeled

"Defenses."  These consist of 4 numbered defenses and one unnumbered (3 paragraphs)

Defense on page 5.  Inasmuch as the unnumbered defense does not meet the requirement of

Rule 8(b), it should be stricken, if not otherwise dismissed.

## 1.  Irrelevant and Immaterial

All four of the numbered Defenses contain irrelevant matters not material to Plaintiff's

Counts in his Verified Complaint.  Defense No. 1 refers to Defendant's Complaint to the

D.C. Bar Association.  Not only is that not relevant, it also ignores the fact that her

complaint was rejected by Bar Counsel.  Defense no 2. refers to a decision by an EEOC

Administrative Judge which is not relevant to anything in Plaintiff's Verified Complaint,

and ignores that the EEOC itself made clear in its decision that it was not deciding any issue

involving Plaintiff-Defendant legal services contract.  Defense No.3 refers both to action by

Plaintiff in a personal injury case, in which Defendant was not a party, and also to

Defendant's complaint to the Bar Association.   There is nothing in the personal injury case

relating to Plaintiff's Verified Complaint.  The former case relates an injury to Plaintiff's

leg in July 1997 which left him using a cane.  Plaintiff did not make any claim for lost work

due to being unable to work (since that did not occur).  He was also using a cane at the

beginning (November 1997) of and during his eight-year representation of Defendant,

during which time Defendant could have changed attorneys if it bothered her (which

obviously it did not).  Defendant made the same assertion in her complaint to the Bar

14

Association which rejected it.  Defense No. 4. refers to an alleged termination of work for

Defendant by Plaintiff after September 2005.  This is not the subject of Plaintiff's Verified

Complaint.  Further, Plaintiff never terminated his agreement with Defendant.  Their

arrangement came to an end when the Defendant retained a new attorney (See her proposed

answer No. 12).  As none of her Defenses are relevant to the Verified Complaint, they

should all be stricken.

**2.  Argumentative**

Similar to her proposed Answer, Defendant proposed defenses do not conform to Rule 8(b)

as they do not contain short and plain statements of her defenses, but instead are

argumentative, (as well as immaterial) and must be stricken for this reason as well.

**C.  COUNTERCLAIM**

**1.  Not Short and Plain Statement**

A review of the proposed Counterclaim shows that it does not meet Rule 8(a) requirements

that it be short and plain.  It contains too much detail on immaterial matters.  Guillano v.

Everything Yogurt, 819 F Supp 240 (ED NY 1993) Not does it meet Rule 8(e) requirements

that each averment must be simple, concise and direct.  The Counterclaim consists of 28

singled paced paragraphs containing numerous, unconnected matters.  Cranney v. Trustees,

139 F Supp 130 (D Mass 1956).  The Counterclaim is too confused, ambiguous and vague

and otherwise unintelligible that its true substance, if any, is well disguised.  Nagel v.

Pocanco Medical Center, 168 FRD 22 (MD Pa 1996);  Schmidt v. Herrmann, 614 F2d 1221

(9th Cir 1980).  It clearly does not give fair notice of what she is claiming and must be

stricken.  General Electric Capital Corp v. Lawman, 2006 WL 2077103 (D Ohio 2001).

**2.  Misleading**

There are a number of misleading (if not totally false) statements made by Defendant in her

proposed Counterclaim.  These include:

**a**. In paragraph 1, Defendant asserts she had a contract with the former firm of Burch and Cronauer and not with Plaintiff. However, the contract presented by Defendant with her original Answer shows that it is only with Plaintiff. There is no mention of Burch and Cronauer.

**b**. In paragraph 2, Defendant appears to be claiming that she did not authorized Plaintiff to represent her after he left the offices of Burch and Cronauer in April 1998 where he shared office expenses. However, Defendant does not explain how he continued to represent her from 1998 until 2006 without her approval and even after she wanted him to continue to represent her beyond that date. She even admits in her paragraph 3 visiting her office.

**c.** In paragraph 4, Defendant implies that she first became aware of the fees owed to Plaintiff after September 2005. However, in her proposed Answer paragraph 8, she admits having knowledge of his Plaintiff fees in 1998 which could have come to her only through the statements regularly sent by Plaintiff to Defendant. She never denies getting statements from Plaintiff.

**d**. In paragraphs 5, 6, 7, 11 Defendant refers Plaintiff's alleged refusal to enter to a new contract in 2005-2006 with her although Plaintiff already had an agreement with Defendant as evidenced by the attachment to her original Answer. Defendant does not refer to anything which would have obligated Plaintiff to enter into a new contract with her.

