UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT J. HICKEY                        )
5601 LAMBETH ROAD                       )
BETHESDA, MARYLAND 20814                )
202-659-0536                            )
                    **Plaintiff**   )
                                )   Case: 1:07-cv-01866 (JDB)
                   **v.**        )
CHARLENE SCOTT                          )
324 SHEPHERD STREET NW                  )
WASHINGTON, DC 20011                    )
202-291-0518                            )
                  **Defendant**[1]   )

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S RESPONSE TO PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, TO STRIKE DEFENDANT'S "ANSWER" IN WHOLE OR IN PART AND, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUPPLEMENTAL REPLY**

On December 21, 2007, Plaintiff received Defendant's Response to Plaintiff's Reply dated December 20, 2007. Plaintiff files this Motion to Strike and, in the alternative, a Motion for Leave to file this Supplemental Reply.

**POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS**

**1. MOTION TO STRIKE**

---

[1] Defendant's footnote on her alleged pro se status is misleading. Because of Defendant's propensity for ignoring and bypassing her attorneys, Plaintiff had written in September 2007 to Defendant to find whether she was represented by an attorney. At the time, Defendant was fully aware that Plaintiff intended to proceed to litigation over her unwillingness to honor her contract with him if she would not settle the matter. This Plaintiff did after Defendant made clear she would not settle the matter to their mutual satisfaction. After informing Plaintiff on September 17, 2007 that Mr. Swinson was still her attorney, she never told Plaintiff that Mr. Swinson had been terminated or had withdrawn and does not do so in her current footnote. Further, Defendant does not state that she is not receiving any legal assistance from Mr. Swinson, her sister who is an attorney, and/or any other attorney. Without these assurances, Defendant should not be treated as pro se.

The Local Rules do not provide for a Response to a Reply. Even if viewed as a supplemental opposition, it would be untimely. Furthermore, Defendant did not ask for leave to file such a pleading and none was granted by the Court. On December 27, 2007, Plaintiff contacted by telephone Defendant. **He requested that she withdraw her Response. Plaintiff informed her that, if she did not withdraw, he would file a Motion to Strike. Plaintiff asked if that happened would she file an Opposition. Defendant replied she would get back to him with her answer but has not. Consequently, Plaintiff is not aware whether Defendant opposes his present Motion.**

2. MOTION FOR LEAVE TO FILE A SUPPLEMENTAL REPLY

a. Defendant's Latest Response Does Not Respond to All of Plaintiff's Objections Set Forth in Initial Reply

In his original Reply, Plaintiff set forth his position why his Motion for Judgment on the Pleadings should be granted or, in the alternative, why Defendant's original Answer should be stricken. Although Defendant claims her latest pleading is her Response to Plaintiff's Reply, it is evident that it does not do this. Of the three arguments in the Reply, Defendant only addresses his third argument relating to untimely service. She does not address his first and second Argument. In these circumstances, Plaintiff's first and second arguments should be treated as conceded.

b. Defendant's Failure to Contradict Plaintiff's No. 3 Argument that Her Opposition was Untimely Filed.

Defendant admits in her Response, page 2, that she made a mistake in mailing her Opposition to Plaintiff. She does not deny that her Opposition by mail was not received until December 7, 2007, which was beyond the time for service. Instead, Defendant argues that Plaintiff was aware of her Opposition on December 5, 2007 when he informed

2

Defendant of her error and asked to be sent the corrected Opposition. Defendant further does not dispute that Local Rule 5.4 (d). requires that a pro se Defendant must serve by mailing to the opposing party's address (which did not occur until December 7, 2007). Moreover, actual notice by means other that that authorized by the Federal Rules does not constitute valid service. Salley v. Board of Governors, 136 FRD 417 (MD NC 1991).

**c. Defendant Cannot Correct Deficiencies in Her Original Answer by An Amendment For Which She Had Not Requested Leave or Been Permitted to Amend And Which, In Any Event, Would Be Futile.**

Instead of addressing her actual Answer to Plaintiff, the subject of Plaintiff's Motion, Defendant raises the fact that she filed a proposed Amended Answer. However, as pointed out by Plaintiff in his Motion to Dismiss filed on December 26, 2007, Defendant never sought to obtain permission to file her proposed Amended Answer. Further, for reasons stated by Plaintiff in his December 26, 2007 Motion, this would be futile since the proposed Answer is legally insufficient. Finally, it is frivolous for Defendant to contend that her Original Answer and her proposed Amended Answer are "essentially the same" since a mere glance at both shows that they are not.

## CONCLUSION

Defendant's current Response is not permitted by the Local Rules and should be rejected. If not, Plaintiff should be permitted to file his Supplemental Reply set forth herein.

Respectfully submitted,

/S/_____

Robert J. Hickey, Bar No. 42341
Law Office of Robert J. Hickey
1050 17th Street NW, Suite 700

3

        Washington, DC 20036
        202.659-0536 (office)
        202.659.0537 (fax)
        Attorney for Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of December 2007, Plaintiff's Motion to Strike and, in the Alternative, for Leave to File a Supplemental Reply was filed via the ECF system and by first class mail postage prepaid to Defendant Charlene Scott, 324 Shepherd Street NW, Washington, DC 20011.

/S/_____

Robert J. Hickey
1050 17th Street NW, Suite 700
Washington, DC 20036

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT J. HICKEY ) | |
| 5601 LAMBETH ROAD ) | |
| BETHESDA, MARYLAND 20814 ) | |
| 202-659-0536 ) | |
|          Plaintiff ) | |
| ) | Case: 1:07-cv-01866 (JDB) |
|    v. ) | |
| CHARLENE SCOTT ) | |
| 324 SHEPHERD STREET NW ) | |
| WASHINGTON, DC 20011 ) | |
| 202-291-0518 ) | |
|          Defendant ) | |

**ORDER**

Upon consideration of Plaintiff's Motion To Strike "Defendant's Response to Plaintiff's Reply to Defendant's opposition to Plaintiff's Motion for Judgment on the Pleading or, in the Alternative, to Strike Defendant's Answer in Whole or in Part" and his accompanying Points and Authorities and any Opposition thereto, **IT IS HEREBY ORDERED**:

1. That Plaintiff's Motion is **GRANTED.**

2. That Defendant's Response shall be, and hereby is, stricken.

**SO ORDERED**

 

_____
Judge
United States District Court for
the District of Columbia

Copies to be sent to:

Robert J. Hickey
Law Offices of Robert J. Hickey
1050 17th Street NW, Suite 700
Washington, DC 20036

Charlene Scott
324 Shepherd Street NW
Washington, DC 20011