UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT J. HICKEY,

Plaintiff,

v.

CHARLENE SCOTT,

Defendant.

Civil Action No. 07-1866 (JDB)

FILED

JAN 0 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## ORDER

Plaintiff Robert J. Hickey brings this diversity action against defendant Charlene Scott seeking to recover what boils down to be a modest sum of attorney's fees for the legal services he previously provided. Plaintiff represented Ms. Scott in a Title VII action against the Department of Energy before the U.S. Equal Employment Opportunity Commission. See Compl. ¶ 16. Because Ms. Scott prevailed in that action, the administrative judge ordered the agency to pay Ms. Scott's attorney's fees and costs in the amount of $139,338.27. See id. ¶ 19. In reaching the appropriate figure to be awarded, the administrative judge found it was necessary to reduce the number of Mr. Hickey's compensable hours by 25%, finding the remainder to be "excessive or inadequately documented." Def.'s Ex. 1 at 5-6. The agency made the full payment of $139,338.27 to Ms. Scott, and the money has been placed in an escrow account. See Compl. ¶ 20. Based on the parties' written agreement, however, plaintiff now brings the instant action against defendant seeking to recover for all of the hours he allegedly worked on Ms. Scott's matter -- including those hours that were deemed unreasonable by the administrative judge.

Specifically, plaintiff now seeks recovery against defendant in the sum of $170,095.86. See id. ¶ 13. Plaintiff alleges that he billed defendant $186,295.86 for his legal services and only received payment from the defendant in the amount of $16,200.00. See id. ¶ 10. Thus, he is seeking the difference. While Ms. Smith is willing to pay plaintiff for his services, she disagrees as to the amount that is due. Ms. Smith is willing to pay plaintiff the amount that the administrative judge awarded, $139,338.27, minus the amount that she has already paid, $16,200.00, for a total of $123,138.27, as she has previously offered. See Def.'s Answer at 2. Plaintiff himself acknowledges that on four different occasions (in letters dated July 17, 2007; July 27, 2007; August 27, 2007; and September 10, 2007) defendant offered to release these funds for payment of his services. See Compl. ¶ 21. Therefore, it appears that this action boils down to a dispute over $46,957.59. Both parties agree that defendant has continually offered and is willing and able to pay $123,138.27 from the established escrow account for plaintiff's attorney's fees. Yet, plaintiff seeks $46,957.59 more, to satisfy all of the hours he billed on defendant's matter, notwithstanding the administrative judge's decision that those fees were unreasonable -- "excessive or inadequately documented" -- and hence not recoverable from the Department of Energy.

As it is well-known and often repeated, federal courts are courts of limited jurisdiction. Here, plaintiff asserts that jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332. However, a district court may only assert jurisdiction over a civil case pursuant to 28 U.S.C. § 1332 when two requirements are met: the parties to the action must be citizens of different states and the amount in controversy must exceed $75,000. Although plaintiff is seeking $170,095.86 in the instant action, the parties' positions are really only set apart by

$46,957.59. Obviously, this may raise questions about whether plaintiff has satisfied, or will continue to satisfy, the jurisdictional amount requirement to bring this action in federal court. Ultimately, of course, the parties could face questions of issue preclusion and this Court's assessment of the reasonableness of the additional fees claimed by plaintiff.

Because the parties' positions are relatively close, however, this Court determines that a more appropriate course at this point in time is to refer this case to a Magistrate Judge to facilitate discussions in an attempt to settle this matter. The Court is hopeful that the parties will benefit from such discussions and that they will be able to reach a resolution of their dispute.

Accordingly, it is this 7th day of January, 2008, hereby

**ORDERED** that this matter shall be referred to Magistrate Judge Kay for the sole purpose of the facilitation of settlement discussions; it is further

**ORDERED** that the proceedings before this Court are stayed pending further order of the Court; and it is further

**ORDERED** that the parties shall report to this Court on the status of those efforts by not later than March 7, 2008.

**SO ORDERED**.

/s/<br>
JOHN D. BATES<br>
United States District Judge

Dated: <u>January 7, 2008</u>