UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT J. HICKEY ) | |
| 5601 LAMBETH ROAD ) | |
| BETHESDA, MARYLAND 20814 ) | |
| 202-659-0536 ) | |
|     Plaintiff ) | |
| ) | Case: 1:07-cv-01866 (JDB) |
| v. ) | |
| CHARLENE SCOTT ) | |
| 324 SHEPHERD STREET NW ) | |
| WASHINGTON, DC 20011 ) | |
| 202-291-0518 ) | |
|     Defendant ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A COURT APPOINTED ATTORNEY**

On January 7, 2008, Plaintiff Robert J. Hickey received Defendant's Motion for a court appointed attorney. Defendant's Motion is not accompanied by Points and Authorities, a proposed Order and her affidavit. For reasons set forth below, Plaintiff opposes the Motion and requests the Court in it own discretion impose appropriate sanctions on Defendant and the unnamed attorney who prepared and assisted her in this Motion.

**ARGUMENT**

**1. The Motion Must Be Dismissed for Failure to Comply with Rules LCvR7 (a) and (c).**

Rule LCvR 7(a) and (c) require that a party filing a Motion must accompany her Motion with applicable Points and Authorities and a proposed Order. Neither of these accompanied her Motion. Plaintiff has previously informed Defendant of the need for her pleadings to comply with the Rules. Defendant had informed Plaintiff that she has a copy of these Rules and has so stated in her Response page 3 received by Plaintiff on January 7, 2008. Under these circumstances, the Motion should be dismissed for noncompliance with the Rules.

**2. Defendant Failed to Confer with Plaintiff Prior to Filing Her Motion.**

Defendant's Motion is non-dispositive and under LCvR 7(m) she must confer with Plaintiff prior to filing and to note this in her Motion. Neither of these requirements were met and no explanation is given for her not doing so. In her Response, page 3, filed at the same time, she acknowledged the obligation to confer. In these circumstances, such conduct warrants dismissal.

**3. No Basis Exists in Law or in Fact for Granting The Motion.**

As noted above, Defendant did not accompany her Motion with Points and Authorities. Nor does she include a referance to such authorities in the Motion itself. Plaintiff is aware of only one statute, 28 USC 1915, which permits a Court to appoint counsel. The local Rules implementing this statute is found in LCvR 83. 11. Under this provision, a Court can appoint only after determining that the case should not be otherwise dismissed under 28 USC 1915(e). In the present case, this has not occurred. Further, the only party who is entitled to an appointment is one appearing in forma pauperis who cannot obtain counsel by other means. LCvR 83.11(a). The party seeking such an appointment must file an appropriate affidavit of her assets. <u>Decristofaro v. U.S.</u>, 2006 WL 3488916 (Fed CL 2006); <u>Rhodes v. Houston</u>, 258 F Supp 846 (D Neb 1966), aff 418 F2d 1309 (8thCir 1969). In the present case, no such affidavit was filed. Nor could it be in light of her admission she is "gainfully employed."

Nor does Defendant provide any factual basis for providing her an attorney. She claims she is "having difficulty in identifying an attorney with the type of experience that is required in this case which involves a contract dispute…." Obviously, in a city with tens of thousands of lawyers, her position is incredible. In fact, Defendant has already retained such a lawyer, Mr. Leon Swinson, and so informed Plaintiff of this on September 17, 2007. Despite repeated requests in prior pleadings, Defendant has deliberately avoided stating what

2

happened to Mr. Leon Swinson--she has not stated that he has withdrawn or that he was terminated.

Further, it is clear that an unnamed attorney or attorneys are preparing her pleadings. The court can compare the Response filed by her on January 4,2008 with her original Answer and can easily see that it was put together by an attorney and not by Defendant. In addition, Defendant's sister is an attorney who is thoroughly familiar with her case and who can handle this matter or could identify another attorney for Defendant to use. Further, it should be noted that Defendant works at the D.C. Superior Court building and would be familiar with other attorneys. Defendant is also quite familiar with hiring attorneys and her present excuse is merely a subterfuge for delaying payment to Plaintiff.

**4. The Court on Its Own Motion Should Impose Sanctions on both Defendant and her Unnamed Attorney.**

A review of all the pleadings filed by Defendant, including the present Motion, demonstrates that they are being filed in bad faith as a way of not compensating Plaintiff for his successful representation of her. Ridge v. USPS, 154 FRD 182, (No Ill 1992), appeal dismissed 983 F2d 1073 (7th Cir 1993). Clearly, Defendant by harassing Plaintiff is subject to sanctions despite her alleged pro se status. Farriello v. Campbell, 860 F3d 546 (ED NY 1994). Wages v. IRS, 915 F2d 1230 (9th Cir 1994). If, as evident by the Defendant's other pleadings, her Motion was prepared by an unnamed attorney, that person also would be subject to sanction. In re Marker, 133 BR 340 (W.D. Pa 1991).

The Court has the inherent powers to impose sanctions on Defendant and her unnamed attorney. It would be also have this authority under FRCP Rule 11 (Farriello, supra) or under 28 USC 1927 (Wages, supra). The sanctions imposed should be for attorneys fees, expenses and costs for opposition to this unsupported Motion.

3

**CONCLUSION**

Defendant's Motion should be denied and Defendant and any unnamed attorney should be sanctioned by the Court by requiring them to pay Plaintiff's his fees, expenses and costs in opposition this Notice.

Respectfully submitted,

/S/_____

Robert J. Hickey, Bar No. 42341
Law Office of Robert J. Hickey
1050 17th Street NW, Suite 700
Washington, DC 20036
202.659-0536 (office)
202.659.0537 (fax)
Attorney for Plaintiff, Pro Se

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of January 2008, Plaintiff's Opposition to Defendant's Motion for a Court-appointed Attorney was filed via the ECF system and by first class mail, postage prepaid to Defendant Charlene Scott, 324 Shepherd Street NW, Washington, DC 20011.

/S/_____

Robert J. Hickey
1050 17th Street NW, Suite 700
Washington, DC 20036

5