UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT J. HICKEY,**<br><br>    **Plaintiff,**<br><br>        v.<br><br>**CHARLENE SCOTT,**<br><br>    **Defendant.** | Civil Action No. 07-1866 (JDB) |

## ORDER

Plaintiff Robert J. Hickey previously represented defendant Charlene Scott in a Title VII action against the Department of Energy before the U.S. Equal Employment Opportunity Commission.  See Compl. ¶ 16.  Because Ms. Scott prevailed in that action, the administrative judge ordered the agency to pay Ms. Scott's attorney's fees and costs in the amount of $139,338.27.  See id. ¶ 19.  In reaching the appropriate figure to be awarded, the administrative judge found it was necessary to reduce the number of Mr. Hickey's compensable hours by 25%, finding the remainder to be "excessive or inadequately documented."  Answer, Ex. 1 at 5-6.  The agency made the full payment to Ms. Scott, and the money has been placed in an escrow account.  See Compl. ¶ 20.  Based on the parties' written agreement, Mr. Hickey now brings the instant action against Ms. Scott seeking to recover for all of the hours he allegedly worked on her matter -- including those hours that were deemed unreasonable by the administrative judge.

Mr. Hickey alleges that he billed Ms. Smith $186,295.86 for his legal services and received payment from her in the amount of $16,200.00.  See id. ¶ 10.  Thus, he now seeks recovery against Ms. Smith in the amount of $170,095.86 for his attorney's fees and more than

$90,000.00 in late payment interest, for a total of at least $260,095.86.  See Pl.'s Reply to Def.'s Opp. to Pl.'s Mot. Dismiss Am. Answer at 2.  On November 6, 2007, Ms. Scott, proceeding pro se, filed an answer to the complaint.  In her answer, she asserts that the contract was a result of misrepresentation by Mr. Hickey, that he overbilled her for his services, that he engaged in professional malpractice, and that she should not be required to pay fees that were already deemed to be unreasonable.  See Shapiro, Lifschitz & Schram, P.C. v. Hazard, 24 F. Supp. 2d 66, 77 (D.D.C. 1998) (stating that "[t]here can be little doubt that if plaintiff overbilled defendants or charged them for unnecessary services, this would constitute professional malpractice and a breach of plaintiff's fiduciary duty to defendants") (citing D.C. Rules of Prof'l Conduct R. 1.5 cmt. 5 ("A lawyer should not exploit a fee arrangement based primarily on hourly charges by using wasteful procedures.")).  Nevertheless, Ms. Scott agrees that "Mr. Hickey should be reasonably paid for the reasonable work that he performed."  Answer at 1-2.  Ms. Scott therefore states that she is willing to pay Mr. Hickey the amount that the administrative judge awarded, $139,338.27, minus the amount she has already paid, $16,200.00, for a total of $123,138.27.  See id. at 2.

  Shortly after Ms. Scott filed her answer, Mr. Hickey responded with a motion for judgment on the pleadings or, in the alternative, a motion to strike Ms. Scott's answer in whole or in part, and with an affidavit for default.  When Ms. Scott attempted to file an amended answer responding to Mr. Hickey's objections, Mr. Hickey filed a motion to dismiss the amended answer or, in the alternative, a motion to strike the amended answer.  With multiple responses and replies to every filing, the docket has become congested with what amounts to nothing more than bickering over technical pleading requirements.  Mr. Hickey continuously attacks Ms. Scott's

filings for technical deficiencies, such as the failure to use numbered paragraphs in accordance with Fed. R. Civ. P. 10(b) and the failure to confer on non-dispositive motions in accordance with Local Civil Rule 7(m).[1]

It is well-established, however, that "[a] document filed pro se is to be liberally construed." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (internal quotations and citations omitted); Gray v. Poole, 275 F.3d 1113, 1116 (D.C. Cir. 2002). Accordingly, pro se parties are not required to satisfy every technicality or to use specific legal terms or phrases, and the Court will grant a pro se party "the benefit of all inferences that can be derived from the facts alleged." Kowal v. MCI Commc'n Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). In determining the nature of a pro se party's claims, the Court is even required to look beyond the complaint and the answer to the contents of other filings. See Gray, 275 F.3d at 1115 (the Court must "examine other pleadings to understand the nature and basis of [the party's] pro se claims") (citing Richardson v. United States, 193 F.3d 545, 548 (D.C. Cir. 1999) (holding that District Court abused its discretion when "failing to consider [pro se plaintiff's] complaint in light of his reply to the motion to dismiss")). Based on this less stringent standard and a review of the filings, the Court cannot conclude that judgment on the pleadings or default is warranted or that Mr. Hickey's motions to strike or dismiss should be granted.[2] See Larouche v. Dep't of the Treasury, 2000 WL

---

[1] Such "over-litigation" by Mr. Hickey in a pro se case may be reflective of the excessive hours that caused the administrative judge to reduce the fee award in the first place.

[2] In at least six different filings, Mr. Hickey raises doubts and concerns about the accuracy of Ms. Scott's representations concerning her pro se status. In response, Ms. Scott has repeatedly represented to this Court that she is in fact proceeding pro se. Although Mr. Hickey requests that she not be treated as a pro se party, the Court will not grant such a request solely on Mr. Hickey's speculation.

805214, at * 13 (D.D.C. Mar. 31, 2000) ("Granting a motion to strike is considered an exceptional remedy and is generally disfavored.").

That leaves one remaining motion for this Court's consideration. On January 7, 2008, Ms. Scott filed a motion for a court appointed attorney. However, under 28 U.S.C. § 1915 and Local Civil Rule 83.11(b)(3), the Court may only appoint an attorney for a pro se party who is also proceeding in forma pauperis. Because Ms. Scott has made no representations that she is unable to afford counsel, the Court is unable to grant her request. The Court therefore advises Ms. Scott that it would be in her best interests to make every effort to secure representation as expeditiously as possible.

Accordingly, it is this 12th day of May, 2008, hereby

**ORDERED** that [4] plaintiff's motion for judgment on the pleadings or, in the alternative, to strike defendant's answer in whole or in part is **DENIED**; it is further

**ORDERED** that [10] plaintiff's motion to dismiss amended answer to complaint, defenses and counterclaim and, in the alternative, motion to strike is **DENIED**; it is further

**ORDERED** that leave to file defendant's amended answer is **GRANTED**; it is further

**ORDERED** that [11] plaintiff's motion to strike defendant's response to plaintiff's reply is **DENIED**; it is further

**ORDERED** that [14] defendant's motion to appoint counsel is **DENIED**; and it is further

**ORDERED** that the parties shall appear for a status conference on June 9, 2008, at 9:30 a.m. in Courtroom Eight.

/s/
JOHN D. BATES
United States District Judge