IN THE DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT J. HICKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 07-1866 |
| | ) (JDB) |
| | ) |
| CHARLENE SCOTT, | ) JUDGE: BATES, J. |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COUNTERCLAIMS**

Defendant, by and through her undersigned counsel, hereby moves to dismiss the Plaintiff's "counterclaim" (Dkt. No. 23), pursuant to Fed. Rule Civ. Proc. 12(b)(6) for failure to state a claim upon which relief can be granted.

**STATEMENT OF FACTS**

On December 3, 2007, Defendant filed her First Amended Answer and included within her Answer counterclaims against the Plaintiff. (*See*, Dkt. Nos. 7 and 22). Until May 29, 2008, Defendant, who has no legal training, had been *pro per*. In response to her First Amended Answer, Plaintiff filed his "Reply to Defendant's Counterclaim" and curiously filed in the same document, "Plaintiff's Counterclaims". (*See*, Dkt. No. 23). In his filing, Plaintiff did not refer to any procedural rule permitting a single Plaintiff to assert a counterclaim against a single Defendant without simply amending the Plaintiff's complaint.

The Plaintiff's "counterclaims" include: 1) Fraud – primarily based upon the Defendant's assertion in her First Amended Counterclaim in which she denies the existence of a contract between the parties; 2) Conversion – for the Defendant's alleged failure to turn over $123,138.27 which the Defendant does not dispute is owed to the Plaintiff; and 3) Abuse of Process – primarily based upon the assertions claimed within the Defendant's previous pleadings in this case.

## **ARGUMENT**

Plaintiff's counter-claims not only are the incorrect procedural mechanism for him to assert claims – an independent basis for dismissal – but they also fail to state a claim upon which relief can be granted.  Additionally, they are or will shortly become moot for the reasons explained below.

First, the Court should dismiss the Plaintiff's counterclaim because Plaintiff failed to follow the proper procedure to assert claims against the Defendant which requires leave to amend his complaint pursuant to Fed. Rule Civ. Proc. 15(a).  Additionally, Defendant is required to obtain Defendant's consent or leave of court prior to amending his complaint or otherwise asserting any new claims.  *Id*. Because an amendment of his complaint is the only correct procedural mechanism for asserting claims and because Plaintiff needed leave of court or Plaintiff's consent to do so – which he has not sought – the counter-claims must be dismissed.

Additionally, Plaintiff's counterclaim for Conversion will soon become moot because the Defendant has tendered to the Plaintiff $123,138.27 by sending a check via Federal Express on June 11, 2008.  The check was sent to Plaintiff without any

conditions and without prejudice to him to pursue his existing claims. (Letter from Defendant's Counsel to Plaintiff's Counsel with attached check, attached as Exhibit A.)

The Court should dismiss the Abuse of Process claim because it is completely devoid of merit. The Defendant was *pro per*, and as such is not expected to format her pleadings in the same manner as a trained lawyer. The Defendant responded to the Plaintiff's multiple and confusing filings to the best of her ability and can hardly be accused of abuse of process.

Now that the Defendant has retained counsel, Defendant plans to request leave to amend her First Amended Answer so as to present clear defenses and counterclaims in the proper legal format. If leave is granted, Defendant will withdraw her assertion that a contract never existed between the parties. This assertion forms the backbone of the Plaintiff's counterclaims for Fraud and Abuse of Process. Defendant hopes that the amendments to her Answer will serve to streamline the litigation so the parties may focus on the true merits of the case.

Defendant wishes to simplify this litigation and avoid unnecessary filings that only serve to needlessly complicate the matter. To that end, Defendant requests the Court's intervention to dismiss the Plaintiff's counterclaims. A proposed Order is attached.

          /s/ _____
Regan Rush, *pro hac vice*
Vincent Melehy
Melehy & Associates LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: (301) 587-6364
Fax: (301) 587-6308

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of June, 2008, a copy of the foregoing Motion to Dismiss Plaintiff's Counterclaims was served electronically via the Court's electronic filing system to and via facsimile as a courtesy copy to:

    Robert J. Hickey
    1050 17th Street, N.W.
    Suite 700
    Washington, D.C. 20036
    Fax: (202) 659-0537

          /s/ _____
Regan Rush

# MELEHY & ASSOCIATES LLC
## ATTORNEYS AT LAW

VINCENT MELEHY*

SUVITA MELEHY*
REGAN L. RUSH†
LAWRENCE RUDDEN

8403 COLESVILLE ROAD
SUITE 610
SILVER SPRING, MARYLAND 20910
WWW.MELEHYLAW.COM

TELEPHONE (301) 587-6364
FACSIMILE (301) 587-6308

*ALSO LICENSED
IN WASHINGTON D.C.

†LICENSED IN
CALIFORNIA ONLY

June 11, 2008

**Sent via Federal Express**

Robert J. Hickey
1050 17th Street, N.W.
Suite 700
Washington, D.C. 20036

    *Re:*    Hickey v. Scott

Dear Mr. Hickey:

    Enclosed you will find a check from Ms. Scott made payable to you in the amount of $123,138.27. Ms. Scott is tendering this money in a good faith effort to settle this matter expeditiously. Ms. Scott is making this payment to you without requesting any waiver of your right to pursue your claims against her and it is given to you without prejudice to your right to pursue your existing claims.

    However, now that Ms. Scott has tendered this payment, your counts for constructive trust and conversion lack legal basis and are subject to claims of frivolity under Rule 11. As such, Ms. Scott requests that you promptly dismiss those counts so that we may proceed with the litigation on the true matters in contention. Otherwise, my client will be forced to file a Rule 11 motion as to those counts.

Sincerely,

Regan Rush

cc: Charlene Scott


EXHIBIT A



IN THE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT J. HICKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 07-1866** |
| | ) | **(JDB)** |
| | ) | |
| CHARLENE SCOTT, | ) | **JUDGE: BATES, J.** |
| | ) | |
| Defendant. | ) | |

## ORDER

After consideration of the Defendant's Motion to Dismiss Plaintiff's Counterclaims and any Opposition, it is this _____ day of _____, 2008,

ORDERED that the Motion is hereby granted; and it is further,

ORDERED that the Plaintiff's counterclaims for fraud, conversion and abuse of process shall be dismissed with prejudice.

_____
Judge John Bates
United States District Court Judge

Copies, via the Court's Electronic Filing System to:

Robert J. Hickey
*Attorney for Plaintiff*

Vincent Melehy
Regan Rush, *pro hac vice*
*Attorneys for Defendant*