**IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ROBERT J. HICKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.** |
| | ) | **07-cv-1866 (JDB)** |
| | ) | |
| CHARLENE SCOTT, | ) | **JUDGE: BATES, J.** |
| | ) | |
| Defendant. | ) | |

_____

**LOCAL CIVIL RULE 16.3
REPORT TO THE COURT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Civil Rule

16.3, and the Court's docket orders of June 9, 2008 Plaintiff Robert Hickey ("Plaintiff"),

and Charlene Scott ("Defendant"), by undersigned counsel, respectfully submit this joint

report.  The numbered paragraphs below correspond to those in Local Civil Rule 16.3(c).

**STATEMENT OF THE CASE**

On or about October 17, 2007, Plaintiff filed a Complaint against Defendant in

this action over a contractual fee dispute.  The Defendant has filed a counterclaim against

the Plaintiff to which Plaintiff has filed reply counterclaims.

**Local Civil Rule 16.3 discussions**:

**1.      Dispositive Motions**

Both parties believe that all or at least a portion of the claims pending may be

dismissed through dispositive motions.

**2.      Joinder of Parties, Amendment Of
Pleadings And Narrowing Of Issues**

1

The parties do not anticipate joining any additional parties however; the parties propose that any motion to join additional parties shall be filed within 60 days from the date of the scheduling conference.

Defendant, now that she has retained counsel, anticipates submitting a request for leave to Amend her Answer pursuant to the applicable Rules of Civil Procedure.   While Defendant will make all reasonable efforts to promptly file this Motion so as not to delay the proceedings, Defendant is not able to set a firm deadline for filing of this Motion at this time.  In addition, Defendant wishes to note that undersigned counsel for the Defendant is on vacation from June 19, 2008 through June 23, 2008.

Plaintiff requests that the Defendant file her Motion to Amend prior to her counsel's leaving on vacation or immediately upon her return, but no later than June 25, 2008 since Plaintiff believes that any extended delay will adversely affect all discovery dates.

Any further amendment of pleadings will be made as allowed by the applicable rules of civil procedure and by order of the Court.

Regarding narrowing the issues, the parties do not agree to narrow any issues at this time, but the parties agree to revisit this issue in the future.

**3.     Agreement To Magistrate Judge**

The parties do not request assignment to a magistrate judge.

**4.     Possibility Of Settlement**

The parties believe that settlement is a possibility and agree for the matter to be referred to Magistrate Kay for settlement discussions as ordered by Judge Bates.

**5.     Alternative Dispute Resolution**

The parties are aware of the Court's alternative dispute resolution (ADR) procedures and have considered the factors listed in LCvR 16.3(c)(5).  The parties do not believe that ADR procedures are appropriate in this case.

**6.    Time For Filing Of Dispositive Motions**

In the event a dispositive motion is not filed and granted earlier, the Plaintiff agrees for the Court to set the deadline for dispositive motions by its own standard timeframe, but no later than 60 days following the close of discovery.  The Defendant believes that dispositive motions should be filed within 30 days following the close of discovery. The parties propose that oppositions to dispositive motions be due 21 days after their filing, with replies due 14 days thereafter.

**7.    Initial Disclosures**

The parties agree to comply with FRCP Rule 26(a)(1) as written.  Defendant seeks initial disclosures to be made within the timeframe permitted by FRCP Rule 26(a)(1).

Plaintiff seeks the establishment of a mandatory disclosure date forty-five days after the Court rules on both Defendant's Motion to Dismiss Plaintiff's Counterclaim and on Defendant's intention to file an amended pleading (the unspecified pleading has not been filed at the time of this Report) and Plaintiff's responsive pleading thereto, if any, and if Defendant's Motion to Dismiss is denied until after Defendant has filed her Reply to Defendant's Counterclaim (originally due June 12, 2008) and Plaintiff's responsive pleading thereto, if necessary.

**8.    Extent Of Discovery**

3

Parties do not have any proposals to limit discovery beyond that allowable under the Federal and Local Rules for standard track cases.   The Parties do not anticipate the need for a protective order.

The parties agree that discovery will take 90 days.

### 9.    Experts

The parties propose no modification of the requirements of FRCP Rule 26(a)(2). However, the Plaintiff requests a minimum of 45 days to retain a rebuttal expert instead of the 30 days provided in FRCP 26(a)(2).  The Defendant requests that the parties abide by the 30 day requirement.

### 10.    Class Actions

This is not a class action.

### 11.    Bifurcation

The parties propose that there should not be bifurcation of the trial and/or discovery.

### 12.    Pretrial Conference

The parties propose that the Court schedule a pretrial conference, if one is necessary, approximately 30 days after the Court rules on any dispositive motions.

### 13.    Trial Date

The parties requests that the trial date be set at the Court's discretion at a time convenient to the Court and the parties.  The Defendant further requests that the trial date be set with the scheduling order. At this point, the parties anticipate the trial to take three days.

**FRCP Rule 26(f) discussions**:

(1)     *See* No. 7, *supra*.

(2)     The parties agree that discovery is necessary on the subjects raised in the Complaint, the Answers and Counterclaims.  The parties do not have further stipulations regarding limiting discovery at this time. The parties agree that discovery will take 90 days

(3)     The parties do not anticipate a significant amount, if any, of discovery relative to electronically stored information.  If a dispute occurs regarding electronically stored information that the parties can not resolve between themselves, the parties will utilize the discovery dispute procedure ordered by the court at the status conference on June 9, 2008 which entails a joint phone conference with the Judge Bates's law clerk prior to filing a discovery motion.

(4)     The parties do not anticipate at this time issues relating to claims of privilege.

(5)     The parties do not believe any changes should be made at this time to limitations on discovery for standard track cases.

(6)     The parties do not request any additional orders at this time.

Respectfully submitted,


By:_____/s/_____          By:_____ __/s/_____
    Regan Rush                                      Robert Hickey
    *Pro Hac Vice*                                1050 17TH Street, N.W.
    Vincent Melehy                              Suite 700
    Melehy & Associates                     Washington, DC  20036
    8403 Colesville Road, Suite 610    Phone: (202) 659-0536
    Silver Spring, Maryland  20910      Fax: *202-659-0537*
    Phone: (301) 587-6364
    Fax: (301) 587-6308                       *Plaintiff, In Pro Per*


    *Counsel for Defendant*




Dated this  18 day of June, 2008