UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT J. HICKEY )<br>5601 LAMBETH ROAD )<br>BETHESDA, MARYLAND 20814 )<br>202-659-0536 )<br>　　　　　　　　Plaintiff )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　v. )<br>CHARLENE SCOTT )<br>324 SHEPHERD STREET NW )<br>WASHINGTON, DC 20011 )<br>202-291-0518 )<br>　　　　　　　　Defendant ) | Case: 1:07-cv-01866 (JDB) |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS COUNTERCLAIM

On December 3, 2007, Defendant filed her Amended Answer and Counterclaim.  Plaintiff moved to dismiss this on multiple grounds.  Based on allegations that Defendant was proceeding pro se, the Court permitted her Amended Answer and Counterclaim to stand. On May 22, 2008, Plaintiff filed his Answer to her Counterclaim and his own Counterclaim. Defendant has not filed an answer to Plaintiff Counterclaim but instead has filed the instant Motion to Dismiss. For reasons stated below, Defendant's Motion should be denied.

POINTS AND AUTHORITIES

**1.  Generally**.

Defendant's prinicipal position is that a Plaintiff cannot file a Counterclaim in his Reply. Defendant cites not a single authority to support this position.  Moreover, it has been long recognized that Plaintiff can file a counterclaim, Warren v. Indian Refining Co. 30 F Supp 281 (D Ind 1939); Southeastern Industries v. Duroprene, 70 FRD 585 (ED Pa 1976); Evans v. SS. Kierge Co., 54 FRD 536 (ED Pa 1972).   This is particularly true when the counterclaim is compulsory. Bronson v. Borst, 404 A2d 960 (DC 1979); Electroglass Inc. v. Dynatex Corp, 473 F.Supp 1167 (D Cal 1979).  As can be seen by comparing Defendant's

Counterclaim, Plaintiff's Counterclaim is based on the same transactions as Defendant's. Also, allowing a counterclaim is particularly called for where, as here, the Court has permitted a late Answer.  <u>Randolph v. Franklin Ins. Co.</u>, 398 A. 2d 340 (DC 1979).  By permitting both Plaintiff's and Defendant's Counterclaims, the Court can avoid circuity of actions, inconvenience, expense, consumption of the Court's time and injustice.  Inasmuch as Plaintiff presented his Counterclaim at his first opportunity to respond to the alleged facts asserted in Defendant's Counterclaim, leave of Court is not required.  <u>Olin Corp v. Insurance Co. of North America</u>, 807 F Supp 1143 (S.D. NY 1992)

**2.  Not Futile**

Defendant 's Motion, page 2, asserts that Plaintiff Counterclaim must be dismissed as futile. There follows a brief discussion of each of Plaintiffs' three counterclaims but **not** accompanied by any legal citations to support her conclusions.  Her arguments are without merit and will be addressed below.

**a.  First Counterclaim (Fraud)**

**b.  Third Counterclaim (Abuse of Process)**

Plaintiff sets forth in the above Counterclaims each element of both fraud and abuse which, if proven in a motion or at trial will entitle him to his requested relief.  Defendant's Motion does not dispute this.  Also, her Motion should be denied as premature.  Defendant seeks dismissal on the basis of unspecified **future** events, i.e., her **plan** to request leave to amend her present Counterclaim.  No such proposed Amendment has been filed, or submitted to the Court or to Plaintiff or approved by the Court; so there is no way to know (1) whether the unknown Amendment would be permitted and (2) how, if any, it would affect Plaintiff's Counterclaim.  <u>National Wrestling Coaches Association v. DOE,</u> 366 F. 3d 930, 361 App DC 257 (2004);  <u>Dehaemer v. Wynne,</u> 522 F Supp 2d 240 (DDC 2007)

Defendant states that in one element of her proposed Amendment, she will admit the contract did exist between the parties contrary to her prior misrepresentations and to the use of this falsehood to delay payment to Plaintiff. Defendant believes that with this admission, nothing would remain of the two Plaintiff's Counterclaims. However, both Counterclaims contain more than this one item none of which are **not** addressed by Defendant. Further, Plaintiff is entitled to relief for the damages already caused by Defendant's false representations and abuse.

