## IN THE DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT J. HICKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 07-1866** |
| | ) | **(JDB)** |
| | ) | |
| CHARLENE SCOTT, | ) | **JUDGE: BATES, J.** |
| | ) | |
| Defendant. | ) | |

_____

### ERRATA

Defendant, by and through undersigned counsel, hereby submits this Errata to provide the court with a complete and correct filing of the Defendant's Proposed Answer, Counterclaims and Defenses, originally attached as part of the Defendant's Motion for Leave to File said document.

Defendant electronically filed her Motion for Leave on Friday, July 11, 2008 and attached Defendant's Proposed Answer, Counterclaims and Defenses as the first attachment to the Motion.    Undersigned counsel later realized, upon the Plaintiff's inquiry, that in fact the word document did not properly convert to .pdf and that a few lines contained within paragraph 18 of the Defendant's Proposed Answer, Counterclaims and Defenses were missing.

Defendant thus requests the court to consider the attached Defendant's Proposed Answer, Counterclaims and Defenses as the correct version when the court considers the Defendant's Motion for Leave to Amend.  The Defendant further requests that if leave is

in fact granted by the court, that the court clerk docket the attached Defendant's Proposed

Answer, Counterclaims and Defenses as the final document rather than the incomplete

filing submitted with the Motion for Leave on July 11, 2008.

Respectfully submitted,


__/s/_____
Regan Rush, *pro hac vice*
Vincent Melehy
Melehy & Associates LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: (301) 587-6364
Fax: (301) 587-6308

*Counsel for Defendant*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of July, 2008, a copy of the foregoing

Errata and attachment – the Defendant's Proposed Second Amended Answer,

Counterclaims and Defenses - were served electronically via the Court's electronic filing

system:

Robert J. Hickey
1050 17th Street, N.W.
Suite 700
Washington, D.C. 20036
Fax: (202) 659-0537


/s/_____
Regan Rush

## IN THE DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT J. HICKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 07-1866** |
| | ) | **(JDB)** |
| | ) | |
| CHARLENE SCOTT, | ) | **JUDGE: BATES, J.** |
| | ) | |
| Defendant. | ) | |

---

### DEFENDANT'S PROPOSED SECOND AMENDED ANSWER,
### COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant Charlene Scott ("Defendant"), by and through her undersigned counsel, and, pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, states as follows for her Second Amended Answer, Counterclaims and Affirmative Defenses to Plaintiff's Complaint:

1.      Defendant admits the factual contentions in paragraph 1 of the Complaint.

2.      Defendant admits that she is a citizen of the District of Columbia and that she resides at 324 Shepherd Street, Washington, D.C. 20011.   Defendant lacks sufficient knowledge regarding where the Plaintiff resides, and thus denies the second sentence of paragraph 2 of the Complaint.

3.      Defendant admits the factual contentions in paragraph 3 of the Complaint.

## COUNT I – BREACH OF CONTRACT

4.    Defendant admits the allegations contained in paragraph 4 of the Complaint.

5.    Defendant admits the allegations contained in paragraph 5 of the Complaint.

6.    Defendant admits the allegations contained in paragraph 6 of the Complaint.

7.    Defendant admits that paragraph 7 of the Agreement contains an 8% interest charge for late payments. Defendant denies that she was required to pay the 8% interest charge.

8.    Defendant admits that paragraph 9 of the agreement states: "Any dispute by Ms. Scott regarding the amount of the monthly statement or procedure for handling the case must be made in writing within 30 days of rendering the statement or the existence of a litigation problem or be waived." Defendant denies that she needed to comply with this provision of the Agreement as averred in the first sentence of paragraph 8 of the Complaint. Defendant denies the second sentence of paragraph 8 of the Complaint.

9.    Defendant denies that she agreed to pay all of the Plaintiff's attorney's fees or that the Agreement requires her to pay the Plaintiff's legal fees incurred in this proceeding. Defendant admits that paragraph 9 of the Agreement states: "If Mr. Hickey must enforce the Agreement in court, Ms. Scott consents to pay all legal costs, including attorney's fees, if recovery is granted in whole or in part."

10.    Defendant denies the allegations in paragraph 10 of the Complaint.

11.    Defendant denies the allegations in paragraph 11 of the Complaint.

12.    Defendant denies the allegations in paragraph 12 of the Complaint.

13.    The allegations contained in paragraph 13 of the Complaint constitute legal conclusions to which no response is required from Defendant.    To the extent that a response is required, Defendant denies the factual allegations in paragraph 13 of the Complaint.

