# IN THE DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT J. HICKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 07-1866 |
| | ) (JDB) |
| | ) |
| CHARLENE SCOTT, | ) JUDGE: BATES, J. |
| | ) |
| Defendant. | ) |

_____

### DEFENDANT'S ANSWER TO PLAINTIFFS COUNTERCLAIMS
### ASSERTED IN THE PLAINTIFF'S REPLY
### TO THE DEFENDANT'S SECOND AMENDED ANSWER

COMES NOW, Defendant Charlene Scott ("Defendant"), by and through her undersigned counsel, and, pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, states as follows her Answer to the Plaintiff's newest Counterclaims filed on August 8, 2008.

## PART II – PLAINTIFF'S COUNTERCLAIMS

## FIRST COUNTERCLAIM FOR FRAUD

1.  Defendant denies the factual allegations in paragraph 1.

2.  Defendant denies the factual allegations contained in the first two sentences of paragraph 2. Defendant lacks sufficient knowledge to either admit or deny the third and fourth sentences of paragraph 2 and thus denies the factual allegations contained within those sentences. Defendant admits the factual allegations in the fifth sentence of paragraph 3.

3. Defendant admits that the Plaintiff sent her a retainer agreement. Defendant lacks sufficient knowledge to either admit or deny the additional factual allegations in the first sentence of paragraph 3, and thus denies those factual allegations. Defendant admits that there was a transmittal letter sent with the retainer agreement. Defendant avers that the transmittal letter speaks for itself. The Defendant denies any remaining factual allegations in paragraph 3.

4. Defendant admits the factual allegations contained within paragraph 4.

5. Defendant admits the factual allegations contained within the first sentence of paragraph 5. Defendant denies the factual allegations contained within the second and third sentences of paragraph 5.

6. Defendant admits that Plaintiff told her that the purpose behind paragraph 6 of the agreement was to keep DOE from gaining information. To the extent that the first sentence contains additional factual allegations, they are denied. Defendant denies the factual allegations contained within sentences two and three of paragraph 6.

7. Defendant admits that she was informed that if she had questions before signing the Agreement, should could contact another lawyer or the bar association. Defendant denies that she was told she could contact Plaintiff with questions. Defendant avers that the Agreement speaks for itself and denies the Defendant's characterization of the Agreement contained within the second sentence of paragraph 7. Defendant denies the factual allegations contained within sentences three, four and five of paragraph 7.

8. Defendant denies the factual allegations contained in paragraph 8.

9.     Defendant lacks sufficient knowledge to either admit or deny the first sentence of paragraph 9 and thus denies the factual allegations contained within it. Defendant denies the factual allegations contained within the second sentence of paragraph 9. Defendant denies that she never asked for a change in the Agreement, however, admits that she did not ask for a change in the Agreement as a direct result of the Plaintiff's move to a new office. To the extent that the third sentence contains any other factual allegations, Defendant denies them. Defendant admits the factual allegations contained within the fourth sentence of paragraph 9 with the explanation that Defendant communicated with Dayna who was described as Plaintiff's secretary. The fifth sentence of paragraph 9 contains legal conclusions that do not necessitate a response by the Defendant. To the extent that a response is required, Defendant denies the factual allegations contained in the fifth sentence of paragraph 9.

10.     Defendant admits that her employment with DOE ended and that she had a difficulty either getting new employment or employment which paid at the same level as she received from DOE. However, Defendant denies that her employment with DOE ended after she contacted the Plaintiff. To the extent there are additional factual allegations contained within paragraph 10, Defendant denies them.

11.     Defendant denies the factual allegations contained within paragraph 11.

12.     Defendant admits that she informed the Defendant at some point in time that her sisters could not take over her case against DOE and that they could not contribute to her legal costs. Defendant denies all other factual allegations contained within this paragraph.

13. Defendant lacks sufficient information to either admit or deny the factual allegations contained within the first sentence of paragraph 13. Complaint admits that she did not ask the Plaintiff what agreement the invoices were in reference to. The Defendant denies all other factual allegations contained within paragraph 13.

14. Defendant lacks sufficient knowledge to either admit or deny the factual allegations contained within paragraph 14. Defendant does not know what "this time" refers to and which "various documents" are being referred to. The sentence also calls for a legal conclusion for which no response is needed. To the extent that a response is required, Defendant denies the allegations in paragraph 14.

