UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT J. HICKEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHARLENE SCOTT, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 07-1866 (JDB) |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION IN LIMINE TO PRECLUDE EVIDENCE AND TESTIMONY
REGARDING EMOTIONAL DISTRESS

I. INTRODUCTION

In her Third Supplemental Answer to Interrogatories, served two years after this litigation was initiated, Charlene Scott ("Scott") indicated for the first time that she seeks to recover damages for emotional distress allegedly suffered as a result of Mr. Hickey's acts and omissions.

District of Columbia law clearly prohibits recovery for emotional distress in negligence cases where a plaintiff has not suffered a physical injury or been in the "zone of danger" such that she feared for her safety as a direct result of any alleged negligent action. Here, Scott neither suffered a physical injury nor was in the zone of physical danger as a result of the legal representation or alleged malpractice by Hickey. *See* Counterclaim, *passim*. Scott's claim for emotional distress damages therefore lacks the necessary legal prerequisite under District of Columbia law, and fails as a matter of law. Evidence related to Scott's alleged emotional distress is irrelevant, confusing and misleading, and should not be presented to the jury. All evidence regarding her claim for emotional distress damages is properly excluded at trial and Scott must be precluded from presenting this claim to the jury.

406649.4

## II. ARGUMENT

Historically, District of Columbia law did not permit a plaintiff to recover damages for mental anguish without a *direct physical injury* caused by the alleged negligence. *See Morgan v. Psychiatric Inst. of Wash.*, 692 A.2d 417, 421 (D.C. 1997)("In the case of a claim of negligence the only avenue left open for recovery [of emotional distress claim] under current law is a showing of direct physical injury resulting from the alleged negligence."); *District of Columbia v. Smith*, 436 A.2d 1294, 1296 (D.C. 1981)("It is generally accepted in this jurisdiction that there can be no recovery for negligently caused emotional distress, mental disturbance, or any consequence thereof, where there has been no accompanying physical injury.")(internal citations omitted); *Asuncion v. Columbia Hosp. for Women*, 514 A.2d 1187, 1197 (D.C. 1986)("Although it is true that, in this jurisdiction, the physical injury need not be substantial to sustain a tort claim for negligent infliction of emotional distress, there nonetheless must be at least some physical injury.").

Over time, however, this strict prohibition has been somewhat "relaxed" by the Court of Appeals, which has refined the requirement of a direct physical injury for compensable emotional distress claims to include the "zone of danger" test. In *Williams v. Baker*, 572 A.2d 1062, 1067 (D.C. 1990)(*en banc*), the Court modified its longstanding rule that negligently inflicted mental distress was compensable *only* where it resulted from a direct physical impact.

District of Columbia law now requires that, at a minimum, there be evidence that plaintiff was in *physical danger* such that "if the plaintiff was in the zone of physical danger and was caused by defendant's negligence to fear for his or her own safety, the plaintiff may recover for negligent infliction of serious emotional distress . . . ." *Id.*; *Washington v. John T. Rhines*, 646 A.2d

2

406649.4

345, 347-48 (D.C. 1994)(noting the "zone of danger" test is now the exclusive means of assessing claims for negligently inflicted emotional distress).

The "zone of danger" test requires that "the plaintiff's presence in the zone of danger be contemporaneous with her fear for her own safety." *Jane W. v. Georgetown Univ. Med. Ctr.*, 863 A.2d 821, 826 (D.C. 2004). *See also. Sowell v. Hyatt Corp.*, 623 A.2d 1221, 1225-26 (D.C. 1993)(where plaintiff observed a worm in her food but did not consume it, the Court found that a compensable emotional distress claim was set forth since "eating contaminated food is evidence of physical endangerment" and therefore plaintiff was in the zone of danger and feared for physical safety "because seeing the worm caused [plaintiff] to fear that she had eaten contaminated food, which was a fear for her physical safety.").

It stands to reason, therefore, that in the absence of a physical injury or threat of physical injury, emotional distress damages are not recoverable for legal malpractice:

> With some jurisdictional exceptions, the rule is that damages for emotional injuries [in a legal malpractice case] are not recoverable if they are a consequence of other damages caused by the attorney's negligence or a fiduciary breach that was not an intentional tort. Damages for emotional anguish also have been rejected where the client's theory was for breach of contract.

*Legal Malpractice,* Mallen & Smith (5th Ed. 2008), § 21:11 at pp. 35-36.[1]

Applying these well-established principles to the instant case, it is clear that any negligently inflicted emotional distress, even assuming Scott experienced such distress, is not recoverable and any evidence of emotional distress must be precluded at trial. As can be seen in her responses to

---

[1] The specific issue of whether a former client can recover for alleged emotional damages for professional malpractice has not been decided under District of Columbia law. *See Herbin v. Hoeffel*, 806 A.2d 186, 198 (D.C. 2002)("Because we decide that the complaint states a claim for intentional infliction of emotional distress, we do not at this juncture decide whether a cause of action for malpractice lies where those are the only damages asserted.")(*citing* Ronald E. Mallen & Jeffrey M. Smith, Legal Malpractice, § 20.11, at 144 (5th ed. 2008)). Plaintiff contends that, consistent with the authority discussed in Mallen and Smith, emotional damages are not recoverable in legal malpractice cases under District of Columbia law. However, the Court need no resolve this issue, because the application of the general principles of District of Columbia law makes clear that, because Scott did not suffer a physical injury or threat of physical injury from the zone of danger, she cannot recover emotional distress damages.

