IN THE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT J. HICKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 07-1866 |
| | )          (JDB) |
| | ) |
| CHARLENE SCOTT, | ) JUDGE: BATES, J. |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE TO PRECLUDE TESTIMONY AND EVIDENCE
REGARDING EMOTIONAL DISTRESS**

The defendant, by and through her undersigned attorney, hereby files this Memorandum in Opposition to Plaintiff's Motion *in Limine* to Preclude Testimony and Evidence Regarding Emotional Distress.

**INTRODUCTION**

This Court should deny Plaintiff's Motion *in Limine* because Ms. Scott is entitled to emotional distress damages as a remedy for her claims of professional negligence and breach of fiduciary duty. Hickey asserts that a plaintiff can only recover emotional distress in a negligence case, if the plaintiff reasonably feared for his or her physical safety or actually experienced a physical injury. (Pl. Mem. at 3.) This is known as the "zone of danger" theory. Without any supporting case law, Hickey assumes that the "zone of danger" theory applies to a claim of legal malpractice. Oddly enough, Hickey appears to concede that the "zone of danger" theory does not apply to Scott's breach of fiduciary duty claim because he does not argue that it does. According to Hickey, Scott cannot recover emotional distress damages because "conversations and other communications with a lawyer could [not] conceivably give rise to a

1

physical injury." (*Id.* at 4.) Defendant is simply wrong on this discrete legal issue for the reasons explained below.

## ARGUMENT

### I. EMOTIONAL DISTRESS DAMAGES ARE RECOVERABLE IN A LEGAL MALPRACTICE CASE IN THE ABSENCE OF A PHYSICAL INJURY OR REASONABLE FEAR OF A PHYSICAL INJURY.

The "zone of physical danger" test was established by *Williams v. Baker*, which held that "one may recover for emotional distress caused by witnessing injury to an immediate family member only if the claimant was in the zone of physical danger and as a result feared for his or her own safety." 572 A.2d 1062, 1064 (D.C. 1990). Since *Williams*, the Court extended the scope of the zone of danger test to encompass many general claims of negligent and intentional infliction emotional distress. *Washington v. John T. Rhines Co.*, 646 A.2d 345, 348 (D.C. 1994). However, it now appears that the D.C. Court of Appeals is curtailing its *carte blanche* use of the zone of danger test in negligent or intentional infliction of emotional distress claims.

The Court of Appeals has not formally decided the issue of whether emotional distress damages are recoverable in a malpractice case absent physical injury or a reasonable fear of physical injury, although it potentially signaled the direction it was leaning by vacating its own ruling. In *Hedgepeth v. Whitman Walker Clinic,* for example, the Court of Appeals held that a patient wrongfully diagnosed as HIV positive could not recover emotional distress because he was never in a zone of physical danger. 980 A.2d 1229, 1232-33 (D.C. 2009). That decision was vacated by the Court of Appeals on rehearing *en banc*, pending a decision on *en banc* review. 990 A.2d 455 (D.C. 2010).

In *Paul v. Judicial Watch, Inc.*, this Court permitted a plaintiff to seek and obtain damages for emotional distress, loss of reputation and goodwill in a legal malpractice action

even though there was no evidence that the plaintiff suffered a physical injury or was in a zone of danger.  543 F.Supp.2d 1, 7 (D.D.C. 2008).

While the Court of Appeals has generally applied the zone of danger theory to claims of intentional or negligent infliction of emotional distress, *see, e.g., id.*; *Morgan v. Psychiatric Inst. of Wash.*, 692 A.2d 417 (D.C. 1997); *Washington v. John T. Rhines*, 646 A.2d 345 (D.C. 1994); *Jane W. v. President & Dirs. of Georgetown Coll.*, 863 A.2d 821 (D.C. 2004), this Court and the Court of Appeals has been less restrictive in applying it to other torts, *see, e.g., Daisley v. Riggs Bank, N.A.*, 372 F. Supp. 2d 61, 81 (D.D.C. 2005) ("In the absence of conclusive authority, the court will not graft a physical injury requirement onto the tort of negligent hiring or supervision."); *Vassiliades v. Garfinckel's, Brooks Bros., Miller & Rhodes, Inc.*, 492 A.2d 580, 594 (D.C. 1985) ("A plaintiff whose private life is given publicity may recover damages for the harm to her reputation or interest in privacy resulting from the publicity and also for the emotional distress or personal humiliation ... if it is of a kind that normally results from such an invasion and it is normal and reasonable in its extent.") (internal citations omitted).

