UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT J. HICKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-1866 (JDB) |
| v. ) | |
| ) | |
| CHARLENE SCOTT, ) | |
| ) | |
| Defendant. ) | |

**REPLY OF ROBERT J. HICKEY IN SUPPORT OF
MOTION IN LIMINE TO PRECLUDE TESTIMONY AND EVIDENCE
REGARDING EMOTIONAL DISTRESS**

I. **INTRODUCTION**

For the first time right before the close of discovery and only in her Third Supplemental Response to Interrogatories, Scott expanded her claims to include emotional distress she alleges to have suffered while withholding payment of Mr. Hickey's legal fees. As demonstrated in Hickey's Motion in Limine, Scott cannot recover emotional distress damages in this lawsuit.[1]

In what can only be generously described as an afterthought (since emotional distress was not specifically enumerated as an element of damages in the counterclaims),[2] Scott now incredulously claims in her pre-trial submission to have suffered $300,000 worth

---

[1] Hickey's Motion in Limine is filed at Document No. 109; Scott's Opposition thereto is filed at Document 121.

[2] Although Scott's operative pleading (Second Amended Answer and Counterclaims) generally seeks recovery for "compensatory damages," there is no specific reference to emotional distress damages. *See* Second Amended Answer, Counterclaim I and II (in the "Wherefore" paragraphs). Moreover, despite both the mandatory disclosure requirements of Rule 26(a) and an obligation to respond to an interrogatory and document request directly seeking an elucidation and calculation of all of her damages, Interrogatory No. 23 and Request for Production No. 23, Scott did not disclose that she was seeking emotional distress damages until her third supplemental discovery responses served on October 22, 2009, more than 2 years after the obligation to do so first arose.

410367.2

of emotional distress as a result of Mr. Hickey's legal representation of her notwithstanding that he *successfully recovered a sizeable verdict in her favor* in the underlying EEOC case in an amount approaching a quarter of a million dollars, including $40,000 for the emotional distress she claimed to have sustained as a result of sexual harassment by her former supervisor.[3] Scott asserts this claim notwithstanding that she, by her own admission, *cannot distinguish* the emotional distress resulting from the underlying sexual harassment from that which she now contends is attributable to her former lawyer, Mr. Hickey. *See* Exhibit A, Scott Deposition at p. 73, lines 8 -11 ("[I]t's very hard to say....some of it was tangential to the case, and some of it was specific to the way Mr. Hickey dealt with the case.")

Even if remotely credible, Scott's newly minted emotional distress claim should not be considered at trial. As conclusively established in Hickey's Motion in Limine, the law precludes a claim for emotional distress under both the professional negligence and breach of fiduciary duty counterclaims. Evidence and testimony regarding emotional distress therefore should be precluded at trial.

## II. SCOTT'S OPPOSITION CONCEDES THAT EMOTIONAL DISTRESS DAMAGES ARE GENERALLY NOT RECOVERABLE IN TORT CASES ABSENT PHYSICAL INJURY OR ZONE OF DANGER.

In her Opposition, Scott makes several important concessions that are dispositive of the legal issues presented. First, she concedes that this lawsuit does not involve a personal,

---

[3] Over the course of his 8-year legal representation, Mr. Hickey received less than 10% of the legal fees billed and Scott never once objected in writing to his monthly invoices. After vigorously pursing Scott's discrimination/harassment claims through a hearing, Mr. Hickey obtained a significant victory for her, including a reward for her emotional damages suffered as a result of sexual harassment, and an award of attorney's fees. It was not until long after this litigation was initiated by Mr. Hickey that Scott agreed to pay him the fees awarded by the EEOC. Scott now seeks a complete disgorgement of all fees paid to Hickey, plus $86,000 in economic losses, $300,000 in emotional distress, $500,000 in punitive damages, attorney's fees and costs, and post-judgment interest.

physical injury and that she was never in a zone of danger of physical injury, Opp. at 2, the clear legal prerequisites for recovery of emotional distress damages under a negligence theory. Second, Scott admits that there is no District of Columbia law to support her claim for emotional damages where there is no physical injury and no reasonable fear of physical injury. *Id.* Finally, she concedes the absence of legal authority in the District of Columbia allowing for recovery of emotional distress damages in a legal malpractice case. *Id.*

Notwithstanding clear legal authority to the contrary, Scott nevertheless asks this Court to ignore existing District of Columbia case law and re-write the substantive state tort law based on what she mischaracterizes as "signals" from the District of Columbia Court of Appeals. In that regard, she erroneously relies upon and misconstrues *Hedgepeth v. Whitman Walker Clinic*, a medical malpractice case in which the D.C. Court of Appeals granted an *en banc* hearing to review the panel's holding that a patient wrongfully diagnosed as HIV positive could not recover emotional distress damages because he was never in a zone of physical danger. *Hedgepeth v. Whitman Walker Clinic*, 980 A. 2d 1229 (D.C. 2009), vacated at 990 A.2d 455 (D.C. 2010).

