## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**ROBERT J. HICKEY,**

**Plaintiff,**

v.                                        **Civil Action No.  07-1866 (JDB)**

**CHARLENE SCOTT,**

**Defendant.**

## ORDER

Upon consideration of [108], [109], [110], [111], [112], [113], [114] the parties' motions

in limine, [117] their joint pretrial statement, [137] Hickey's motion to strike Scott's claim for

punitive damages, [138] Hickey's objections to Scott's portions of the pretrial statement, [139]

Scott's objections to Hickey's proposed exhibits and exhibit list, the representations of counsel at

the pretrial conference held with the Court on this date, and the entire record herein, and for the

reasons explained at the pretrial conference, it is hereby **ORDERED** as follows:

1.  Hickey's motion in limine to preclude testimony and evidence regarding Scott's

    defense that Hickey waived his right to contractual interest [112] is **DENIED**;

    Hickey's motion in limine to preclude testimony and evidence regarding Scott's

    affirmative defenses [112] is **DENIED**; and Hickey's motion in limine for a

    spoliation instruction or to preclude evidence from Scott that is contrary to

    Hickey's testimony [112] is **DENIED** at this time.

2.  Hickey's motion in limine to preclude testimony and evidence regarding Scott's

collateral attack upon an order of the EEOC [114] is **DENIED**.

3.     Hickey's motion in limine to preclude testimony and evidence regarding the
       Laffey matrix [108] is **DENIED**.

4.     Hickey's motion in limine to preclude testimony and evidence regarding emotional
       distress [109] is **GRANTED**.

5.     Hickey's motion in limine to preclude testimony and evidence regarding attorneys'
       fees incurred by Scott in connection with this litigation [110] is **GRANTED in
       part** and **DENIED in part**.  If the Court permits Scott to seek punitive damages,
       Scott may present evidence regarding the total amount of attorneys' fees that she
       has incurred in the course of this litigation.  The jury may consider this figure for
       the sole purpose of computing a punitive damages award, if any.  Only if Hickey
       disputes the total amount of attorneys' fees incurred by Scott in this action will
       Scott then be permitted to present evidence justifying the specific fees incurred by
       her attorneys.  In the event that this Court strikes Scott's claim for punitive
       damages, no testimony or evidence regarding attorneys' fees incurred by Scott in
       connection with this litigation shall be permitted.

6.     Hickey's motion in limine to preclude testimony and evidence regarding alleged
       "excessive" time entries [111] is **GRANTED** with respect to the time entries that
       Scott's expert Kristen Alden has highlighted in yellow, but **DENIED** with respect
       to the time entries that Alden has highlighted in blue.

7.     Scott's motion in limine [113] is **GRANTED** with respect to her request that the
       Court determine, as a matter of law, that Scott has not contractually waived her

right to bring malpractice claims against Hickey or to assert other contractual

defenses to Hickey's breach of contract claim; Scott's motion is also **GRANTED**

with respect to her request that the Court determine, as a matter of law, that any

award of attorney's fees by the EEOC over and above the amount of fees that

Scott owed Hickey under the contractual rate set forth in the retainer agreement

belonged to Scott, in the absence of a contractual provision in the retainer

agreement to the contrary; however, the Court will **DEFER JUDGMENT** as to

whether, as a matter of law, the retainer agreement between Hickey and Scott

entitled Hickey to retain any excess fees awarded by the EEOC over and above the

contractual fees to which Hickey was entitled under paragraph 5 of the agreement.

8.     With respect to [137] Hickey's motion to strike Scott's claim for punitive

damages, Scott's opposition shall be filed by not later than June 21, 2011;

Hickey's reply shall be filed by not later than noon (12:00 pm) on June 24, 2011.

9.     To the extent that either party objects to any supplemental expert opinions (or

portions thereof) offered by the opposing side after the close of discovery, that

party shall file a motion setting forth the precise basis of the objection to the

supplemental expert opinion by not later than June 22, 2011.  Oppositions to these

motions shall be filed by not later than June 29, 2011; replies shall be filed by not

later than July 1, 2011.  Regardless of the disposition of these motions, neither

party's expert shall be permitted to offer any opinions on issues that were not

addressed in that party's expert report and supplemental filings.

10.    Hickey's request, raised in [138] his objections to Scott's portions of the pretrial

statement, that Scott be precluded from calling Dayna Gutleben as a witness in this case "because of laches" is **DENIED**.

11.    Hickey's request, raised in [138] his objections to Scott's portions of the pretrial statement, that Scott be barred from raising the issue of "forfeiture/disgorgement" is **DENIED**; Scott may, in fact, seek disgorgement of fees as a form of relief.

12.    Hickey's request, raised in [138] his objections to Scott's portions of the pretrial statement, that Scott be precluded from litigating the issue whether Hickey mischaracterized the nature of his relationship with the law firm of Burch & Cronauer is **GRANTED**, based on Scott's concession that this allegation was not formally included as part of her "breach of fiduciary duty" claim until the filing of the pretrial statement in this case on May 31, 2011.

13.    In light of the Court's rulings on the parties' motions in limine and related issues, the parties shall each submit revised proposed jury instructions and verdict forms by not later than June 21, 2011.  These revised jury instructions and verdict forms shall (1) be filed electronically via ECF; and (2) provided directly to the Court on a CD or on some other form of electronic storage media (such as a USB device). Any written objections to the opposing side's proposed jury instructions or verdict form shall be filed by not later than June 30, 2011.

14.    The parties shall also submit new, revised exhibit lists to the Court by not later than June 23, 2011.  The Court encourages both Hickey and Scott to narrow their lists of exhibits, and not to re-submit the lengthy, excessive lists that were previously included in the parties' joint pretrial statement.  After reviewing the

opposing side's revised exhibit list, each party may then submit a final exhibit list

to the Court by not later than June 27, 2011.  All exhibits must be exchanged by

the parties by not later than June 30, 2011.

14.      Trial in this matter is set to begin on July 5, 2011, at 1:00 pm.  The trial shall

begin at 9:30 am on each morning thereafter, and testimony is expected to take

three to five days.


**SO ORDERED.**


_____/s/_____

JOHN D. BATES
United States District Judge

Dated: <u>June 15, 2011</u>