# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT HICKEY**<br><br>   Plaintiff,<br><br>            v.<br><br>**CHARLENE SCOTT,**<br><br>   Defendant. | Civil Action No. 07-1866 (JDB) |

## MEMORANDUM OPINION & ORDER

This action is on remand by order of the D.C. Circuit, which directed that this Court determine an issue related to the scope and timeliness of plaintiff Robert Hickey's appeal. The case involves a long-running dispute between Hickey and defendant Charlene Scott, and its details are extensively detailed in this Court's previous decisions. The parties narrowed the issues through pretrial motions practice, and the case was tried before a jury on the remaining claims in 2011. The jury returned a verdict against Hickey on his breach of contract claim for unpaid attorney's fees against Scott, his former client, and effectively against Scott on her counterclaims for attorney negligence (or malpractice) and breach of fiduciary duty.[1] As a result, the jury did not award either party any recovery.

## BACKGROUND

Before he filed a notice of appeal, Hickey was hospitalized due to serious injuries sustained in a car accident, which occurred during the time period after the jury returned its

---

[1] Even though the jury found for Scott on her breach of fiduciary duty counterclaim, it awarded her no damages.

1

verdict but before the clerk entered judgment on the jury's verdict—Scott's motion for attorney's fees was still pending. [ECF No. 87]. Two days after this Court issued an Order requiring Hickey to pay Scott's attorney's fees, [ECF No. 184], the clerk entered judgment on the jury's verdict, pursuant to Federal Civil Rule 58(b)(1). [ECF No. 185]. While Hickey was in the hospital, and more than a month after judgment on the jury's verdict was entered, his counsel filed an opposition to Scott's bill of costs in this Court. About a month later, this Court denied the Bills of Costs submitted by both parties because neither party was a prevailing party entitled to recover costs. [ECF No. 189]. Hickey filed a notice of appeal thirty days after the entry of the Order denying his bill of costs. In that notice, he purported to appeal from "Orders issued by the District Court entered in this action including that issued on November 28, 2011 denying Appellant'[s] Bill of Costs." [ECF No. 190].

Scott moved the D.C. Circuit to dismiss Hickey's appeal as untimely. The D.C. Circuit denied her motion without prejudice, finding that Hickey's notice of appeal was timely as to the denial of the bill of costs, and directing the parties to address in their briefs whether the notice of appeal was timely as to the judgment entered on the jury's verdict. Extensive—and apparently unhelpful—briefing ensued. On October 17, 2013, the D.C. Circuit issued an Order requiring this Court to resolve the issue of the timeliness of Hickey's appeal. Specifically, the D.C. Circuit directed this Court to determine

> whether the notice of appeal and/or any other pertinent filings should be treated as a motion for an extension of time to appeal the orders entered in this case prior to November 28, 2011 [the date of the Order denying the parties' bills of costs] under Fed. R. App. P. 4(a)(5) or as a motion to reopen the appeal period as to these orders under Fed. R. App. P. 4(a)(6) and, if so, whether the motion should be granted.

Because the judgment on the jury's verdict entered on September 28, 2011 was the last order issued by the Court before the November 28, 2011 order denying the bills of costs, the Court will

analyze the requirements of Rules 4(a)(5) and 4(a)(6) with reference to that September 28, 2011 judgment. Upon consideration of the D.C. Circuit's order, Hickey's notice of appeal, other relevant filings, applicable law, and the entire record herein, the Court finds that Hickey did not file anything capable of construction as either a motion for an extension of time to appeal or a motion to reopen the appeal period, and hence there is no vehicle through which an extension or reopening could be granted.

## ANALYSIS

Under Federal Appellate Rule 4, a party ordinarily must file a notice of appeal within thirty days of "the entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Only under the limited circumstances provided in Rule 4(a) may a district court relax this jurisdictional requirement in a civil case. Browder v. Dir., Dep't of Corr. of Ill., 434 U.S. 257, 264 (1978) (deadline in Rule 4 is "mandatory and jurisdictional" (quoting United States v. Robinson, 361 U.S. 220, 229 (1960))); see also Bowles v. Russell, 551 U.S. 205, 214 (2007) (emphasizing that "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement").