**e**. In paragraphs 6 and 13, Defendant refers to Plaintiff allegedly refusing to work on her case in 2006 but ignores that, at that time, she was refusing to pay any of the $170,095.86 with interest she owed him under their existing agreement or to pay him for any future work under a contract.

**f**. Defendant in paragraph 8 refers to Plaintiff talking to DOE about payment of his outstanding fees. Plaintiff had filed a Petition for Fees for his services in her case and was required by EEOC to negotiate with the DOE to resolve any dispute on this matter.

Defendant was fully informed of these negotiations.  Defendant is also aware that in his

closing brief on her behalf to the Administrative Judge.  Plaintiff had discussed a list of

remedies for Defendant.  He also discussed with Defendant her appealing the remedies not

awarded but Defendant would not commit herself on this issue while Plaintiff represented

her.

**g**.  As to paragraph 9, the Petition for Fees submitted by Plaintiff in early October 2005 did

not included any work done by Defendant (who is not a lawyer) and none is pointed to by

Defendant.  That an EEOC complainant does work on her own complaint is normal,

particularly when her complaint involved sexual harassment at her home and a work

relationship with DOE of which only she had direct knowledge.

**h**.  Paragraph 10 fails to point out that no settlement was ever reached with DOE and

Defendant on the figure set forth in this paragraph or on any other figures.

**i.**  Paragraphs 15, 16, 17, 18, 19 were items considered by the EEOC and later by the Bar

Counsel who rejected Defendant's position.  These are items which Defendant could have

presented on appeal to the EEOC but chose not to do.  Since Plaintiff was no longer

representing Defendant in 2006, he did not participate in any way in her decision on

appealing.  Furthermore, her assertion in this regard lacks merit.

**j.**  In paragraphs 20 and 21, Defendant mistakes Plaintiff's position on the records in her

sexual harassment case.  Plaintiff needed these records to establish the basis for his fees

both for his contract dispute with Defendant and for his Petition for Fees with the EEOC.

Plaintiff was willing to provide copies of any record which he had and Defendant did not.

Her new attorney never identified any missing records.  Further, Plaintiff was willing to

work with Defendant's new attorney on the availability of her records held by him, if it

proved necessary.  Again, Plaintiff was never contacted on this by new attorney.  This is

also one of the complaints brought by Defendant to the Bar Association which was rejected by Bar Counsel.

**k**. Paragraph 22 is misleading in that both Defendant and her new attorney consented to Plaintiff filing an appeal of his dispute over attorney fees awarded by the EEOC as part of Defendant's appeal but when Defendant decided not to appeal, and only informed Plaintiff after the time for appeal had run, the EEOC held that he could not appeal on his own.

**l.** Paragraphs 23 through 26 all refer to the implication that Plaintiff allegedly prevented Defendant from going to Federal Court because he was allegedly unable to work. As noted in paragraph 24, this was part of Defendant's complaint to the Bar Association which was rejected by Bar Counsel. Further, there is no assertion by Defendant that she had the funds to proceed to litigation in the Federal Court which would have been inconsistent with her claimed inability to pay Plaintiff during this period. As for allegations that Plaintiff was unable to work on her case, his Petition for Fees show the extensive amount of work performed for Defendant which was recognized by the EEOC in its award of payment for his work. At the time of her retaining Plaintiff and thereafter for eight years, Plaintiff had been using a cane because of an accident several months previously and worked during the entire period, including on her case.

**m.** Paragraph 27 and 28 refer to Defendant 's computation of what she perceived as the monetary value of charges which were not accepted by the EEOC and to which she also chose not to appeal.

**Summary**. Plaintiff filed a Verified Complaint. In filing her Counterclaim, Defendant has chosen not to submit it with an affidavit to support any of the allegations in the Countclaim. The allegations, if not totally false, are misleading, since Defendant leaves out material facts such as her allegations having been previously rejected by the Bar Counsel and the EEOC.

The discussion above are examples of this.  If the Counterclaim is not dismissed for reasons stated above, the above paragraphs at a minimum should be stricken as misleading.