At this stage, the Court must accept all well pleaded factual allegations in Plaintiff's Counterclaims and draw all reasonable inferences in favor of Plaintiff. <u>Johnson v. Computer Technology</u> Services, 670 F Supp 1036 (DDC 1987) (Motion to Dismiss denied when Plaintiff had set forth all elements of fraud claim); <u>Milford Power v. New England Power</u>, 918 F Supp 471 D Mass 1996). In the present case, Plaintiff's Counterclaims have met the standards for legal sufficiency set forth in <u>Bell Atlantic v. Twombly,</u> 127 S Ct 1955 (2007) in that the factual allegations are raised above a speculative level and set forth sufficient facts respecting all material elements of each Counterclaim to win at trial. Defendant does <u>not</u> dispute this. Thus, Defendant's Motion must be denied.

**c. Second Counterclaim (Conversion)**

DOE awarded (at an unspecified time) Defendant legal fees in the amount of $139,338.27 which Defendant (at an unspecified time) placed in an escrow account which has accrued interest estimated at approximately $11,000. (Plaintiff has not been given by Defendant the exact amount of interest although he has repeatedly requested it.) Defendant admitted in her Amended Answer that she was only disputing $16,200 of the $139,338.27 or $123,138.27 be given to Plaintiff. As set forth in her present Motion, Defendant has now forwarded to Plaintiff a check for $123,138.27 which he received on June 12, 2008. However, neither at that time or thereafter has Defendant forwarded the interest on the

money held in escrow. (See Att. A, letter to Defendant's attorney from Plaintiff). In addition, the tendering and receipt of this check does not in any way absolve Defendant from her unjustifiably and maliciously holding from Plaintiff his money and interest for approximately a year for which Plaintiff is still entitled to relief. While steps taken by Defendant's attorney are helpful, they do not fully resolve the unfairness of Defendant's prior actions, which can only be resolved by the continued inclusion of the Conversion Counterclaim.

## CONCLUSION

For reasons stated above, Defendant's Motion must be denied.

                    Respectfully submitted,

/S/_____
Robert J. Hickey, Bar No. 42341
Law Office of Robert J. Hickey
1050 17th Street NW, Suite 700
Washington, DC 20036
202.659.0536 (office)
202.659.0537 (fax)
Attorney for Plaintiff, Pro Se

Enc: Attachment A

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of June 2008, a copy of the foregoing Plaintiff's Opposition to Defendant's Motion to Dismiss Counterclaim was served via the ECF system and by fax to:

Regan Rush, Esq.
Melehy & Associates LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Fax: (301) 587-6308

/s/_____
Robert J. Hickey

LAW OFFICES
## ROBERT J. HICKEY
SUITE 700
1050 17TH STREET, N.W.
WASHINGTON, D.C. 20036

(202) 659-0536
FAX: (202) 659-0537

June 16, 2008

Regan Rush, Esq.
Melehy & Associates LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910

         Re:  <u>Hickey v. Scott</u>
            07-cv-1866 (JDB)

Dear Ms. Rush,

I received on June 12, 2008 Ms. Scott's check for $123,138.27 which will facilitate settlement of this case. There has been no tender of the full amount sought and owed. As you recognize, the receipt of this check will reduce, but not eliminate, all of my claims for Constructive Trust and Conversion. You will note that her check does not include interest that has accrued on the fee awarded by DOE. I have estimated that to be approximately $11,000. I have requested of you the current interest earned on the money put in the escrow account initially. I would also need to know when the money was first received by Scott and when it was put in the escrow account to determine whether there was any lost interest.

Also, you do not mention payment for damages for the proximate year that she improperly withheld $123,138.27. In light of your actions and as a sign of good faith, I will reduce the amount of damages sought for Conversion to $20,000. As for the Constructive Trust, my claim covers the entire amount of $139,338.37 with interest, not just the $123,138.27 covered by your check. Thus, Defendant' still owes $16,200 (plus interest).

Hopefully, the outstanding amounts can be resolved. In the present circumstances, there exists no basis for Defendant's filing a Rule 11 Motion and the filing of such would open both Ms. Scott and you to Plaintiff's Rule 11 Motion.

               Yours truly,

               *Robert J. Hickey*
               Robert J. Hickey

ATT A