14.    Defendant denies the allegations contained in paragraph 14 of the Complaint. With respect to Count I's Prayer for Relief, Defendant denies that Plaintiff is entitled to any of the relief requested in his Prayer for Relief.

## COUNT II – CONSTRUCTIVE TRUST

15.    Defendant repeats and incorporates her responses to paragraphs 1 through 14 as if fully set forth herein.

16.    Defendant admits the allegations contained in paragraph 16 of the Complaint.

17.    Defendant admits the allegations contained in paragraph 17 of the Complaint.

18.    Defendant admits the factual allegation contained in the first sentence of paragraph 18 of the Complaint. Defendant denies the allegations contained in the second sentence of paragraph 18 of the Complaint. Defendant avers that the Plaintiff's Petition for Fees contained work that the Plaintiff did not, in fact, complete and work which was not in fact reasonable and necessary. Defendant lacks sufficient knowledge to either admit or deny the third sentence of the paragraph 18 of the Complaint because the

Plaintiff's billing records are not of sufficient detail for the Defendant to clearly ascertain the services for which the Plaintiff billed. Therefore, the Defendant denies the third sentence of paragraph 18 of the Complaint.

19.    Defendant admits the first two sentences of paragraph 19 of the Complaint to the extent that they refer to the EEOC Administrative Judge's order for the Department of Energy to pay the Defendant $139,338.27 for attorneys' fees and costs. Defendant denies the third sentence of paragraph 19 of the Complaint.

20.    Defendant denies the first sentence of paragraph 20 of the Complaint because the Defendant did not actually receive the $139,338.27 check from the Department of Energy until approximately June 27, 2007. Defendant does not have the knowledge to admit or deny the second sentence of paragraph 20 of the Complaint because the Defendant does not know when the Plaintiff learned about the check and whom he learned about the check from. Defendant admits the allegations stated in the third sentence of paragraph 20 of the Complaint.

21.    Defendant admits that she did send the Plaintiff letters regarding the fees dated July 17, 2007, August 27, 2007 and September 10, 2007. Defendant denies every other factual allegation, including the Plaintiff's characterization of the Defendant's letters, contained within paragraph 21 of the Complaint.

22.    Defendant denies the allegations contained within paragraph 22 of the Complaint.

23.    Defendant denies the allegations contained within paragraph 23 of the Complaint.

24.     Defendant denies the allegations contained within the first sentence of paragraph 24 of the Complaint.  The allegation contained within the second sentence of paragraph 24 of the Complaint constitutes a legal conclusion to which no response is required by Defendant.  To the extent that a response is required, the Defendant denies the factual allegations contained within the second sentence of paragraph 24 of the Complaint.

25.     The allegations in paragraph 25 of the Complaint constitute legal conclusions to which no response is required by Defendant. To the extent that a response is required, the Defendant denies the factual allegations contained paragraph 25 of the Complaint.

26.     The Defendant denies the allegations contained within paragraph 26 of the Complaint.  With respect to Count II's Prayer for Relief, Defendant denies that Plaintiff is entitled to any of the relief requested in his Prayer for Relief.

## AFFIRMATIVE AND OTHER DEFENSES

27.     Defendant restates and reincorporates paragraphs 1-26 as if they were fully stated herein.

28.     Plaintiff's Complaint fails to state any claim upon which relief can be granted.

29.     Plaintiff's claims are barred, in whole or in part, to the extent they are untimely under the applicable statute of limitations.

30.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches in that Plaintiff unreasonably delayed in asserting his claims and Defendant has been prejudiced by Plaintiff's delay.

31.    Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

32.    Plaintiff's claims are barred, in whole or in part, by the doctrine of forfeiture.

33.    Plaintiff's claims are barred, in whole or in part, by the doctrine of forfeiture and/or disgorgement.

34.    Plaintiff's claims are barred, in whole or in part, because the Plaintiff did not actually complete all of the services for which the Plaintiff seeks to recover payment.

35.    Plaintiff's claims are barred, in whole or in part, because the Plaintiff seeks to collect for services that were not permitted under the Agreement such as dinner for his administrative staff, overtime for his administrative staff, cab rides for his administrative staff and administrative tasks completed by the Plaintiff himself (as opposed to legal services).

36.    Plaintiff's claims are barred, in whole or in part, because the Plaintiff is attempting to recover fees that are unreasonable in violation of Rule 1.5 of the District of Columbia Rules of Professional Conduct.

37.    Plaintiff's claims are barred, in whole or in part, because the Plaintiff has exploited an hourly fee arrangement by using wasteful procedures in violation of Rule 1.5 of the District of Columbia Rules of Professional Conduct.