15. Defendant lacks sufficient knowledge to either admit or deny the factual allegations contained within paragraph 15 and thus denies the factual allegations.

16. Defendant lacks sufficient knowledge to either admit or deny the factual allegations contained within paragraph 16, and thus denies the factual allegations.

17. Defendant admits that the Administrative Judge issued a decision in Defendant's favor in September 2005 and Defendant was awarded fees separately. Defendant denies all the remaining factual allegations contained in paragraph 17.

18. Defendant denies the factual allegations contained within paragraph 18.

19. Defendant lacks sufficient knowledge to either admit or deny the factual allegations contained within paragraph 19 because the Plaintiff failed to identify the correspondence that he refers to or provide a copy of that correspondence. Thus the Defendant denies the factual allegations in paragraph 19.

20. Defendant denies the factual allegations contained within paragraph 20.

21. Defendant admits the factual allegations contained within paragraph 21.

22. Paragraph 22 does not require a response from Defendant as it is an re-incorporating paragraph and the Defendant has already responded to the Plaintiff's Complaint.

23. Paragraph 23 contains legal conclusions that do not necessitate a response from the Defendant. To the extent that a response is required, Defendant denies the factual allegations contained within paragraph 23.

24. Paragraph 24 contains legal conclusions that do not necessitate a response from the Defendant. To the extent that a response is required, Defendant denies the factual allegations contained within paragraph 24.

25. Paragraph 25 contains legal conclusions that do not necessitate a response from the Defendant. To the extent that a response is required, Defendant denies the factual allegations contained within paragraph 25.

26. Defendant denies the factual allegations contained within paragraph 26.

27. Defendant denies the factual allegations contained within paragraph 27.

28. Defendant denies that she made false representations and concealments. Defendant lacks insufficient knowledge to either admit or deny the remaining factual allegations in paragraph 28 and thus denies the factual allegations.

29. Defendant denies that she made false representations and concealments. Defendant lacks insufficient knowledge to either admit or deny the remaining factual allegations in paragraph 29 and thus denies the factual allegations.

30. Paragraph 30 contains legal conclusions that do not necessitate a response from the Defendant. To the extent that a response is required, Defendant denies the factual allegations contained within paragraph 30.

31. Paragraph 31 contains legal conclusions that do not necessitate a response from the Defendant. To the extent that a response is required, Defendant denies the factual allegations contained within paragraph 31.

32. Paragraph 32 contains legal conclusions that do not necessitate a response from the Defendant. To the extent that a response is required, Defendant denies the factual allegations contained within paragraph 32.

33. Defendant denies the factual allegations contained within paragraph 33.

34. Paragraph 34 contains the Prayer for Relief and thus a response from the Defendant is not required. To the extent that a response is required, Defendant denies the factual allegations contained within paragraph 34.

## SECOND COUNTERCLAIM

## PLAINTIFF'S COUNTERCLAIM FOR ABUSE OF PROCESS

35. Paragraph 1 contains legal conclusions that do not necessitate a response from the Defendant. To the extent that a response is required, Defendant denies the factual allegations contained within paragraph 1.

36. Defendant denies the factual allegations contained within paragraph 2.

37. Defendant denies the factual allegations contained within paragraph 3.

38.	Paragraph 4, which is not numbered, contains the Prayer for Relief and thus a response from the Defendant is not required.  To the extent that a response is required, Defendant denies the factual allegations contained within the Prayer for Relief.

### THIRD COUNTERCLAIM

### PLAINTIFF'S COUNTERCLAIM FOR CONVERSION

39.	Paragraph 1 does not require a response from Defendant as it is a re-incorporating paragraph and the Defendant has already responded to the Plaintiff's Complaint.

40.	Paragraph 2 does not require a response from Defendant as it is an re-incorporating paragraph.  To the extent that a response is required, Defendant denies the factual allegations contained within paragraph 2.