3

406649.4

interrogatories and recent deposition testimony, Scott never claims to have sustained any physical injury. *See* Exhibit 1, Third Supplemental Responses to Interrogatories at Response to Interrogatory No. 23 and Exhibit 2, Excerpts of Scott Deposition at pp. 62 - 81.[2] Nor was she ever in the "zone" of physical danger" during Mr. Hickey's legal representation. Counterclaim, *passim*.

Glaringly absent from this case is any allegation of a physical injury to Scott, nor could there be under the circumstances. It would strain credulity to suggest that meetings, conversations and other communications with a lawyer could conceivably give rise to a physical injury of any sort, let alone a circumstance that could put this former client in any "zone of danger" such that she feared for her physical safety.

In the underlying litigation, Scott sought emotional distress damages, and attributed all of her distress to her the Department of Energy and her harasser. She received an award for those damages, and is improperly seeking a duplicate recovery. Even if she could distinguish the emotional distress sought in this action from that at issue in the underlying action, Scott's own description of her so-called "injuries" makes clear that she suffered no physical injury or impact as a result of any alleged legal malpractice or breach of fiduciary duty. The only allegation is that she suffered bouts of crying, depression, stress or anxiety, which in turn caused variety of symptoms

---

[2] In her Answers to Interrogatories, Scott avers that she "suffered severe emotional distress." See Exhibit 1, Third Supplemental Answer to Interrogatory No. 23. Specifically, Scott "has felt cheated by her own lawyer—someone she put her trust in. This has caused her to lose trust and faith in others, especially in individuals who are in positions of power. It has caused her to question the essentially goodness and integrity of people." *Id.* Scott further avers that "[a]s a result of the [Mr. Hickey's] actions, she has had bouts of crying, depression, severe stress, anxiety frustration, loss of sleep, extreme fatigue, extreme worry, irritability, distractibility and difficulty effectively communicating. These emotions have caused her difficulty in personal relationships, maintaining friendships, and interactions with others both on the job and her in her personal life. Her emotional distress has affected her job performance." *Id.* In addition, Scott avers that she "feels ashamed and embarrassed for trusting [Mr. Hickey] and has made her reluctant to trust people. Her emotional distress is exacerbated because of the deeply personal subject matter of the case that [Mr. Hickey] handled on her behalf." *Id.*

During deposition, she confirmed that this is an accurate description of what she felt, "I really just felt very sad and, you know, very fatigued, extremely low tolerance for pressure and stress." Exhibit 2, at p. 64. Scott confirmed she did not see any physicians or mental heath providers for this alleged emotional distress. *Id.* at 72. She also confirmed that "the majority of the depression" was related to her underlying claim against the DOE. *Id.* at 71. At the hearing before the EEOC in the underlying administrative action, Scott argued that all of her emotional distress was caused by her harasser, and therefore she cannot now claim that this same emotional distress was somehow proximately caused by Mr. Hickey. The absence of proximate causation also warrants exclusion of evidence of emotional distress damages.

(such as fatigue and lack of sleep). *See* Exhibit 1, Third Supplemental Answer to Interrogatory No. 23 (also discussed in fn. 2 herein). However, any such manifestations of stress do not satisfy the "physical injury" prerequisite for compensable, negligently-inflicted emotional distress damages.

Rejecting identical types of manifestation-symptom claims, the Court of Appeals in *Williams v. Baker*, specifically found that damages from such post-event problems are not recoverable under a negligence theory since these symptoms do not arise from the required physical injury (or the zone of physical danger). For that reason, the Court precluded recovery notwithstanding allegations that the emotional distress and anxiety experienced by plaintiff (as a result of the defendant's negligence) resulted in physical pain and suffering. *Williams*, 575 A.2d at 1063. Similarly, in a subsequent case, the Court again rejected claims for recovery of physical manifestations, emphasizing "just how strict the zone of danger is." *Washington*, 646 A.2d at 348.

In the absence of physical injury or physical impact caused by any alleged legal malpractice/breach of fiduciary duty, and without being in the "zone of danger" of physical injury, Scott cannot recover for emotional distress under a negligence theory.

For these reasons, evidence regarding emotional distress is irrelevant and therefore, Scott must be precluded from presenting any evidence and eliciting any testimony regarding emotional distress at trial in support of her counterclaims for legal malpractice and breach of fiduciary duty. Fed. R. Evid. 402. Such non-probative testimony should also be excluded because of the substantial risk that Mr. Hickey would be unduly prejudiced, and the further danger that it would confuse the issues and mislead the jury. Fed. R. Evid. 403.

406649.4

## III. <u>CONCLUSION</u>

For these reasons, Robert J. Hickey, Counterclaim-Defendant, respectfully requests that this Court enter an Order precluding Scott from seeking emotional distress damages at trial, and disallowing any testimony or other evidence regarding emotional distress, and/or such other relief as this Court deems just and warranted.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

<u>/s/ Laura N. Steel, Esq.</u>
Laura N. Steel, Esq. (D.C. Bar No. 367174)
Kevin Farrell, Esq. (D.C. Bar No. 492142)
700 11th Street, NW, 4th Floor
Washington, DC 20001
Phone: 202-626-7660
Fax: 202-628-3606

***Counsel for Robert J. Hickey, Counterclaim-Defendant***