Scott suffered severe emotional distress as a result of Mr. Hickey's professional negligence and breach of fiduciary duty; she is seeking compensation for this emotional distress.  As set forth in her response to Plaintiff's Interrogatories, Ms. Scott "has had bouts of crying, depression, severe stress, anxiety frustration, loss of sleep, extreme fatigue, extreme worry, irritability, distractibility and difficulty effectively communicating.  These emotions have caused her difficulty in personal relationships, maintaining friendships, and interactions with others both on the job and her in her personal life.  Her emotional distress has affected her job performance." (Def.'s Third Supplemental Resp. to Pl.'s First Set of Interrogs., attached as Ex. A.)

This Court should decline require an actual or physical injury or reasonable fear of one as a pre-requisite for making claiming and receiving emotional distress damages.

### II. EVEN IF EMOTIONAL DISTRESS DAMAGES ARE NOT RECOVERABLE IN GARDEN VARIETY MALPRACTICE CASES IN THE ABSENCE OF AN ACTUAL OR FEARED PHYSICAL INJURY, THERE IS AN EXCEPTION FOR INTENTIONAL CONDUCT OR BREACH OF FIDUCIARY DUTY.

Ironically, Hickey does not even argue that emotional distress damages are not recoverable under Scott's breach of fiduciary duty claim in the absence of an actual or reasonably feared physical injury. Hickey has essentially conceded this point.

The treatise Legal Malpractice states that emotional damages may be recoverable in a legal malpractice claim "if the attorney's conduct involved fraud, intentional conduct, [or] a willful fiduciary breach…" (3 Ronald E. Mallon & Jeffrey M. Smith, LEGAL MALPRACTICE § 21.11 (2011 ed.).)  Although it declined to rule on the issue of whether emotional distress damages are recoverable without an actual or feared physical injury in a malpractice action, the District of Columbia Court of Appeals send yet another signal that it was leaning in this direction.  In *Herbin v. Hoeffel,* the Court of Appeals cited the above provision of the treatise with approval.  806 A.2d 186, 198 n. 20 (D.C. 2002) ("stating general rule that emotional damages are not recoverable as direct damages resulting from legal malpractice, but noting exceptions in cases of fraud, intentional conduct, willful fiduciary breach or physical conduct").

Breach of fiduciary duty and legal malpractice are not claims associated with personal injury.  Like negligent hiring and violation of privacy, the wrongdoing associated with these claims do not necessarily cause mental and emotional damage that is based on a fear of imminent physical harm.  Furthermore, the claim of breach of fiduciary duty is unique, in that it is based on the inherent relationship of trust between an attorney and a client.  *See Herbin*, *supra*, 806 A.2d

4

at 195 (D.C. 2002). "The relation of attorney and client is one of the highest trust and confidence, and demands the utmost good faith on the part of the attorney." *Maxwell v. Gallagher*, 709 A.2d 100, 102-03 (D.C. 1998).

The dicta contained in *Herbin v. Hoeffel* is consistent with rulings from other courts which allow recovery of emotional distress damages when there is no actual or feared physical injury, where the attorney engages in breach of fiduciary duty or other intentional conduct.

Ms. Scott has alleged that Mr. Hickey engaged in conduct rising to the level of fraud, intentional conduct, and willful fiduciary breach. Among other things, Ms. Scott alleged that Mr. Hickey billed Scott for services that he did not actually provide, presented her with a retainer agreement that was facially unethical, and misled her into believing that he was a member of the firm of Burch & Cronauer, P.C. when in fact he was not. (Def.'s Third Am. Answer)  This conduct, if proven, would violate the special relationship of trust between an attorney and a lawyer and a client.

## CONCLUSION

As set forth herein, this Court should deny Plaintiff's Motion in Limine because Ms. Scott may be entitled to emotional distress as a potential remedy to Mr. Hickey's Professional Negligence and Breach of Fiduciary Duty.

Respectfully Submitted,

MELEHY & ASSOCIATES, LLC.


  /s/   Omar Vincent Melehy
Omar Vincent Melehy
Melehy & Associates, LLC
D.C. Bar No. 415849
8403 Colesville Rd., Suite 610
Silver Spring, MD 20910
Phone: (301) 587-6364
Fax:    (301) 587-6308
Email: ovmelehy@melehylaw.com
*Attorney for Defendant*