Clearly, however, the granting of an *en banc* hearing is not, in and of itself, a "signal" of any kind and cannot be contorted into some speculative harbinger of a future change in the law. Not only has the D.C. Court of Appeals not issued an *en banc* opinion in *Hedgepeth*, but it has never overruled, let alone "signaled" that it intends to reverse, well-established District of Columbia law, which remains controlling and requires a physical injury and/or that plaintiff be in the zone of physical danger as a predicate for recovery of emotional distress damages in negligence, as set forth in Hickey's Motion.

In any event, on its face, the facts of *Hedgepeth* make it easily distinguishable from the instant case where the patient, who was given a life-threatening diagnosis, could be construed to have feared for his physical well-being, and therefore could come within the "zone of danger." No such potential exists here, where plaintiff admittedly suffered no physical injury or threat thereof.

Because Scott has never suffered a physical injury and was not in a zone of danger (which is now conceded), her emotional distress claim fails as a matter of law. All evidence of her emotional distress claims must therefor be excluded from trial.

Scott's next attempt to create a legally sustainable emotional distress claim, where none exists, likewise fails. In that regard, her Opposition completely misstates the holding of *Paul v. Judicial Watch, Inc.*, 543 F. Supp. 2d 1 (D.D.C. 2008), which does not stand for the proposition that emotional distress damages are recoverable for legal malpractice. Opp. at 2-3. In his opinion in *Paul*, Judge Lambreth *did not* find that emotional damages were recoverable for legal malpractice --- rather, the court merely concluded that plaintiff had adequately set forth a professional malpractice claim against defendants. The issue of whether emotional damages are or are not recoverable for professional malpractice was neither raised by defendants nor addressed by the court. 543 F. Supp. 2d at 7.

In her next unsuccessful effort to pursue her legally unfounded emotional distress damages, Scott tries to recast her claims to avoid the physical injury/zone of danger requirements. Having conceded that D.C. law applies these requirements to claims of intentional and negligent infliction of emotional distress, Opp. at 3, she now unpersuasively tries to convince this Court that her claims are somehow exempt. Without factual or legal support, Scott contends that the present claims for professional negligence and breach of

fiduciary duty "are not really" based on negligence, but are more akin to other kind of torts, such as negligent hiring or harm to reputation, which she incorrectly avers do not require a physical injury for recovery of emotional distress damages. Opp. at 3-4.

The cases cited by Scott simply do not support this proposition. In *Daisley v. Riggs Bank, N.A.*, 372 F. Supp. 2d 61 (D.D.C. 2005), the district court observed in *dicta* that there was no conclusive and definitive authority requiring a physical injury for negligent hiring or supervision, noting the absence of controlling District of Columbia law directly addressing this issue. 372 F. Supp. 2d at 81. The *Daisley* court did not go so far, as Scott seems to hope, to carve out an exception to the physical injury/zone of danger requirement in negligence cases, having dismissed the negligent hiring claim on other grounds.

Scott's citation to *Vasiliades v. Garfinckel's Brooks Bros., Miller & Rhodes, Inc.*, 492 A.2d 580 (D.C. 1985) is also misplaced because that case involved a claim of invasion of privacy, which sounds in intentional tort, not negligence, and therefore has no applicability here. In any event, Scott quotes out of context a section of the opinion regarding the correctness of the trial court's finding that the verdict was unreasonable. 492 A.2d at 594. However, the Court makes no reference to whether a plaintiff must have suffered physical injury to support a claim for emotional damages for invasion of privacy.

At the end of the day, Scott cannot re-write well-established D.C. law to avoid the requirement of a physical injury/zone of danger. Nor can she recast her claims into some type of "intentional" or quasi-intentional tort to avoid the clear legal bar against recovery of emotional distress in tort without a physical injury or threat thereof.

## III. EMOTIONAL DISTRESS DAMAGES ARE NOT RECOVERABLE UNDER ANY OF SCOTT'S CAUSES OF ACTION, INCLUDING BREACH OF FIDUCIARY DUTY.

In a desperate effort to salvage her unsustainable emotional distress claim, Scott resorts to arguing that she suffered emotional distress by virtue of some breach of fiduciary duty, which she erroneously contends, with a mere stroke of the pen, does not require an actual or reasonably feared physical injury. Opp. at 4-5.

However, glaringly absent from the Opposition is any District of Columbia law to support Scott's unfounded assertion that emotional distress damages are recoverable in connection with any lawyer-client or other fiduciary relationship, let alone one that lacks a physical injury. Again improperly resorting to perceived self-serving "signals," Scott misconstrues the D.C. Court of Appeals holding of *Herbin v. Hoeffel*, 806 A.2d 186, 198, note 20 (D.C. 2002), which addressed the sufficiency of allegations of legal malpractice, breach of fiduciary duty and *intentionally caused* emotional harm. Contrary to Scott's assertion, Opp. at 4, the *Herbin* Court did not adopt a definitive exception to physical injury requirement for fraud, intentional conduct, willful fiduciary breach, but rather cited to the legal malpractice treatise to identify an issue that the Court was not required to, and did not address, under District of Columbia law.