### I.  Hickey did not file a Rule 4(a)(5) motion

A party may file a motion for extension of time to file a notice of appeal under Rule 4(a)(5) in two circumstances: first, if the party moves within thirty days after the party's initial time to notice an appeal expires, or second, if the party shows "excusable neglect or good cause," regardless of when the motion is filed. Fed. R. App. P. 4(a)(5)(A)(i), (ii). The deputy clerk of the Court entered judgment on the jury's general verdict denying all relief on September 28, 2011. That judgment finally adjudicated each of the parties' remaining claims and counterclaims, and as such was an appealable final order under 28 U.S.C. § 1291. See Fed. R. Civ. P. 54. Hickey did

not file any motions following entry of the jury's verdict on September 28, 2011. The only two filings[2] made on his behalf were [188] an opposition to Scott's bill of costs, filed by Hickey's counsel on November 1, 2011, and [190] his notice of appeal, which he himself filed on December 28, 2011.

Because the deadline in Rule 4 is jurisdictional, the Supreme Court has cautioned that federal courts have no authority "to create equitable exceptions" to the deadline. Bowles, 551 U.S. at 214. Construing a notice of appeal as a motion for extension of time under Rule 4(a)(5) is one such equitable exception often pressed and equally as often rejected. "Eleven circuits have considered whether a notice of appeal can be treated as a motion for extension of time under Rule 4(a)(5) and all have answered in the negative." United States ex rel. Green v. Serv. Contract Educ. & Training Trust Fund, 863 F. Supp. 2d 18, 20-21 (D.D.C. 2012) (collecting cases). Although the D.C. Circuit has not decided the issue, another judge in this district has followed the "uniform guidance" of the other eleven circuits to hold that a notice of appeal cannot be treated as a motion for extension of time. Id.

The national uniformity of this holding stems from the 1979 amendments to the Federal Rules of Appellate Procedure: those amendments revised Rule 4(a)(5) to require a motion "in compliance with the F.R.C.P. and local rules of the district court." Fed. R. App. P. 4 advisory committee's note. Under the old rule, there was a "possible implication that prior to the time the initial appeal time has run, the district court may extend the time on the basis of an informal application," such as a late notice of appeal, but the amendment "would require that the application must be made by motion." Id. Indeed, before the amendments, "case law '[i]n

---

[2] Hickey also filed a notice regarding his attorney membership renewal fees for the D.C. bar in mid-January. [ECF No. 192]. Because this filing is not capable of construction as a motion of any kind, the Court omits it from the Rule 4(a)(5) analysis.

4

effect . . . treated the late-filed notice of appeal as'" a motion for extension of time. Brooks v. Britton, 669 F.2d 665, 667 (11th Cir. 1982) (citing Sanchez v. Board of Regents, 625 F.2d 521, 523 (5th Cir. 1980)). But after the amendments, eleven circuits came to the same conclusion: Rule 4(a)(5) requires an actual motion. This Court finds the holdings of eleven circuits and the committee notes, as well as the holding of another judge in this district, to be persuasive. Accordingly, the Court will not construe Hickey's notice of appeal as a motion for extension of time, under either Rule 4(a)(5)(A)(i) or (ii).

That leaves Hickey's opposition to Scott's bill of costs, Docket No. 188, filed on November 1, 2011. To begin with, nothing in the above analysis suggests that courts may now construe "informal applications" other than notices of appeal as motions for extension of time. See Sanders v. United States, 113 F.3d 184, 186 (11th Cir. 1997) ("a formal motion for extension of time . . . must be filed in the district court") (emphasis added); Campbell v. White, 721 F.2d 644, 646 (8th Cir. 1983) ("We are aware that before 1979 any kind of filing might be treated as a motion for extension . . . .") (emphasis added). But even assuming that courts may permissibly construe filings like the opposition to costs as a motion for extension of time, this Court declines to do so here.

As a threshold matter, if the opposition to costs was a motion for extension of time, it was timely filed under Rule 4(a)(5)(A)(i), which requires that the motion be filed within thirty days after the time to file a notice of appeal expires. It was filed just over a month after the clerk entered judgment, or a few days after the time to notice an appeal expired. Yet the two-page opposition, a memorandum solely about costs, is appropriately styled as Hickey's response to Scott's amended bill of costs and not as a motion for extension of time. The only material relevant to any appeal is in a footnote, where Hickey's counsel explains that Hickey was

effect . . . treated the late-filed notice of appeal as'" a motion for extension of time. Brooks v. Britton, 669 F.2d 665, 667 (11th Cir. 1982) (citing Sanchez v. Board of Regents, 625 F.2d 521, 523 (5th Cir. 1980)). But after the amendments, eleven circuits came to the same conclusion: Rule 4(a)(5) requires an actual motion. This Court finds the holdings of eleven circuits and the committee notes, as well as the holding of another judge in this district, to be persuasive. Accordingly, the Court will not construe Hickey's notice of appeal as a motion for extension of time, under either Rule 4(a)(5)(A)(i) or (ii).