**3.  Scandalous and Vituperative and Personal Attack.**

On her page 10, following paragraph 28, Defendant engages in vituperative and personal attack on Plaintiff.  She accused him of lying, practicing law in a chicanerous manner, including sacrificing her interests in the case and other alleged misconduct.  Such attacks constitute scandalous behavior which must be stricken.  Martin v. Hunt, 29 FRD 14 (D Mass 1963),  Global View Ltc. v. Great Central Basin Exploration, 288 F Supp 2d 473 (S.D. NY 2003).  The fact that none of these assertions have any merit is evidenced by the fact that despite this alleged misconduct, Defendant wanted Plaintiff to continue to work on her case (without pay).  See, for example, paragraph 6 on page 7 (Counterclaim) and paragraph 4 on page 1 (Defenses)

**III.   CONCLUSION**

For all of the reasons stated above, Defendant's proposed Amendment should be dismissed or, in the alternative, should be stricken in whole or in part.

/S/_____

Robert J. Hickey, Bar No. 42341
Law Office of Robert J. Hickey
1050 17th Street NW, Suite 700
Washington, DC 20036
202.659-0536 (office)
202.659.0537 (fax)
Attorney for Plaintiff, Pro Se

19

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th of December 2007 Plaintiff's Motion to Dismiss or, in the Alternative, Motion to Strike was filed via the ECF system and by first class mail postage prepaid to Defendant Charlene Scott, 324 Shepherd Street NW, Washington, DC 20011.


/S/_____
Robert J. Hickey
1050 17th Street NW, Suite 700
Washington, DC 20036

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**ROBERT J. HICKEY**  )
**5601 LAMBETH ROAD**  )
**BETHESDA, MARYLAND 20814**  )
**202-659-0536**  )
                               **Plaintiff**  )
                                            )  **Case: 1:07-cv-01866 (JDB)**
                                **v.**  )
**CHARLENE SCOTT**  )
**324 SHEPHERD STREET NW**  )
**WASHINGTON, DC 20011**  )
**202-291-0518**  )
                               **Defendant**  )

### AFFIDAVIT

I, Robert J. Hickey, hereby swear under penalty of perjury that all factual assertions set

forth in the aforegoing Motion to Dismiss or, in the Alternative, the Motion to Strike, are

true and correct.  Executed this 26th day of December 2007.

Robert J. Hickey
_____

Robert J. Hickey

Subscribed and sworn before me on this 26th day of December 2007.



Notary Public

KENNETH V. CUMMINS
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires October 14, 2009

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT J. HICKEY                          )
5601 LAMBETH ROAD                         )
BETHESDA, MARYLAND 20814                   )
202-659-0536                              )
                        Plaintiff         )
                                          )    Case: 1:07-cv-01866 (JDB)
                        v.                )
CHARLENE SCOTT                            )
324 SHEPHERD STREET NW                    )
WASHINGTON, DC 20011                      )
202-291-0518                              )
                        Defendant         )

ORDER

Upon consideration of Plaintiff's Motion To Dismiss The Amended Answer To Complaint,

Defenses, and Counterclaim and, in the Alternative, Motion to Strike and his accompanying

Points and Authorities, and any Opposition thereto, **IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion To Dismiss The Amended Answer, Defenses, and Counterclaim is

**GRANTED.**

2.  The Clerk shall enter Judgment in favor of Plaintiff on Count I in the amount of

$170,095.56 plus attorneys fees and costs involved in the enforcement of his contract

against Defendant and pre-judgment and post judgment contractual interest at 8% from

November 19, 1997 until payment in full of all fees, disbursements, costs and outstanding

interest.

3.  Under Count II, a Constructive Trust exists under which Plaintiff is entitled to a

beneficial interest on all monies ($138,338,27) awarded by the EEOC on Plaintiff's Petition

for Fees held by Defendant in escrow account including all interest earned thereon.

A. Defendant holds legal title to the escrow property in the Constructive Trust for use by

and benefit of Plaintiff.

B.  Defendant shall take immediate action to transfer to Plaintiff all money and interest in the escrow account, but no later than 14 days from the date of this Order.

C.  Defendant is directed to pay Plaintiff all legal costs including attorney fees in regard to the establishment and enforcement of the Constructive Trust.

D.  Defendant shall pay to Plaintiff interest on monies held in the escrow account if this is not already being done.

E.  Defendant shall make an accounting of all money and interest held in the escrow account.

F.  Any monies awarded to Plaintiff under Count II shall be used to reduce what Defendant owes to Plaintiff under Count I.

4.  The Court shall also grant such other relief that it deems reasonable and proper.

**SO ORDERED**


_____
Judge
United States District Court of
the District of Columbia


Copies to be sent to:

Robert J. Hickey
Law Offices of Robert J. Hickey
1050 17th Street NW, Suite 700
Washington, DC 20036

Charlene Scott
324 Shepherd Street NW
Washington, DC 20011