38.    Plaintiff's claims are barred, in whole or in part, by the doctrine of *res judicata* because the EEOC Administrative judge has already determined that the fees charged by the Plaintiff were unreasonable.

39.    Plaintiff waived, modified and/or released any claim for interest under paragraph 7 of the Agreement.

40.    Paragraph 6 of the Agreement is void for public policy and/or otherwise unenforceable.

41.    Plaintiff has waived, modified or released paragraph 5 of the Agreement with respect to late payments.

42.    Paragraph 9, to the extent that it permits only the Plaintiff recovery of attorneys' fees in the event Plaintiff seeks to enforce the Agreement in court, is void for public policy and/or otherwise unenforceable.

43.    Paragraphs 6 and 9 of the Agreement are barred, in whole or in part, by the doctrine of illegality.

44.    Paragraph 9, to the extent that it permits Plaintiff to recover attorneys' fees when Plaintiff represents himself *pro per*, is void for public policy and/or otherwise unenforceable.

45.    Plaintiff's claims are barred, in whole or in part, by the doctrine of payment because the Defendant has tendered payment for services rendered under the Agreement.

WHEREFORE, having fully answered and responded to Plaintiff's Complaint, Defendant prays that this Court dismiss Plaintiff's Complaint, render judgment in her

favor, award her costs and attorney's fees incurred in this matter, and award her such other and further relief as this Court deems just and proper.

## DEFENDANT'S COUNTERCLAIM I

## PROFESSIONAL NEGLIGENCE

46.    Defendant restates and reincorporates paragraphs 1-45 as if they were fully stated herein.

47.    Plaintiff and Defendant entered into an attorney-client relationship whereby Plaintiff, a lawyer, represented Defendant, his client, in her claims against Department of Energy through litigation in the EEOC.   Plaintiff thus owed the Defendant a duty of care.

48.    The Plaintiff breached his duty of care in the preparation of the fee petition to the EEOC Administrative Judge. In the fee petition, Plaintiff failed to request the hourly rate for attorneys' fees to be set in accordance with the Laffey Matrix - the prevailing standard for fees in EEOC cases.   Rather, the Plaintiff merely submitted his contract billing rate ($225/hour) when the Laffey Rates are considerably higher.

49.    As a proximate and direct result of the Plaintiff's failure to request Laffey Rates in his fee petition, Defendant lost approximately $84,000 in attorneys' fees recovery from the Department of Energy.

50.    The Plaintiff also breached his duty of care when he submitted billings and sought to recover for services that he did not actually provide the Defendant.   Defendant avers that Plaintiff billed her for numerous in-person office meetings on occasions in which she did not, in fact, meet with the Plaintiff.

51.    The Plaintiff further breached his duty of care when he spent an inordinate amount of time completing unnecessary tasks and motions during his representation of the Defendant.   For example, the Plaintiff spent time researching causes of action against the federal government for 42 U.S.C. §1983, 42 U.S.C. §1981, and 42 U.S.C. §1988 when it is clear that those statutes are not available for use in litigation against the federal government and are superfluous in a Title VII discrimination case.   Plaintiff also insisted on communicating with his client, the Defendant, through lengthy formal letters, which was time consuming and extremely costly.   One letter from Plaintiff to the Defendant, according to Plaintiff's fee petition, was even 47 pages long.

52.    The Plaintiff further breached his duty of care when he failed to provide any description of his services rendered in his monthly bills to the Defendant and merely included the amount of time spent multiplied by his hourly rate.

53.    The Plaintiff further breached his duty of care when he failed to advocate for the Defendant to receive all the damages for which she was entitled to in her EEOC case.

54.    The Plaintiff, in breaching his duty of care, acted with malice, intent, knowledge and reckless indifference.

55.    As a proximate result of Plaintiff's conduct, and his acts, practices and omissions as alleged herein, Defendant has been personally injured in her business or property.

WHEREFORE, Defendant prays that this Court enter judgment against Plaintiff, for the following: such compensatory and economic damages as a jury might award; such

punitive damages as a jury might award; attorneys' fees and costs; post-judgment interest as provided by law; that the Court enter an order forfeiting Plaintiff's right to recover for any services found to be in breach of the Plaintiff's duty of care, and any other relief that the Court or a jury deems appropriate.