41.	Defendant denies the factual assertions contained within paragraph 3.

42.	Defendant denies the factual assertions contained within paragraph 4.

43.	Defendant admits the factual allegations contained within paragraph 5.

44.	Defendant denies the factual allegations contained within paragraph 6.

45.	Defendant denies the factual allegations contained within paragraph 7.

46.	Paragraph 8, which is not numbered, contains the Prayer for Relief and thus a response from the Defendant is not required.  To the extent that a response is required, Defendant denies the factual allegations contained within the Prayer for Relief.

### AFFIRMATIVE AND OTHER DEFENSES

47.	 Defendant restates and reincorporates paragraphs 1-46 as if they were fully stated herein.

48. Plaintiff's counterclaims fails to state any claim upon which relief can be granted.

49. Plaintiff's counterclaims are barred, in whole or in part, to the extent they are untimely under the applicable statute of limitations.

50. Plaintiff's counterclaims are barred, in whole or in part, by the equitable doctrine of laches in that Plaintiff unreasonably delayed in asserting his claims and Defendant has been prejudiced by Plaintiff's delay.

51. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

52. Plaintiff's claims are barred, in whole or in part, by the doctrine of forfeiture.

53. Plaintiff's claims are barred, in whole or in part, by the doctrine of forfeiture and/or disgorgement.

54. Plaintiff's claims are barred, in whole or in part, because the Plaintiff did not actually complete all of the services for which the Plaintiff seeks to recover payment.

55. Plaintiff's claims are barred, in whole or in part, because the Plaintiff seeks to collect for services that were not permitted under the Agreement such as dinner for his administrative staff, overtime for his administrative staff, cab rides for his administrative staff and administrative tasks completed by the Plaintiff himself (as opposed to legal services).

56. Plaintiff's claims are barred, in whole or in part, because the Plaintiff is attempting to recover fees that are unreasonable in violation of Rule 1.5 of the District of Columbia Rules of Professional Conduct.

57. Plaintiff's claims are barred, in whole or in part, because the Plaintiff has exploited an hourly fee arrangement by using wasteful procedures in violation of Rule 1.5 of the District of Columbia Rules of Professional Conduct.

58. Plaintiff's claims are barred, in whole or in part, by the doctrine of *res judicata* because the EEOC Administrative judge has already determined that the fees charged by the Plaintiff were unreasonable.

59. Plaintiff waived, modified and/or released any claim for interest under paragraph 7 of the Agreement.

60. Paragraph 6 of the Agreement is void for public policy and/or otherwise unenforceable.

61. Plaintiff has waived, modified or released paragraph 5 of the Agreement with respect to late payments.

62. Paragraph 9 of the Agreement, to the extent that it permits only the Plaintiff recovery of attorneys' fees in the event Plaintiff seeks to enforce the Agreement in court, is void for public policy and/or otherwise unenforceable.

63. Paragraphs 6 and 9 of the Agreement are barred, in whole or in part, by the doctrine of illegality.

64. Paragraph 9 of the Agreement, to the extent that it permits Plaintiff to recover attorneys' fees when Plaintiff represents himself *pro per*, is void for public policy and/or otherwise unenforceable.

65. Plaintiff's claims are barred, in whole or in part, by the doctrine of payment because the Defendant has tendered payment for services rendered under the Agreement.

66. Defendant acted in good faith in her dealings with the Plaintiff.

67. Defendant acted in good faith in responding to this present lawsuit and in drafting her pleadings.

WHEREFORE, having fully answered and responded to Plaintiff's Counterclaims, Defendant prays that this Court dismiss Plaintiff's Counterclaims, render judgment in her favor, award her costs and attorney's fees incurred in this matter, and award her such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable to a jury as a matter of right.

_____/s/_____
Regan Rush, *pro hac vice*
Vincent Melehy
Melehy & Associates LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: (301) 587-6364
Fax: (301) 587-6308

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 25th day of August, 2008, a copy of the foregoing DEFENDANT'S ANSWER TO PLAINTIFFS COUNTERCLAIMS ASSERTED IN THE PLAINTIFF'S REPLY TO THE DEFENDANT'S SECOND AMENDED ANSWER was served electronically via the Court's electronic filing system to:

     Robert J. Hickey
     1050 17th Street, N.W.
     Suite 700
     Washington, D.C. 20036
     Fax: (202) 659-0537
     Email: roberthickeylaw@yahoo.com

                                              ___/s/_____
                                              Regan Rush