> Because we decide that the complaint states a claim for *intentional* infliction of emotional distress, we do not at this juncture decide whether a cause of action for malpractice lies where those are the only damages asserted. See generally, 3 RONALD E. MALLON & JEFFREY M. SMITH, LEGAL MALPRACTICE § 20.11, at 144 (5th ed. 2000) (stating general rule that emotional damages are not recoverable as direct damages resulting from legal malpractice, but noting exceptions in cases of fraud, intentional conduct, willful fiduciary breach or physical contact).

*Herbin*, 806 A.2d at 198, n. 20 (emphasis added).

Unlike those in *Herbin*, Scott's (counter)claims set forth only negligence theories --- she has brought no *intentional* tort claim and has never alleged any grounds remotely sufficient for a finding of an *intentional* infliction of emotional distress. For this reason, *Herin* is wholly inapplicable here and cannot be read, by any stretch of the imagination, to allow recovery of emotional distress damages in the context of a professional negligence or fiduciary duty claim in the absence of a physical injury or threat thereof.

Obviously conceding, as she must, that she was not in the "zone of danger" of physical injury by virtue of Mr. Hickey's legal representation, Scott cannot recover for emotional distress, regardless of how she tries to revamp her allegations into some kind of "intentional" act under the breach of fiduciary duty claim.

On this issue, Scott simply "misses" the point. It is of no moment, as she now contends, that Mr. Hickey, as her former lawyer, acted "intentionally." Opp. at 4. Under this legally incorrect hypothesis, every litigant could circumvent the "zone of danger" bar precluding recovery of emotional distress damages by arguing that a defendant's allegedly negligent acts were intentionally undertaken. Such an argument is not legally sustainable since fiduciary duty and legal malpractice claims are governed by essentially the same standard. *In re Belmar*, 319 B.R. 748, 752 (Bankr. D.D.C. 2004)("Given the similarity in law governing legal malpractice actions and breach of fiduciary duty claims, this court will address the plaintiff's legal malpractice and breach of fiduciary duty claims together."). As the *Belmar* court observed, "[i]f the underlying malpractice claim fails, tort and contract claims (including the breach of fiduciary duty claim) arising from the same transaction must also fail." *Id.* at 754 (citing *Shapiro, Lifschitz & Schram, P.C. v. Hazard*, 97 F. Supp. 2d 8, 11-12 (D.D.C. 2000)).

More to the point, however, is the critical absence from this lawsuit of any *intentional tort theory of recovery* against Mr. Hickey, which is nowhere plead in the Counterclaim or any of its incarnations. There is no count for intentional infliction of emotional distress, or any other intentional tort, particularly now that any claims previously raised under the D.C. Consumer Protection Act have been dismissed and are no longer part of this case.

It is simply not enough for Scott to aver that she was stressed because the Department of Energy was vigorously defending against her claims, and that she was distressed and unhappy because her former lawyer sent her letters and made repeated and completely justified demands that she provide facts to support her claim and pay his legal bills. Without an intentional tort, Scott cannot recover emotional distress damages in this lawsuit.

Under these circumstances and under the legal theories pled in the Counterclaims, District of Columbia law requires physical injury or physical impact caused by any alleged legal malpractice/breach of fiduciary duty, and without being in the "zone of danger" of physical injury, Scott cannot recover for emotional distress.

## IV.  CONCLUSION

For these reasons, Robert J. Hickey, Counterclaim-Defendant, respectfully requests that this Court enter an Order precluding Scott from seeking emotional distress damages at trial, and disallowing any testimony or other evidence regarding emotional distress, and/or such other relief as this Court deems just and warranted.

Dated: June 10, 2011

                                      Respectfully submitted,

                                      **WILSON, ELSER, MOSKOWITZ,**
                                      **EDELMAN & DICKER LLP**

                                        */s/ Laura Steel*
                                      Laura Steel, Esquire (D.C. Bar No.23660)
                                      Kevin Farrell, Esquire (D.C. Bar No. 492142)
                                      700 11th Street, N.W., Suite 400
                                      Washington, DC 20001
                                      Tel. (202) 626-7660
                                      Laura.Steel@wilsonelser.com
                                      Kevin.Farrell@wilsonelser.com
                                      *Attorneys for Robert J. Hickey,*
                                      *Counterclaim-Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Reply Of Robert J. Hickey in Support of Motion in Limine to Preclude Evidence and Testimony Regarding Emotional Distress was served electronically via ECF this 10th day of June 2011 to the following:

>Omar Vincent Melehy, Esquire
>Melehy & Associates, LLC
>8403 Colesville Road, Suite 610
>Silver Spring, Maryland 20910
>*Counsel for Charlene Scott*

>Robert J. Hickey, Esquire
>Law Offices of Robert J. Hickey
>1050 17th Street, N.W.
>Suite 700
>Washington, DC 20036
>*Plaintiff, pro se*

>/s/ Laura N. Steel
>Laura N. Steel, Esquire

410367.2

10