That leaves Hickey's opposition to Scott's bill of costs, Docket No. 188, filed on November 1, 2011. To begin with, nothing in the above analysis suggests that courts may now construe "informal applications" other than notices of appeal as motions for extension of time. See Sanders v. United States, 113 F.3d 184, 186 (11th Cir. 1997) ("a formal motion for extension of time . . . must be filed in the district court") (emphasis added); Campbell v. White, 721 F.2d 644, 646 (8th Cir. 1983) ("We are aware that before 1979 any kind of filing might be treated as a motion for extension . . . .") (emphasis added). But even assuming that courts may permissibly construe filings like the opposition to costs as a motion for extension of time, this Court declines to do so here.

As a threshold matter, if the opposition to costs was a motion for extension of time, it was timely filed under Rule 4(a)(5)(A)(i), which requires that the motion be filed within thirty days after the time to file a notice of appeal expires. It was filed just over a month after the clerk entered judgment, or a few days after the time to notice an appeal expired. Yet the two-page opposition, a memorandum solely about costs, is appropriately styled as Hickey's response to Scott's amended bill of costs and not as a motion for extension of time. The only material relevant to any appeal is in a footnote, where Hickey's counsel explains that Hickey was

effect . . . treated the late-filed notice of appeal as'" a motion for extension of time. Brooks v. Britton, 669 F.2d 665, 667 (11th Cir. 1982) (citing Sanchez v. Board of Regents, 625 F.2d 521, 523 (5th Cir. 1980)). But after the amendments, eleven circuits came to the same conclusion: Rule 4(a)(5) requires an actual motion. This Court finds the holdings of eleven circuits and the committee notes, as well as the holding of another judge in this district, to be persuasive. Accordingly, the Court will not construe Hickey's notice of appeal as a motion for extension of time, under either Rule 4(a)(5)(A)(i) or (ii).

That leaves Hickey's opposition to Scott's bill of costs, Docket No. 188, filed on November 1, 2011. To begin with, nothing in the above analysis suggests that courts may now construe "informal applications" other than notices of appeal as motions for extension of time. See Sanders v. United States, 113 F.3d 184, 186 (11th Cir. 1997) ("a formal motion for extension of time . . . must be filed in the district court") (emphasis added); Campbell v. White, 721 F.2d 644, 646 (8th Cir. 1983) ("We are aware that before 1979 any kind of filing might be treated as a motion for extension . . . .") (emphasis added). But even assuming that courts may permissibly construe filings like the opposition to costs as a motion for extension of time, this Court declines to do so here.

As a threshold matter, if the opposition to costs was a motion for extension of time, it was timely filed under Rule 4(a)(5)(A)(i), which requires that the motion be filed within thirty days after the time to file a notice of appeal expires. It was filed just over a month after the clerk entered judgment, or a few days after the time to notice an appeal expired. Yet the two-page opposition, a memorandum solely about costs, is appropriately styled as Hickey's response to Scott's amended bill of costs and not as a motion for extension of time. The only material relevant to any appeal is in a footnote, where Hickey's counsel explains that Hickey was

hospitalized following the car accident, and that Hickey informed his counsel that "he believe[d] no final order ha[d] been issued (or received by him) which would start the appeal process."[3] [ECF No. 188] 1 n.1. Hickey also informed his counsel that "if a final order is issued (or ha[d] been issued, unknown to him), he would seek an extension of any briefing schedule until at least March 1, 2012." Id. An indication to counsel, repeated to the Court, that Hickey "would seek an extension of any briefing schedule," conditioned on his awareness of a final order, is far too speculative to be construed as a motion for an extension of time. Id. Burying an indication of a conditional desire to file an extension motion in a footnote to an opposition filed on a costs issue does not meet Rule 4(a)(5)(A)(i)'s simple requirement of filing a motion for extension of time within a certain time period—particularly when district courts are not to extend the time to appeal based on informal applications.

The opposition to costs also fails to meet Rule 4(a)(5)(A)(ii)'s requirements. Under that provision, a party may move for an extension of time if that party shows excusable neglect or good cause, regardless of when the motion is filed. But again, Hickey filed no motion, only the opposition on the costs issue. Even construing the opposition as a motion—which the Court declines to do—the Court would also have to construe the footnote in the opposition as a showing of excusable neglect or good cause. This Court is not blind to the fact that the blown deadline to notice an appeal may have been attributable to Hickey's car accident and resulting hospitalization. Nevertheless, Hickey's counsel represented that Hickey advised her of his hospitalization two days before the deadline to file a notice of appeal expired. Even if scrambling to meet that deadline was not possible under the circumstances, Hickey's counsel would have been well within the deadline to file a motion for extension of time under Rule 4(a)(5)(A)(i). Put