## DEFENDANT'S COUNTERCLAIM II

## BREACH OF FIDUCIARY DUTY

56.    Defendant restates and reincorporates paragraphs 1-55 as if they were fully stated herein.

57.    As Defendant's attorney, Plaintiff owed the Defendant a fiduciary duty.

58.    Plaintiff breached his fiduciary duty owed to Plaintiff by the following actions: charging her for services that he did not actually provide, failing to provide competent legal services and violating Rule 1.5 of the District of Columbia Rules of Professional Conduct.

59.    The Plaintiff, in breaching his duty of care, acted with malice, intent, knowledge and reckless indifference.

60.    As a proximate result of Plaintiff's conduct, and his acts, practices and omissions as alleged herein, Defendant has been personally injured in her business or property.

WHEREFORE, Defendant prays that this Court enter judgment against Plaintiff, for the following: such compensatory and economic damages as a jury might award; such punitive damages as a jury might award; attorneys' fees and costs; post-judgment interest as provided by law; that the Court enter an order forfeiting Plaintiff's right to recover for

any services found to be in breach of the Plaintiff's fiduciary duty, and any other relief that the Court or a jury deems appropriate.

**COUNT III**

**D.C. CONSUMER PROTECTION PROCEDURES ACT ("DCCPPA")**

61.    Defendant restates and reincorporates paragraphs 1-60 as if they were fully stated herein.

62.    Defendant is a consumer within the meaning of D.C. Code Ann. § 28-3901(a)(2), and thus is among the class of people the DCCPPA is designed to protect.

63.    At all times relevant to the Counterclaim, Plaintiff has been engaged in business and commerce in the District of Columbia.  The acts and practices alleged herein were committed by Plaintiff in the course of engaging in business and commerce in the District of Columbia.

64.    Plaintiff violated the DCCPPA, which was enacted to ensure that a just mechanism exists to remedy all improper trade practices, deter the continuing use of such practices and promote fair business practices throughout the community. *Id.* § 28-2904.

65.    Plaintiff willfully violated the DCCPPA by, *inter alia*, intentionally, negligently, willfully and recklessly, when he:

(a) represented to the Defendant that he was affiliated and employed by the firm of Burch and Cronauer, P.C. when he was not actually affiliated and/or employed by the firm of Burch and Cronauer, P.C.;

(b) represented that his legal services were of a high standard because of his association with the firm of Burch and Cronauer, P.C., whose partners were

11

innovative, progressive, and ambitious evident by founding partner, Adrian Cronauer, whose service as a D.J. served as the inspiration for the movie "Good Morning Vietnam".

(c) charged Defendant for services rendered on legal tasks that he did not actually complete;

(d) represented to Defendant that certain legal services were needed for the attainment of the Defendant's goals when in fact they were not needed;

(e) failed to state the actual task completed or service rendered in his monthly billing statement to the Defendant so that the Defendant would have an adequate opportunity to review the services rendered because failure to state those material facts has a tendency to mislead.

66.    Intending that the Defendant rely on his misrepresentations, Plaintiff further willfully violated the DCCPPA by deception, fraud, misrepresentation, knowing concealment, and/or suppression and omission of material facts related to the provision of legal services to the Defendant.  Plaintiffs' conduct was so outrageous as to constitute ill will, bad motive and reckless indifference to the interests of the Defendant, a consumer, and was specifically designed to induce Defendant to enter into a contract for legal services with the Plaintiff, and to remain ignorant about the Plaintiff's billed yet unneeded, unreasonable and excessive legal services.

67.    Plaintiff's conduct as alleged herein constitutes unfair, deceptive, and unconscionable trade practices.

68.    As a proximate result of Plaintiff's conduct, and his acts, practices and omissions as alleged herein, Defendant has been personally injured in her business or property.

WHEREFORE, Defendant prays that this Court enter judgment against Plaintiff, for the following: such compensatory and economic damages as a jury might award; three times the compensatory damage award and/or the sum of $1,500 per violation, whichever is greater; such punitive damages as a jury might award; attorneys' fees and costs; post-judgment interest as provided by law; that the Court enter an order rescinding the contract and order Plaintiff to return all monies paid by Defendant; and any other relief that the Court or a jury deems appropriate.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues triable to a jury as a matter of right.


Regan Rush, *pro hac vice*
Vincent Melehy
Melehy & Associates LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: (301) 587-6364
Fax: (301) 587-6308

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of July, 2008, a copy of the foregoing

Proposed Second Amended Answer, Affirmative and Other Defenses and Counterclaims

was served electronically via the Court's electronic filing system to and via facsimile as a

courtesy copy to:

> Robert J. Hickey
> 1050 17th Street, N.W.
> Suite 700
> Washington, D.C. 20036
> Fax: (202) 659-0537

Regan Rush

14