---

[3] A footnote in Hickey's notice of appeal is consistent with the view that he was unaware of any final orders preceding the order of November 28, 2011, which addressed costs.

another way, Hickey's hospitalization did not prevent his counsel from filing the opposition to costs, so why should it excuse filing a motion for extension of time to appeal when counsel discussed the very issue with him? And had counsel missed the Rule 4(a)(5)(A)(i) deadline, it was still possible to file a motion under Rule 4(a)(5)(A)(ii) citing the car accident and hospitalization as excusable neglect or good cause. Neither Hickey nor his counsel ever filed any such motion. To recap: for the opposition to costs to satisfy Rule 4(a)(5)(A)(ii), this Court would have to construe it as a motion for extension of time that demonstrated excusable neglect or good cause. But the footnote itself shows that any neglect was not excusable; that any cause was not good. After all, it shows that Hickey communicated with counsel about the appeals deadline—specifically noting that if an order had been issued unknown to Hickey (yet knowable to counsel, as it had been docketed for more than a month) that he would seek to delay the briefing schedule on appeal. The opposition to costs thus does not explain the failure to file an extension motion. As a result, the Court will not construe the opposition to costs as a motion for extension of time to appeal the final judgment under Rule 4(a)(5)(A)(ii).

## II.      **Hickey did not file a Rule 4(a)(6) motion**

The next question is whether the notice of appeal or the opposition to costs should be construed as a motion under Rule 4(a)(6), under which a district court may briefly enlarge the time to notice an appeal. To begin with, the lack of a formal motion under Rule 4(a)(6) may be just as fatal as the absence of a formal motion under Rule 4(a)(5). See Poole v. Family Ct. of New Castle Cnty., 368 F.3d 263, 267-68 (3d Cir. 2004) (comparing Rules and holding that Rule 4(a)(6) also requires a motion). Nevertheless, the Court need not so hold to find that Hickey did not satisfy the terms of Rule 4(a)(6). A motion under that Rule must be filed within fourteen days after "the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry"

7

of the judgment or order sought to be appealed, but not later than 180 days after the judgment or order is entered. In addition, the Court must find "that the moving party did not receive notice under [Rule 77(d)] of the entry of the judgment or order sought to be appealed within 21 days after entry," and that no party would be prejudiced by an order granting the motion.

### A. Hickey received notice of the judgment within twenty-one days of its entry

The clerk entered the judgment on the jury's verdict on September 28, 2011. Under Federal Civil Rule 77(d), "the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear . . . [and] [t]he clerk must record the service on the docket." Rule 5(b), in relevant part, permits service by "sending it by electronic means if the person consented in writing—in which event service is complete upon transmission . . . ." Local Rule 5.4(d)(1), effective as of March 2010 and updated July 2011, provides that "[e]lectronic filing of any document operates to effect service of the document on counsel . . . who have obtained CM/ECF passwords," and Local Rule 5.4(b)(6) provides that "[a]n attorney or pro se party who obtains a CM/ECF password consents to electronic service of all documents, subsequent to the original complaint, that are filed by electronic means . . . ." Brief perusal of the docket reveals that both Hickey and his counsel were capable of filing documents and receiving notice via CM/ECF. The entry for Docket No. 185, the judgment on the jury verdict, states that "[n]otice has been electronically mailed to" Hickey at an e-mail address different from the one currently listed on the docket. But other items on the docket indicate that Hickey was indeed using the e-mail address to which the notice was sent at that time. For example, Docket No. 180, filed on Hickey's behalf just before the judgment, and Docket No. 192, filed by Hickey himself months after the judgment, both list the e-mail address to which the notice of the judgment was sent. Pro se parties who obtain a CM/ECF password "are responsible for monitoring their e-mail

accounts, and, upon receipt of notice of an electronic filing, for retrieving the noticed filing." Local Rule 5.4(b)(6). Under Federal Civil Rule 5(b)(2)(E), notice is deemed "complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served." In light of the CM/ECF receipt, Hickey's continued use of the CM/ECF system to file case documents, and his continued use of his e-mail address in case filings, Hickey's statements in his notice of appeal and relayed by counsel in the opposition to costs are insufficient to put the Court on notice under Civil Rule (5)(b) and Appellate Rule 4(a)(6)(A) that service did not reach him. Thus, the Court concludes that Hickey received timely notice of the judgment, complete on transmission, for the purposes of Rule 4(a)(6)(A).

### B. Hickey did not file a motion within fourteen days of receiving notice of the judgment

Hickey was hospitalized when the judgment was entered, and may be forgiven for not checking his email at that time. But even if he files a sworn affidavit that he did not check his email address within twenty-one days after its entry, and even if the Court accordingly finds under Rule 4(a)(6) that he did not timely receive notice, he cannot satisfy the second requirement of Rule 4(a)(6). To satisfy Rule 4(a)(6)(B), the Court must find that he filed a motion within fourteen days after he received notice, but not later than 180 days after the entry of judgment. Two filings on Hickey's behalf were made in the 180 days following entry of the judgment: the notice of appeal and the opposition to costs. The opposition to costs was filed on November 1, 2011, just over a month after the judgment was entered, and the notice of appeal was filed on December 28, 2011. [ECF Nos. 188, 190]. But the opposition to costs contains a statement from counsel that Hickey was unaware of any final appealable order, as well as a statement that Hickey communicated with counsel by telefax, not e-mail. [ECF No. 188] 1 n.1 ("[H]e believes no final order has been issued (or received by him) which would start the appeal process.").

Indeed, counsel indicated that Hickey "would" seek to extend the appeals briefing schedule if he became aware of such an order. Id. The Court concludes from this that Hickey still had not "received notice" of the judgment via e-mail at the time the opposition was filed. Hence, the opposition could not be construed as seeking to reopen the period to appeal from a judgment of which Hickey purports to have been unaware. But even if the opposition to costs could be construed as a motion to reopen the appeal period, based on Hickey's own statement it was not filed within fourteen days after Hickey received notice of the entry of the judgment.

Hickey's notice of appeal also contains a statement that he was unaware of any final appealable order. [ECF No. 190] 1 ("Hickey is unaware of any Final Order issued in the case which will start the running of the [appeals] period."). Hickey entered this notice on the docket himself, indicating his ability to access the proceedings in the case. Moreover, the notice of appeal necessarily indicates Hickey's awareness of a later-filed order in the case—the very order he was appealing, which denied his bill of costs and was filed two months after the judgment was entered. In these circumstances, the Court must conclude that, by this time, Hickey had received notice of the entry of judgment against him, despite his statement to the contrary. But his statement to the contrary also precludes this Court from construing his notice of appeal as a motion to reopen the time to appeal—proclaiming unawareness of any final order cannot be reconciled with moving to reopen the appeal period for that final order.

### C. Reopening the appeal period would prejudice Scott

Finally, even if (1) the opposition to costs or notice of appeal could constitute a formal motion under Rule 4(a)(6); (2) either filing could be fairly construed as a motion to reopen the time to appeal; (3) Hickey did not receive notice of the judgment within twenty-one days after it was entered; and (4) the construed motion was filed within fourteen days after Hickey received

notice of the judgment, the Court would not find that any filing satisfied Rule 4(a)(6). For along with the previously discussed requirements, the Court must also find that no party would be prejudiced by the reopening of the time to file an appeal. Fed. R. App. P. 4(a)(6)(C). Scott would be prejudiced if the Court were to now permit Hickey to file a new notice of appeal encompassing the entire case, rather than just the bills of costs. This action was filed in 2007 and was tried in 2011, but it stems from a dispute that began in 1998. The jury sagely resolved "this unseemly and protracted squabble," [ECF No. 189], by awarding both parties no monetary recovery. Hickey failed to appeal that resolution timely or properly. Although Hickey is proceeding pro se, he was represented by counsel when the judgment was entered, and he himself continued to maintain his law license for at least several months after the judgment was entered, as evidenced by the payment of his bar dues in December 2011. [ECF No. 192]. He should not now be permitted to rectify his mistake almost two years later. Scott would have been well within her rights to interpret the Federal Rules to conclude, following the absence of a notice of appeal relating to the judgment and, after 180 days, no filing styled as a motion to extend time or to reopen the appeal time, that Hickey was not appealing the judgment. To now reverse that settled expectation in this ancient case would unfairly prejudice Scott, and the Court declines to do so. Accordingly, the Court finds that Hickey did not file anything capable of construction as motion to reopen the appeal time under Rule 4(a)(6).

## **<u>CONCLUSION</u>**

For all these reasons, the Court finds that Hickey did not file anything that should be treated as a motion for an extension of time to appeal under Rule 4(a)(5) or as a motion to reopen the appeal period under Rule 4(a)(6) for the orders entered in this case prior to November 28,

2011. Hence, it is unnecessary to determine whether any such motion should be granted. It is hereby

**ORDERED** that the Clerk of the Court shall promptly transmit a copy of this Memorandum Opinion and Order to the D.C. Circuit.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: October 29, 2013